UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MW GESTION, Individually and on Behalf of
All Others Similarly Situated,

                              Plaintiff,

                                                                              24-cv-3071 (PKC)

            -against-                                                ORDER


GLOBAL CORD BLOOD CORPORATION,
TING ZHENG, BING CHUEN (ALBERT)
CHEN, YUEN KAM, MARK DA-JIAN CHEN,
JENNIFER J. WENG, DR. KEN LU, JACK
CHOW, JACKY CHENG, GOLDEN
MEDITECH HOLDINGS LIMITED, GOLDEN
MEDITCH STEM CELLS (BVI) COMPANY
LIMITED, GM PRECISION MEDICINE (BVI)
LIMITED, GOLDEN MEDITECH PRECISION
MEDICINE LIMITED, GOLDEN MEDITCH
(BVI) COMPANY LIMITED and KPMG
HUAZHEN LLP,

                              Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        This putative class action brings claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder on behalf of persons and entities who purchased or otherwise acquired shares of defendant Global Cord Blood Corporation ("Global Cord") between June 4, 2019 and May 3, 2022. (Compl't ¶ 1.) Broadly summarized, the Complaint asserts that defendants engaged in a series of transactions that diluted existing shares of Global Cord and attempted to conceal deficiencies in the company's

balance sheet. The price of Global Cord shares allegedly went into steep decline before the company was ultimately delisted from the NYSE at the direction of the SEC.

Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B) (the "PSLRA"), three separate motions have been filed for appointment as lead counsel by: Alessandro Somansino, represented by Glancy Prongay & Murray LLP ("Glancy Prongay") (ECF 43); Kevin Lu, represented by the Rosen Law Firm (ECF 46); and MW Gestion and Mark Lewko, represented by Pomerantz LLP (ECF 49). Subsequent to the filing of these motions, movants Lu, MW Gestion and Lewko have filed notices of non-opposition to the appointment of Somansino, acknowledging that they do not have the "largest financial interest" in this proceeding. (ECF 53, 54.) Accordingly, the Court will grant the motion of Alessandro Somansino to act as lead plaintiff and Glancy, Prongay to act as lead counsel.

The PSLRA sets forth criteria for the appointment of a lead plaintiff. 15 U.S.C. § 78u-4(a)(3). It provides that the district court "shall" appoint a lead plaintiff that it "determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). "Two objective factors inform the district court's appointment decision: the plaintiffs' respective financial stakes in the relief sought by the class, and their ability to satisfy the requirements of Rule 23." Hevesi v. Citigroup Inc., 366 F.3d 70, 81 (2d Cir. 2004) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). Financial loss is the most important factor in weighing a plaintiff's overall "financial stakes." See Varghese v. China Shenghuo Pharmaceutical Holdings, Inc., 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008) (Marrero, J.).

A court also must consider the rebuttal evidence, if any, submitted by a member of the purported class that the presumptive lead plaintiff will not fairly and adequately protect the class's interests, or that the plaintiff is subject to unique defenses that render it incapable of

adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No rebuttal submissions have been filed in response to the motions.

Alessandro Somansino asserts that he purchased 69,119 shares during the relevant period at artificially inflated prices and suffered financial losses totaling $136,792.58.  (Linkh Dec. Ex. C.)  MW Gestion and Mark Lewko move for appointment as co-lead plaintiffs.  MW Gestion and Lewko assert that they collectively purchased 457,056 shares of common stock during the relevant period, as well as 340 Global Cord options contracts.  (ECF 51 at 11; Lieberman Dec. Ex. B.)  MW Gestion and Lewko state that they incurred "approximately $123,400" of combined losses in their Global Cord holdings.  (ECF 51 at 11.)  Kevin Lu asserts that he purchased 61,130 shares during the relevant period at artificially inflated prices and suffered financial losses totaling $65,113.92.  (ECF 48-3.)

The Court will grant the motion of Alessandro Somansino to act as lead plaintiff.  Somansino has suffered the largest financial loss as a result of defendants' alleged misconduct and has the largest financial stakes in the outcome of this litigation.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); Hevesi, 366 F.3d at 81.  Somansino has an accounting degree, works for a bank in Italy and has more than 25 years of investing experience.  (See ECF 44 at 8.)  It appears that Somansino's claims are typical of the class and that he can adequately represent the class.  See Rule 23(a), Fed. R. Civ. P.  Somansino's financial loss is greater than that of Kevin Luo and the combined total losses of proposed co-lead plaintiffs MW Gestion and Lewko.  The Court also notes that as to the motion of MW Gestion and Lewko, courts in this District disfavor the appointment of otherwise-unrelated investors who aggregate their claims to claim status as having the largest loss.  See Varghese, 589 F. Supp. 2d at 391-93.  As noted, even with aggregation, MW Gestion and Lewko's losses do not exceed those of Somansino.

- 4 -

The Court is satisfied that Glancy Prongay is capable of acting as lead counsel. See 15 U.S.C. § 78u-4(a)(3)(B)(v). The firm has extensive experience in litigating claims of securities fraud and has acted as lead counsel in numerous securities-fraud class actions. (See Linkh Dec. Ex. D.) The motion to appoint Glancy Prongay as lead counsel will be granted.

CONCLUSION.

The motion to appoint Alessandro Somansino as lead plaintiff and the law firm Glancy, Prongay & Murray LLP as lead counsel is GRANTED. The motion of Kevin Lu and the joint motion of MW Gestion and Mark Lewko are DENIED. The Clerk is respectfully directed to terminate the motions. (ECF 43, 46, 49.)

The Clerk is directed to amend the caption of this case to "In re: Global Cord Blood Corporation Securities Litigation."

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 9, 2024