**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: GLOBAL CORD BLOOD CORPORATION SECURITIES LITIGATION | Case No. 1:24-cv-03071-PKC<br><br>Hon. P. Kevin Castel |

**DECLARATION OF GARTH SPENCER IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE**

I, Garth Spencer, hereby declare as follows:

1.     I am an attorney admitted to practice before this Court. I am a partner of Glancy Prongay & Murray LLP ("GPM"), counsel for lead plaintiff Alessandro Somansino and named plaintiff Mark Lewko ("Plaintiffs"). I have personal knowledge of the facts set forth herein and if called upon to testify, I could and would do so truthfully and accurately. I make this declaration, together with the attached exhibits, in support of Plaintiffs' Motion for Alternative Service.

2.     At my direction, a research analyst employed by GPM searched for addresses in the United States where defendants Golden Meditech Holdings Limited ("Golden Meditech"), Yuen Kam, Ting (a/k/a Tina) Zheng, Bing Chuen (a/k/a Albert) Chen, and/or Mark Da-Jian Chen (the "Alternative Service Defendants") could be served. The research analyst was unable to locate any potential U.S. service address for the Alternative Service Defendants. His research included searches and review of SEC filings, LexisNexis SmartLinx Person Reports, and LexisNexis Company Search. My own research has likewise produced no potential U.S. addresses where the Alternative Service Defendants can be served other than the New York address where Defendants Weng and Mark Chen were previously served (*see* ECF Nos. 35, 36). My research has included, among other things, searches and review of SEC filings, Golden Meditech's public reports and archived webpages, and documents filed in *MW Gestion v. Golden Meditech Holdings Limited*, Index No. 653598/2023, Supreme Court, New York County (the "Derivative Action").

1

3.      Defendant Yuen Kam has not been served. I asked an attorney representing Kam in the Derivative Action (Michael D. Birnbaum of Morrison & Foerster LLP) if Kam would accept service through counsel, and was told he would not. I then asked Kam's attorney for an address where Kam could be served, and no address was initially provided. After Plaintiffs filed their Pre-Motion Letter re Motion for Alternative Service of Process (ECF No. 78), Mr. Birnbaum provided a service address for Kam in Beijing.

4.      Defendants Ting (Tina) Zheng and Bing Chuen (Albert) Chen have not been served. I asked the attorneys representing Zheng and Bing Chuen Chen in the Derivative Action (Jacob Miller and Nicholas C.E. Walter of Jones Day) if Zheng and Chen would accept service through counsel, and was told they would not. I then asked Zheng's and Chen's attorneys for addresses where they could be served. Mr. Walter provided an address for Zheng in Beijing and initially did not provide an address for Bing Chuen Chen. After Plaintiffs filed their Pre-Motion Letter re Motion for Alternative Service of Process (ECF No. 78), Mr. Walter provided a service address for Bing Chuen Chen in Shenzhen, China.

5.      Defendant Mark Chen has been served via his spouse Defendant Weng, but has not otherwise been served. *See* ECF No. 35. I asked the attorneys representing Mark Chen in the Derivative Action (David Hille and Robert E. Tiedemann III of White & Case LLP) if he would accept service through them, and was told he would not.[1] I then asked Mark Chen's attorneys for an address where he could be served, and Mr. Tiedemann provided an address in Xiamen, China.

---

[1] This inquiry was made without prejudice to Plaintiffs' position that service on Mark Chen via Defendant Weng was effective. Likewise, Plaintiffs' motion for alternative service on Mark Chen is made without prejudice to their position that service on him was already effective.

6.      Defendant Golden Meditech has not been served. I asked the attorneys representing Golden Meditech in the Derivative Action (Daniel J. Saval, Jay Y. Mandel, and Robin J. Baik of Kobre & Kim LLP) if it would accept service through them, and was told it would not.

7.      I obtained time and cost estimates for service abroad using procedures under the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention") for defendants in Mainland China, Hong Kong,[2] and the Cayman Islands, from two firms specializing in international service: Shreefer Law Firm, LLC ("Shreefer") (which worked with counsel for plaintiffs in the Derivative Action to attempt to serve foreign defendants in that case), and Civil Action Group dba APS International ("APS").

8.      I understand from Shreefer and APS that a service attempt in Mainland China through China's Hague Service Convention central authority would take approximately 5-12 months to complete. I understand from Shreefer and APS that Chinese authorities refuse to serve documents that they believe imply, through the manner of their geographic references, that Hong Kong is not a part of the People's Republic of China. I also understand from Shreefer and APS that documents to be served in Mainland China must be translated into Chinese. I obtained estimates of approximately $2,300 to $5,700 for translation of the Amended Complaint into Chinese. I obtained estimates from Shreefer and APS of $570-$800 for service on one defendant in Mainland China, with service on each additional defendant ranging from $450 to $500.

9.      I understand from Shreefer and APS that a service attempt in the Cayman Islands through its Hague Service Convention central authority would take approximately 3-6 months to

---

[2] Because all of the Alternative Service Defendants previously believed to reside in Hong Kong have since provided service addresses in Mainland China, Hague Service Convention procedures in Hong Kong are not discussed in this declaration or the accompanying memorandum of law.

complete. I obtained estimates from Shreefer and APS of $450-$850 for service on one defendant in the Cayman Islands. I also understand from Shreefer and APS that service in the Cayman Islands under the Hague Service Convention can be expedited for completion in approximately two to nine weeks, at a cost of $1,350-1,950 for one defendant.

10.    According to their law firm website biographies, Timothy Blakely of Morrison & Foerster LLP is based in Hong Kong, Robin Baik of Kobre & Kim LLP is based in South Korea, and all other counsel representing the Alternative Service Defendants in the Derivative Action are based in New York.

11.    On September 5, 2024 and September 10, 2024, oral argument was held on motions to dismiss brought by various defendants (including Mark Chen and Golden Meditech) in the Derivative Action. As of the time of the instant filing, no decision has been issued on the Derivative Action defendants' motions to dismiss.

12.    Attached hereto as exhibit **PX A** is a true and correct copy of the Stockholder Derivative Complaint filed in the Derivative Action at NYSCEF Doc. No. 2.

13.    Attached hereto as exhibit **PX B** is a true and correct copy of the Case Detail page for the Derivative Action on the website of the New York State Courts Electronic Filing system, listing parties and their counsel.

14.    Attached hereto as exhibit **PX C** is a true and correct copy of the Affirmation Of Mark Chen In Support Of Motion To Dismiss The Derivative Complaint, filed in the Derivative Action at NYSCEF Doc. No. 50.

15.    Attached hereto as exhibit **PX D** is a true and correct copy of a Search Report concerning Golden Meditech Holdings Limited obtained from the website of the Cayman Islands General Registry (available at https://www.ciregistry.ky/online-tools/).

16.     Attached hereto as exhibit **PX E** is a true and correct copy of excerpts of the Annual Report for 2019/20 of Goden Meditech Holdings Limited.

17.     Attached hereto as exhibit **PX F** is a true and correct copy of the Reply Memorandum Of Law In Support Of The Golden Meditech Defendants' Motion To Dismiss The Complaint, filed in the Derivative Action at NYSCEF Doc. No. 288.

18.     Attached hereto as exhibit **PX G** is a true and correct copy of the Stipulation To Extend Defendants' Time To Answer Or Make A Motion Concerning Plaintiffs' Complaint, among parties including Yuen Kam, filed in the Derivative Action at NYSCEF Doc. No. 319.

19.     Attached hereto as exhibit **PX H** is a true and correct copy of the Affirmation Of Karina Shreefer In Support Of Plaintiffs' Renewed Motion For Alternative Service, filed in the Derivative Action at NYSCEF Doc. No. 298.

20.     Attached hereto as exhibit **PX I** is a true and correct copy of the Stipulation To Extend Defendants' Time To Answer Or Make A Motion Concerning Plaintiffs' Complaint, among parties including Ting (Tina) Zheng and Albert Chen, filed in the Derivative Action at NYSCEF Doc. No. 321.

21.     Attached hereto as exhibit **PX J** is a true and correct copy of the Ex Parte Order Authorizing Alternative Service Pursuant To CPLR 308(5) filed in the Derivative Action at NYSCEF Doc. No. 308.

22.     Attached hereto as exhibit **PX K** is a true and correct copy of the webpage from the Hague Conference on Private International Law ("HCCH") website, concerning the Hague Service Convention, titled "China - Central Authority & practical information" (https://www.hcch.net/en/states/authorities/details3/?aid=243).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed on October 3, 2024, at Wilmington, North Carolina.

*/s/ Garth Spencer*
Garth Spencer

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 3, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

On October 3, 2024, I also served true and correct copies of the foregoing document by email to:

| | |
|---|---|
| KOBRE & KIM LLP<br>Daniel J. Saval<br>daniel.saval@kobrekim.com<br>Jay Y. Mandel<br>jay.mandel@kobrekim.com<br><br>*Counsel for Golden Meditech Holdings Limited in the Derivative Action* | JONES DAY<br>Nicholas C.E. Walter<br>ncewalter@jonesday.com<br>Jacob Miller<br>jakemiller@jonesday.com<br><br>*Counsel for Ting (Tina) Zheng and Bing Chuen (Albert) Chen in the Derivative Action* |
| MORRISON & FOERSTER LLP<br>Michael D. Birnbaum<br>mbirnbaum@mofo.com<br><br>*Counsel for Yuen Kam in the Derivative Action* | WHITE & CASE LLP<br>David Hille<br>dhille@whitecase.com<br>Robert E. Tiedemann III<br>rtiedemann@whitecase.com<br><br>*Counsel for Mark Da-Jian Chen in the Derivative Action* |

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 3, 2024, at Wilmington, North Carolina.

*/s/ Garth Spencer*
Garth Spencer