# PX F

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM     INDEX NO. 653598/2023
NYSCEF DOC. NO. 288     RECEIVED NYSCEF: 02/23/2024

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

MW GESTION and MW OPTIMUM, derivatively on behalf of nominal defendant GLOBAL CORD BLOOD CORPORATION,

*Plaintiffs*,

-against-

GOLDEN MEDITECH HOLDINGS LIMITED, TING (TINA) ZHENG, ALBERT CHEN, YUEN KAM, MARK DA-JIAN CHEN, JENNIFER J. WENG, KEN LU, JACK CHOW, JACKY CHENG, CELLENKOS INC., GOLDEN MEDITECH STEM CELLS (BVI) COMPANY LIMITED, GM PRECISION MEDICINE (BVI) LIMITED, GOLDEN MEDITECH (BVI) COMPANY LIMITED, EASTON CAPITAL CORP., and REDWOOD VALUATION PARTNERS,

*Defendants.*

Index No. 653598/2023

Hon. Andrea Masley, J.S.C.
Part 48

Motion Sequence No. 006

---

## REPLY MEMORANDUM OF LAW IN SUPPORT OF THE GOLDEN MEDITECH DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### KOBRE & KIM LLP

Robin J. Baik
Daniel J. Saval
Jay Y. Mandel
800 Third Avenue
New York, New York 10022
Telephone: +1-212-488-1200
Fax: +1-212-488-1220

*Attorneys for Defendants*
*Golden Meditech Holdings Limited,*
*Golden Meditech Stem Cells (BVI) Company Limited,*
*GM Precision Medicine (BVI) Limited, and*
*Golden Meditech (BVI) Company Limited*

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM
INDEX NO. 653598/2023
NYSCEF DOC. NO. 288
RECEIVED NYSCEF: 02/23/2024

**TABLE OF CONTENTS**

**INTRODUCTION**.................................................................................................................1

**ARGUMENT**.......................................................................................................................2

    I.    PLAINTIFFS LACK STANDING TO BRING THIS DERIVATIVE ACTION .............. 2

    II.   PLAINTIFFS HAVE FAILED TO DEMONSTRATE THAT THE COURT HAS PERSONAL JURISDICTION OVER THE GOLDEN MEDITECH DEFENDANTS ............................................................................................................... 3

        A.   Plaintiffs Concede that the Golden Meditech Defendants Did Not Engage in Any Purposeful Activities in New York ................................................................... 3

        B.   Plaintiffs Fail to Establish Personal Jurisdiction over the Golden Meditech Defendants under the Agency Theory ................................................................... 4

        C.   Plaintiffs' Attempt To Re-Characterize The Cellenkos Transaction As Part Of A Larger Scheme To Expand Personal Jurisdiction Over The Golden Meditech Defendants Is Legally Insufficient ................................................................... 7

    III.  PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST ANY OF THE GOLDEN MEDITECH DEFENDANTS ........................................................................... 9

        A.   Plaintiffs' Cayman-Law Claims Fail to Plead with Particularity the "Substance" of Cayman Law Required under CPLR 3016(e) .................................................... 9

        B.   Plaintiffs' Reliance on Defendants Kam and Chen's Purported Control Over the Golden Meditech Defendants Cannot Support Aiding and Abetting and Dishonest Assistance Claims..................................................................................... 9

        C.   Plaintiffs Cannot Conflate the Golden Meditech Defendants with Other Entities Allegedly Under Defendant Kam's Control to Support an Unjust Enrichment Claim Against the Golden Meditech Defendants ....................................................... 11

        D.   Plaintiffs Fail to Establish that the Golden Meditech Defendants Knew About the Receipt of Any Funds Allegedly Misappropriated from the Company ........................ 13

**CONCLUSION** ...................................................................................................................13

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM
NYSCEF DOC. NO. 288

INDEX NO. 653598/2023

RECEIVED NYSCEF: 02/23/2024

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Access Advantage Master, Ltd. v. Alpha Prime Fund Ltd.*,
   2020 WL 1852641 (Sup. Ct. N.Y. Cnty. Apr. 9, 2020) ............................................................ 8

*Am. Int'l Grp., Inc v. Greenberg*,
   23 Misc. 3d 278 (Sup. Ct. N.Y. Cnty. 2008) .......................................................................... 9

*Anonymous v. Gleason*,
   175 A.D.3d 614 (2d Dep't 2019) ............................................................................................. 8

*Aquiline Cap. Partners LLC v. FinArch LLC*,
   861 F. Supp. 2d 378 (S.D.N.Y. 2012) ................................................................................. 3, 4

*Barbarotto Int'l Sales Corp. v. Tullar*,
   188 A.D.2d 503 (2d Dep't 1992) ............................................................................................. 4

*Coast to Coast Energy, Inc. v. Gasarch*,
   149 A.D.3d 485 (1st Dep't 2017) ..................................................................................... 4, 6, 7

*Consumer Fin. Prot. Bureau v. NDG Fin. Corp.*,
   No. 15-CV-5211-CM, 2016 WL 7188792 (S.D.N.Y. Dec. 2, 2016) ........................................ 6

*Dagen v. CFC Grp. Holdings, Ltd.*,
   No. 00-CV-5682-DAB-THK, 2003 WL 194208 (S.D.N.Y. Jan. 28, 2003) ............................ 12

*Delagi v. Volkswagenwerk AG of Wolfsburg, Ger.*,
   29 N.Y.2d 426 (1972) ............................................................................................................ 12

*GS Plasticos Limitada v. Bureau Veritas*,
   80 A.D.3d 511 (1st Dep't 2011) ............................................................................................ 12

*Int'l Customs Assocs., Inc. v. Ford Motor Co.*,
   893 F. Supp. 1251 (S.D.N.Y. 1995) ........................................................................................ 5

*Kaufman v. Cohen*,
   307 A.D.2d 113 (1st Dep't 2003) .......................................................................................... 10

*Kreutter v. McFadden Oil Corp.*,
   71 N.Y.2d 460 (1988) .......................................................................................................... 5, 6

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
   No. 12-CV-3723-RJS, 2016 WL 5719749 (S.D.N.Y. Sept. 29, 2016) ................................ 9, 11

iii

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM   INDEX NO. 653598/2023
NYSCEF DOC. NO. 288                                RECEIVED NYSCEF: 02/23/2024

*Matter of Renren Inc. Derivative Litig. v. XXX*,
  2020 WL 2564684 (Sup. Ct. N.Y. Cnty. May 20, 2020) .................................................... 5, 6, 8

*Matter of Renren, Inc. Derivative Litig. v. XXX*,
  74 Misc. 3d 1123 (Sup. Ct. N.Y. Cnty. 2022) ............................................................ 3

*Obeid v. La Mack*,
  No. 14-CV-6498-LTS-HBP, 2019 WL 1227789 (S.D.N.Y. Mar. 15, 2019) ............................. 9

*Sands Bros. Venture Cap. II, LLC v. Metro. Paper Recycling, Inc.*,
  201 A.D.3d 421 (1st Dep't 2022) ............................................................................ 9

*Troia v. City of N.Y.*,
  162 A.D.3d 1089 (2d Dep't 2018) ........................................................................... 8

*UniCredito Italiano SPA v. JPMorgan Chase Bank*,
  288 F. Supp. 2d 485 (S.D.N.Y. 2003) ..................................................................... 10

*Yuko Ito v. Suzuki*,
  57 A.D.3d 205 (1st Dep't 2008) .............................................................................. 9

**Rules**

BCL 626 ............................................................................................................... 3

CPLR 302 ..................................................................................................... 3, 5, 7, 8

CPLR 3016 ............................................................................................................ 9

iv

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM    INDEX NO. 653598/2023

NYSCEF DOC. NO. 288    RECEIVED NYSCEF: 02/23/2024

Defendants Golden Meditech Holdings Limited ("GM Holdings"), Golden Meditech Stem Cells (BVI) Company Limited ("GM Stem Cells"), GM Precision Medicine (BVI) Limited ("GM Precision"), and Golden Meditech (BVI) Company Limited ("GMCL") (jointly, the "Golden Meditech Defendants") respectfully submit this reply memorandum of law in support of their Motion to Dismiss the Complaint filed by MW Gestion and MW Optimum (collectively, "Plaintiffs"). NYSCEF No. 132.

## INTRODUCTION

Plaintiffs attempt to reinvent their Complaint and the applicable law in response to the Golden Meditech Defendants' Motion to Dismiss. Rather than squarely addressing the arguments, Plaintiffs seek to create new principles of Cayman law, conjure up a new factual theory of unspecified wrongdoing that preceded the Cellenkos Transaction, and try to twist New York law to establish personal jurisdiction over the Golden Meditech Defendants. Along the way, Plaintiffs further highlight the deficiencies in their Complaint: (i) they are not registered shareholders of Global Cord Blood Corporation (the "Company"), which they purportedly are suing on behalf of; (ii) none of the Golden Meditech Defendants engaged in any purposeful contacts with New York; and (iii) the Cellenkos Transaction never consummated.

Plaintiffs' Complaint should be dismissed for several reasons. First, Plaintiffs lack standing under Cayman law to pursue their derivative claims. Second, with respect to the issue of personal jurisdiction, Plaintiffs concede that the Golden Meditech Defendants had no purposeful contacts with New York. Plaintiffs' attempt to establish jurisdiction over the Golden Meditech Defendants based on the control that certain other Defendants allegedly exerted over them rests on legally insufficient allegations and a fundamental misapplication of New York law. Finally, each of

1

Plaintiffs' substantive legal claims rests on conclusory allegations, and they therefore fail to state any claim upon which relief could be granted.

## ARGUMENT

### I.    PLAINTIFFS LACK STANDING TO BRING THIS DERIVATIVE ACTION

The Golden Meditech Defendants join in and adopt the arguments set forth by Defendants Mark Da-Jian Chen and Jennifer J. Weng (the "Director Defendants") in their Reply in Support of Motion to Dismiss. NYSCEF No. 285. Specifically:[1]

- The share issuance upon which Plaintiffs base their *ultra vires* argument does not provide standing for Plaintiffs to bring this derivative action;

- Plaintiffs' purported "Redress Principle" is not a recognized exception to the *Foss* rule and does not grant Plaintiffs derivative standing;

- Plaintiffs lack standing because they are not registered shareholders of the Company; and

- Plaintiffs' New York action violates the statutory stay under Cayman law.

Even if the Court were to assume that the Cellenkos Transaction was *ultra vires*, or that it should apply the purported "Redress Principle" over the black letter law in Cayman, Plaintiffs still fail to establish that *they* are the proper parties to bring this derivative action. Plaintiffs fail the dual ownership test under *Renren 1*, i.e. the registered ownership of shares at both (i) the time of

---

[1] Whether a party can bring claims on behalf of a company undergoing a Cayman winding-up proceeding is an issue of Cayman law, and Plaintiffs should not burden this Court with the application of Cayman law rules. The Cayman court has already vested the Joint Provisional Liquidators (the "JPLs") (*not* Plaintiffs) with the power to bring claims on behalf of the Company in the appropriate forum, which power the JPLs have exercised in a number of jurisdictions, including Cayman and Hong Kong, to obtain legal relief from those courts. Plaintiffs fail to explain why they did not approach the JPLs to explore potential action in Cayman, where the liquidation proceeding is already under way. *See* Second Affirmation of Tom Smith KC (NYSCEF No. 230, cited as "Smith Reply Affirmation") ¶ 55.

2

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM
INDEX NO. 653598/2023
NYSCEF DOC. NO. 288
RECEIVED NYSCEF: 02/23/2024

the injury and (ii) the commencement of litigation. *Matter of Renren, Inc. Derivative Litig. v. XXX ("Renren 1")*, 74 Misc. 3d 1123, 1125-26 (Sup. Ct. N.Y. Cnty. 2022).

In their opposition to the Motions to Dismiss ("Opposition"), Plaintiffs seek to muddle the issues by repeatedly arguing they are "beneficial owners" of some unidentified number of shares and securities in the Company (or are otherwise "authorized" to bring this Action). NYSCEF No. 210 at 32-35. As to Plaintiff MW Gestion, the Complaint does not allege that it **ever** owned Company shares. NYSCEF No. 2 ¶ 17. As to Plaintiff MW Optimum, an investment fund based in Luxembourg, Plaintiffs concede that it is not, and has never been, a registered shareholder of the Company. *Id.* ¶ 18. To cover this critical deficiency in establishing the standing, Plaintiffs instead make novel policy arguments that have never been adopted by Cayman courts. *See* Smith Reply Affirmation ¶ 17. This is exactly the situation the *Renren 1* court has warned against when applying BCL 626 and Cayman law, noting that the dual ownership requirement must be "rigorously enforced" because it "seeks to foster public policy by inhibiting speculation in litigation." *Renren 1*, 74 Misc. 3d at 1126 (internal quotation marks and citation omitted). The Complaint should therefore be dismissed in its entirety.

II.      **PLAINTIFFS HAVE FAILED TO DEMONSTRATE THAT THE COURT HAS PERSONAL JURISDICTION OVER THE GOLDEN MEDITECH DEFENDANTS**

A.      **Plaintiffs Concede that the Golden Meditech Defendants Did Not Engage in Any Purposeful Activities in New York**

Under CPLR 302(a)(1), a court may exercise personal jurisdiction over a non-domiciliary who "in person or through an agent" transacted business within the state. A plaintiff bears the burden of proving that the defendant engaged in sufficient contacts with New York to establish the personal jurisdiction of the court. *Aquiline Cap. Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378, 385 (S.D.N.Y. 2012). A plaintiff must satisfy its burden "with respect to each defendant

3

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM
NYSCEF DOC. NO. 288

INDEX NO. 653598/2023
RECEIVED NYSCEF: 02/23/2024

separately" by establishing each defendant's "direct and personal involvement … on his own initiative" with the forum, and not over multiple defendants as a group. *Id*. at 385-86 (internal quotation marks and citation omitted).

The Complaint fails to allege that each of the Golden Meditech Defendants, foreign corporations incorporated under the laws of the Cayman and British Virgin Islands, had any purposeful, direct contacts with New York. NYSCEF No. 2. Plaintiffs do not even try to address this issue in their Opposition, and therefore fail to meet the legal standard under New York law.[2]

### B. Plaintiffs Fail to Establish Personal Jurisdiction over the Golden Meditech Defendants under the Agency Theory

Unable to establish that each of the Golden Meditech Defendants engaged in any direct, purposeful acts in New York, Plaintiffs try to establish personal jurisdiction over them by arguing that the Court should impute Defendants Kam and Albert Chen's actions and knowledge to the Golden Meditech Defendants. NYSCEF No. 210 at 46-47. This argument also fails under New York law.

To establish that a defendant acted through an agent, a plaintiff must "convince the court that … **[the defendant] engaged in purposeful activities in this State in relation to [the] transaction for the benefit of and with the knowledge and consent of [the defendant] and that [the defendant] exercised some control over [the New York actors]**." *Coast to Coast Energy, Inc. v. Gasarch*, 149 A.D.3d 485, 486-87 (1st Dep't 2017) (emphasis added) (quoting *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 467 (1988)); *see also Barbarotto Int'l Sales Corp. v. Tullar*,

---

[2] Plaintiffs do not dispute the position raised by the Golden Meditech Defendants in their motion to dismiss, and simply fail to engage in a defendant-by-defendant allegation of facts sufficient to support a showing that each of the Golden Meditech Defendants should be subject to this Court's jurisdiction. NYSCEF No. 132, at 9-13.

4

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM    INDEX NO. 653598/2023
NYSCEF DOC. NO. 288                                          RECEIVED NYSCEF: 02/23/2024

188 A.D.2d 503, 504 (2d Dep't 1992) ("The critical factor is the degree of control the defendant principal exercises over the agent.").

Plaintiffs fail to identify a single individual or entity that the Golden Meditech Defendants exercised control over in New York in connection with the Cellenkos Transaction or otherwise. Plaintiffs do not allege the Golden Meditech Defendants exercised any control over Defendants Kam and Albert Chen. They argue just the opposite: Defendants Kam and Chen control the Golden Meditech Defendants, according to Plaintiffs. Further confusing the applicable law, Plaintiffs argue that the Golden Meditech Defendants "exercised some control over **the Cellenkos Transaction**, at the direction of Defendant[s] Kam and Chen." NYSCEF No. 210 at 47 (emphasis added). This argument does not meet the standard under the New York long-arm statute and is irrelevant in determining the Court's personal jurisdiction over the Golden Meditech Defendants.

Likewise, Plaintiffs fail to explain how Defendants Kam and Chen's actions (*i.e.* the purported principal actors) should be imputed to the Golden Meditech Defendants (*i.e.* the entities allegedly under the principals' control) to establish personal jurisdiction over the latter. As recognized in *Kreutter* and *Aquiline Cap. Partners*, both cases upon which Plaintiffs rely, "[t]o satisfy the element of control, the plaintiff must allege in sufficient detail that **the defendant was a primary actor** in the subject transaction." *Matter of Renren Inc. Derivative Litig. v. XXX ("Renren 2")*, 2020 WL 2564684, at *16 (Sup. Ct. N.Y. Cnty. May 20, 2020) (emphasis added) (citing *Coast to Coast Energy*, 149 A.D.3d at 487), *aff'd sub nom. Matter of Renren, Inc. v. Chen*, 192 A.D.3d 539 (1st Dep't 2021); *see also Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 470 (1988). While CPLR 302(a) provides that the acts of an agent may subject a foreign principal to personal jurisdiction, it does not provide for the "reverse." *Int'l Customs Assocs., Inc. v. Ford Motor Co.*, 893 F. Supp. 1251, 1262 (S.D.N.Y. 1995), *aff'd*, 1999 WL 1314724 (2d Cir. Dec. 29,

5

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM    INDEX NO. 653598/2023

NYSCEF DOC. NO. 288                                                      RECEIVED NYSCEF: 02/23/2024

1999).[3] Plaintiffs do not allege any facts to show that any of the Golden Meditech Defendants was a primary actor in the Cellenkos Transaction, therefore, Plaintiffs' attempt to use the actions of Defendants Kam and Chen to establish personal jurisdiction over the Golden Meditech Defendants must fail.

Even assuming Plaintiffs sufficiently alleged that the Golden Meditech Defendants had some control over Defendants Kam or Chen (they did not), such control, standing alone, cannot satisfy the applicable legal standard. In *Coast to Coast Energy*, the court found that defendant's "status as a principal of [the New York actor] does not in and of itself confer jurisdiction. Plaintiffs failed to allege facts demonstrating that [the defendant] controlled [the New York Actors'] activities sufficient to support New York jurisdiction, and plaintiff's vague, conclusory and unsubstantiated allegations do not suffice to establish long arm jurisdiction." *Coast to Coast Energy*, 149 A.D.3d at 487. Here, Plaintiffs do not allege any specific acts undertaken in or directed to New York by Defendants Kam and Chen to establish that they transacted in business in New York, nor that they acted on behalf of the Golden Meditech Defendants in any way.[4]

Plaintiffs also fail to allege that *any party* undertook actions in New York to structure or attempt to implement the Cellenkos Transaction "for the benefit of" and "with the knowledge and consent of" the Golden Meditech Defendants. Under the New York long-arm statute, a plaintiff

---

[3] The cases Plaintiffs cite in their Opposition do not suggest otherwise. *See Kreutter*, 71 N.Y.2d at 466-67 (non-domiciliary defendants found to have exercised some control over the alleged agent in the matter); *Renren 2*, 2020 WL 2564684, at *10-12 (non-domiciliary defendants found to have exercised some control over a corporate agent who engaged in New York contacts); *Consumer Fin. Prot. Bureau v. NDG Fin. Corp.*, No. 15-CV-5211-CM, 2016 WL 7188792, at *8-9 (S.D.N.Y. Dec. 2, 2016) (non-domiciliary defendants found to have had knowledge and consented to the activities of the alleged New York-based actors).

[4] Defendants Kam and Albert Chen have not appeared in this action, nor have Plaintiffs filed proof of service on them. As such, even if their alleged control over the Golden Meditech Defendants had any jurisdictional significance (it does not), Plaintiffs have not established that they should be subject to this Court's jurisdiction.

6

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM   INDEX NO. 653598/2023
NYSCEF DOC. NO. 288                                          RECEIVED NYSCEF: 02/23/2024

must show that "[**the New York actors**] engaged in purposeful activities in this State in relation to [the] transaction **for the benefit of and with the knowledge and consent of [the defendant]**."

*Coast to Coast Energy*, 149 A.D.3d at 486-87 (emphasis added) (quoting *Kreutter*, 71 N.Y.2d at 467). Plaintiffs' conclusory allegation that the Golden Meditech Defendants, lumped together as a group, had "some control over" the Cellenkos Transaction cannot meet this standard. *Id*. at 488 (holding allegation of "some control" without further detail fails the test); *see also* NYSCEF No. 210 at 47.

Moreover, Plaintiffs simply fail to allege any facts to support that the Golden Meditech Defendants consented to anything or benefited from the Cellenkos Transaction. Plaintiffs merely allude to certain transactions involving "entities related to" the Golden Meditech Defendants, and certain checks authorized by Defendant Albert Chen to GM Holdings, speculating that these must be parts of a larger misappropriation scheme, solely based on the similarity of the total value of consideration involved. NYSCEF No. 210 at 50, 70. These conclusory allegations fall far short of establishing that Defendants Kam and Chen acted as authorized agents for the benefit of, and with the knowledge and consent of the Golden Meditech Defendants for purposes of CPLR 302(a).

**C. Plaintiffs' Attempt To Re-Characterize The Cellenkos Transaction As Part Of A Larger Scheme To Expand Personal Jurisdiction Over The Golden Meditech Defendants Is Legally Insufficient[5]**

In their Opposition, Plaintiffs attempt to minimize the significance of the Cellenkos Transaction and instead emphasize a larger misappropriation scheme by bootstrapping it with events that allegedly occurred before (and after) that in an effort to expand their jurisdictional arguments over the Golden Meditech Defendants and others, including those that took no part in

---

[5] To the extent Plaintiffs attempt to establish standing based on this alleged scheme, they still fail to identify with specificity the harm suffered by the Company or themselves personally.

7

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM

NYSCEF DOC. NO. 288

INDEX NO. 653598/2023

RECEIVED NYSCEF: 02/23/2024

the Cellenkos Transaction.[6] NYSCEF No. 210 at 70. This belated attempt to materially change their theory and focus of their allegations is inappropriate under New York law.[7]

Even assuming Plaintiffs sufficiently alleged a broader misappropriation scheme (they did not), Plaintiffs still fail to allege any specific facts to show how this alleged scheme involved purposeful contacts of the Golden Meditech Defendants in New York. None of the events that Plaintiffs allege to have occurred before (or after) the Cellenkos Transaction had any connection with New York or involved purposeful New York contacts by any of the Golden Meditech Defendants. "A defendant may not be subject to personal jurisdiction under CPLR 302(a)(1) simply because her contact with New York was a link in the chain of events giving rise to the cause of action." *Access Advantage Master, Ltd. v. Alpha Prime Fund Ltd.*, 2020 WL 1852641, at *4 (Sup. Ct. N.Y. Cnty. Apr. 9, 2020) (quoting *Talbot v. Johnson Newspaper Corp.*, 123 A.D.2d 147, 149 (3d Dep't 1987), *aff'd*, 71 N.Y.2d 827 (1988)); *see also Renren 2*, 2020 WL 2564684, at *13 (quoting *Faherty v. Fender*, 572 F. Supp. 142, 147 (S.D.N.Y. 1983)) ("[T]he fact that [a defendant]'s New York contacts may have been 'a link in the chain of causation leading to plaintiff's claims' is not, on its own, sufficient for jurisdiction under CPLR 302(a)(1).").[8]

---

[6] While the events relating to the Cellenkos Transaction took place on April 29, 2022, Plaintiffs allude to transactions that date back to September 2015 and go forward until September 2022, and broadly allege that the Defendants' efforts to cover up the broader misappropriation scheme occurred in New York. NYSCEF No. 210 at 70-76.

[7] It is well established that "a plaintiff cannot, for the first time in opposition to a motion for summary judgment, raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars." *Anonymous v. Gleason*, 175 A.D.3d 614, 617 (2d Dep't 2019) (quoting *Palka v. Vill. of Ossining*, 120 A.D.3d 641, 643 (2d Dep't 2014)); *see also Troia v. City of N.Y.*, 162 A.D.3d 1089, 1092 (2d Dep't 2018).

[8] The New York contacts in *Renren 2*, a case Plaintiffs cite, go beyond that mere existence of a New York choice of law clause. There, the defendants had allegedly raised proceeds from an IPO conducted in New York, paid through a New York account, and improperly divested those investments through an agreement effectuated in New York, which contained a New York forum selection clause and was governed by New York law.

8

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM
INDEX NO. 653598/2023

NYSCEF DOC. NO. 288
RECEIVED NYSCEF: 02/23/2024

Allegations of the Golden Meditech Defendants' tangential involvement in the Cellenkos

Transaction and other events that predated it are legally insufficient to confer personal jurisdiction

over them.

### III.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST ANY OF THE GOLDEN MEDITECH DEFENDANTS

#### A.    Plaintiffs' Cayman-Law Claims Fail to Plead with Particularity the "Substance" of Cayman Law Required under CPLR 3016(e)

The Golden Meditech Defendants join in and adopt the arguments set forth by Cellenkos

in Section III of its Reply Memorandum of Law in Support of Motion to Dismiss. NYSCEF No.

286. Plaintiffs fail to plead with particularity the elements for each of their Cayman law claims,

and thereby fail to satisfy the requirements under CPLR 3016(e). Accordingly, Plaintiffs' Cayman

law claims should be dismissed.

#### B.    Plaintiffs' Reliance on Defendants Kam and Chen's Purported Control Over the Golden Meditech Defendants Cannot Support Aiding and Abetting and Dishonest Assistance Claims

Plaintiffs fail to plead these causes of action with particularity and rely solely upon

conclusory allegations that the Golden Meditech Defendants provided substantial assistance to the

director defendants' breaches by knowingly inducing or participating in them, by virtue of the

actions of Defendants Kam and Chen. NYSCEF No. 210 at 8, 70; NYSCEF No. 2 ¶ 181. This is

legally insufficient to meet the standards under New York law.[9]

---

[9] Unlike here, the cases Plaintiffs cite reflect specific affirmative actions allegedly undertaken by the defendants. *Sands Bros. Venture Cap. II, LLC v. Metro. Paper Recycling, Inc.*, 201 A.D.3d 421, 422 (1st Dep't 2022); *Yuko Ito v. Suzuki*, 57 A.D.3d 205 (1st Dep't 2008) (defendant allegedly provided active assistance resulting in damages to plaintiff); *Obeid v. La Mack*, No. 14-CV-6498-LTS-HBP, 2019 WL 1227789, at *4 (S.D.N.Y. Mar. 15, 2019) (defendants allegedly consented to making joint bids with the individual defendants); *Am. Int'l Grp., Inc v. Greenberg*, 23 Misc. 3d 278 (Sup. Ct. N.Y. Cnty. 2008) (defendants affirmatively participated in the wrongful conduct), *aff'd*, 60 A.D.3d 483 (1st Dep't 2009); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, No. 12-CV-3723-RJS, 2016 WL 5719479 (S.D.N.Y. Sept. 29, 2016) (defendant allegedly

9

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM
NYSCEF DOC. NO. 288

INDEX NO. 653598/2023
RECEIVED NYSCEF: 02/23/2024

"Substantial assistance" exists where "(1) a defendant affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables the fraud to proceed, and (2) the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated." *See UniCredito Italiano SPA v. JPMorgan Chase Bank*, 288 F. Supp. 2d 485, 502 (S.D.N.Y. 2003) (quoting *McDaniel v. Bear Stearns & Co.*, 196 F. Supp. 2d 343, 352 (S.D.N.Y. 2002)). Here, Plaintiffs do not point to any affirmative action undertaken by the Golden Meditech Defendants, including under the purported control by Defendants Kam and Chen, that could constitute "substantial assistance" provided to the director defendants' (or, for that matter, any other defendant's) alleged breach. Plaintiffs merely allege that, by virtue of Defendant Kam's control, "each of the Golden Meditech Defendants played a key role in the Cellenkos Transaction" because they "received the funds that [Kam] misappropriated from [the Company]," and thereby provided "support from both sides of the Transaction." NYSCEF No. 210 at 71. These speculative and conclusory allegations fall short of showing how the Golden Meditech Defendants provided any "substantial assistance" to any party.

Plaintiffs further claim that Defendants Kam and Chen's purported knowledge of the alleged fraud should be imputed to the Golden Meditech Defendants. This argument is equally unavailing. Plaintiffs simply fail to explain how Defendants Kam and Chen's purported control was sufficient to impute actual knowledge over the Golden Meditech Defendants regarding the alleged breach. *Kaufman v. Cohen*, 307 A.D.2d 113, 125 (1st Dep't 2003) ("Although a plaintiff is not required to allege that the aider and abettor had an intent to harm, there must be an allegation that such defendant had **actual** knowledge of the breach of duty.") (emphasis added).

---

provided substantial assistance by providing financing for the underlying transactions and by helping other defendants exercise influence over certain assets).

10

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM
INDEX NO. 653598/2023
NYSCEF DOC. NO. 288    RECEIVED NYSCEF: 02/23/2024

Plaintiffs also disregard the fact that the Cellenkos Transaction never consummated, and therefore could not have been the event that caused damage to the Company giving rise to the claims Plaintiffs advance in this Action. Plaintiffs only allege that "entities related to" the Golden Meditech Defendants purportedly received misappropriated funds from the Company, and without any specifics, Plaintiffs fail to allege how *they* suffered any damage as a result. Therefore, they cannot prevail on this claim.[10]

Similarly, as to the Cayman law claim for dishonest assistance, Plaintiffs vaguely claim, without any support, that the Golden Meditech Defendants induced or assisted the alleged breaches because they "enabled the directors' breach of duty" (Toube-Mokal Substantive Affirmation (NYSCEF No. 206) ¶¶ 62-65) and "acted dishonestly based on the control that Defendants Kam and Albert Chen exerted over them." NYSCEF No. 210 at 75-76. These conclusory allegations are insufficient to establish a showing of dishonest assistance. *See* Smith Reply Affirmation ¶ 77. As such, the Court should likewise dismiss this claim.

C.    **Plaintiffs Cannot Conflate the Golden Meditech Defendants with Other Entities Allegedly Under Defendant Kam's Control to Support an Unjust Enrichment Claim Against the Golden Meditech Defendants**

Plaintiffs do not dispute that the Golden Meditech Defendants received nothing out of the Cellenkos Transaction. Nor do they allege how the Golden Meditech Defendants were "unjustly enriched," other than by making conclusory allegations of their "misappropriation of assets directly from [the Company]." NYSCEF No. 210 at 79, 83. Plaintiffs merely allude to transfers purportedly made to "entities related to" the Golden Meditech Defendants, including transactions that predate the Cellenkos Transaction, without providing any detail as to how much the Golden

___

[10] To succeed in this claim "plaintiffs 'must allege also that their injury was a direct or reasonably foreseeable result of the [aider and abettor's] conduct.'" *Loreley Fin.*, 2016 WL 5719749, at *6 (quoting *Martin Hilti Family Tr. v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 430 (S.D.N.Y 2015)).

11

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM
NYSCEF DOC. NO. 288

INDEX NO. 653598/2023
RECEIVED NYSCEF: 02/23/2024

Meditech Defendants would have received or how these transfers are related to the Cellenkos Transaction or the broader alleged misappropriation scheme. NYSCEF No. 210 at 76.

Citing *Dagen v. CFC Grp. Holdings, Ltd.*, No. 00-CV-5682-DAB-THK, 2003 WL 194208 (S.D.N.Y. Jan. 28, 2003), but without any factual or legal support, Plaintiffs argue that the Golden Meditech Defendants, Cellenkos and the Company operate as a "…single entity, under the control of [Defendant] Kam." NYSCEF No. 210 at 9, 72. Such conclusory allegation cannot satisfy the legal standard under New York law.

To meet the "mere department" test under New York law, a party needs to prove that the domestic parent's control over a subsidiary's activities is so complete that the subsidiary is, in fact, merely a department of the parent. *Delagi v. Volkswagenwerk AG of Wolfsburg, Ger.*, 29 N.Y.2d 426, 432 (1972); *see also GS Plasticos Limitada v. Bureau Veritas*, 80 A.D.3d 511, 512 (1st Dep't 2011) (A plaintiff must show that the subsidiary was "performing the same activities (i.e., 'doing all the business') that [the parent] would have performed had it been doing or transacting business in New York." (quoting *Porter v. LSB Indus.*, 192 A.D.2d 205, 214 (4th Dept. 1993))). In *Dagen,* the court found that the common ownership and management of each individual defendant, as well as the compensation and accounting scheme, were sufficient to establish the unity of the defendants for jurisdictional purposes. *Dagen,* 2003 WL 194208, at *2-3. There are no analogous facts alleged here. To the quite contrary, Plaintiffs' vague and conclusory allegation that the Golden Meditech Defendants, the Company and Cellenkos are a "single entity, under the control of [Defendant] Kam" is legally insufficient to meet the standard. NYSCEF No. 210 at 9. Plaintiffs' unjust enrichment claim thus fails.

12

FILED: NEW YORK COUNTY CLERK 02/23/2024 08:02 PM
INDEX NO. 653598/2023
NYSCEF DOC. NO. 288
RECEIVED NYSCEF: 02/23/2024

**D.    Plaintiffs Fail to Establish that the Golden Meditech Defendants Knew About the Receipt of Any Funds Allegedly Misappropriated from the Company**

Plaintiffs advance a knowing receipt claim based on the Golden Meditech Defendants' alleged receipt of funds misappropriated from the Company and the knowledge of Defendants Kam and Chen attributed to them. As stated above, Plaintiffs fail to plead sufficient facts with particularity that the Global Meditech Defendants received any funds misappropriated from the Company or had any knowledge of actions undertaken by Defendants Kam and Chen by virtue of their purported control over the Golden Meditech Defendants. This claim should thus be dismissed.

## CONCLUSION

For the reasons stated above, the Golden Meditech Defendants respectfully request that the Complaint be dismissed with prejudice as to them.

Dated: February 23, 2023
New York, New York

**KOBRE & KIM LLP**

By: */s/ Robin J. Baik*
Robin J. Baik
Daniel J. Saval
Jay Y. Mandel
800 Third Avenue
New York, New York 10022
Telephone: +1-212-488-1200
Fax: +1-212-488-1220

*Attorneys for Defendants*
*Golden Meditech Holdings Limited,*
*Golden Meditech Stem Cells (BVI) Company Limited,*
*GM Precision Medicine (BVI) Limited, and*
*Golden Meditech (BVI) Company Limited*

13

## CERTIFICATE OF COMPLIANCE

Defendants Golden Meditech Holdings Limited, Golden Meditech Stem Cells (BVI) Company Limited, GM Precision Medicine (BVI) Limited, and Golden Meditech (BVI) Company Limited certify that this document complies with Rule 17 of the Rules of the Commercial Division of the Supreme Court and the joint word count limit established by the Court. This brief was prepared using Microsoft Word, and the total number of words in this brief, excluding the caption, tables of contents and authorities, and signature block, is 4,101 words.

Dated: February 23, 2024
New York, New York

/s/ Robin J. Baik
Robin J. Baik