# PX H

FILED: NEW YORK COUNTY CLERK 03/05/2024 04:15 PM
INDEX NO. 653598/2023
NYSCEF DOC. NO. 298
RECEIVED NYSCEF: 03/05/2024

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

|  |  |
|---|---|
| MW GESTION and MW OPTIMUM, derivatively on behalf of nominal defendant GLOBAL CORD BLOOD CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> GOLDEN MEDITECH HOLDINGS LIMITED, TING (TINA) ZHENG, ALBERT CHEN, YUEN KAM, MARK DA-JIAN CHEN, JENNIFER J. WENG, KEN LU, JACK CHOW, JACKY CHENG, CELLENKOS INC., GOLDEN MEDITECH STEM CELLS (BVI) COMPANY LIMITED, GM PRECISION MEDICINE (BVI) LIMITED, GOLDEN MEDITECH (BVI) COMPANY LIMITED, EASTON CAPITAL CORP., and REDWOOD VALUATION PARTNERS, <br><br> Defendants. | Index No. 653598/2023 <br><br> Hon. Andrea Masley <br><br> Part 48 <br><br> Mot. Seq. No. 007 |

**AFFIRMATION OF KARINA SHREEFER IN SUPPORT OF**
**PLAINTIFFS' RENEWED MOTION FOR ALTERNATIVE SERVICE**

Karina Shreefer, an attorney duly admitted to practice law before the Courts of the State of Kansas, hereby affirms the following under the penalty of perjury, pursuant to CPLR 2106:

1.    I am an attorney and international litigation consultant, and the principal of Shreefer Law Firm, LLC in Merriam, Kansas. For the past 19 years I have advised attorney clients on how to properly serve foreign defendants pursuant to international treaties and statutes, including service upon defendants located in the People's Republic of China ("China") and Hong Kong.

1

FILED: NEW YORK COUNTY CLERK 03/05/2024 04:15 PM
NYSCEF DOC. NO. 298

INDEX NO. 653598/2023
RECEIVED NYSCEF: 03/05/2024

2.      I respectfully submit this declaration in support of Plaintiffs' Renewed Motion for Alternative Service Pursuant to CPLR 308(5).[1]

3.      On July 25, 2023, Pomerantz LLP ("Pomerantz"), counsel for Plaintiffs MW Gestion and MW Optimum, engaged the Shreefer Law Firm, LLC to effect service of process upon Defendants Ting (Tina) Zheng ("Zheng"), Albert Chen, Yuen Kam ("Kam"), Dr. Ken Lu ("Lu"), Jack Chow ("Chow"), and Jacky Cheng ("Cheng") (collectively the "Alternative Service Defendants") in Hong Kong. Because Plaintiffs learned of an address in New York where Mark Chen appeared to reside, they attempted service on him at that address before proceeding with international service of him.

4.      Based on an investigation, and after discussion with Pomerantz, we determined that the Alternative Service Defendants are likely located in Hong Kong because (1) Kam, Zheng, and Albert Chen were employed in high level positions at Global Cord Blood and/or Golden Meditech, which are based in Hong Kong, and (2) Lu, Chow, and Cheng were directors of Global Cord Blood and had additional connections to Hong Kong. In particular, Global Cord Blood's Form 20-F, filed with the SEC on August 16, 2022, states that Lu, in addition to being a Global Cord Blood director, is a managing partner of Fort Hill Capital Advisors Limited, which is located in Hong Kong; Defendant Cheng, in addition to being a Global Cord Blood director, serves as a partner at the law firm of C&T Legal LLP, which is located in Hong Kong; Defendant Chow, in addition to being a Global Cord Blood Director, serves as a partner of the VMS Group, whose head office is located in Hong Kong.

---

[1] Capitalized terms used in this declaration have the same meaning as those used in Plaintiffs' Renewed Motion for Alternative Service Pursuant to CPLR 308(5).

2

FILED: NEW YORK COUNTY CLERK 03/05/2024 04:15 PM
NYSCEF DOC. NO. 298

INDEX NO. 653598/2023

RECEIVED NYSCEF: 03/05/2024

5.      After determining the Alternative Service Defendants all likely reside in Hong Kong, I promptly retained, at the direction of Pomerantz, Veriton Investigations, located in Hong Kong, to locate service addresses for each of the Alternative Service Defendants.

6.      On August 30, 2023, I received Veriton Investigations' report on the address research, which is annexed hereto as Exhibit 1, and provided it to Pomerantz. This report showed, based on a review of property records, potential residential addresses in Hong Kong for each of the Alternative Service Defendants (Zheng, Albert Chen, Kam, Lu, Chow, and Cheng).

7.      Pomerantz then directed me to commence service of process in Hong Kong, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), for each of the Alternative Service Defendants.

8.      On September 1, 2023, I commenced service through the Hague Convention on each of the Alternative Service Defendants.

9.      By February 17, 2024 I received for all of the Alternative Service Defendants affirmations of non-service which are described in the below paragraphs and annexed hereto as exhibits.

10.      As memorialized in the November 15, 2023 Affirmation of Non-Service prepared by a Bailiff's Assistant of the High Court of Hong Kong, annexed hereto as Exhibit 2, the service attempt on Defendant Albert Chen through the Hague Convention was unsuccessful. The Bailiff Assistant who attempted service reported that he found, upon arriving at the address provided, that Flat 1 did not exist. Instead, the Bailiff's Assistant called Flat A at the location and was informed by a female adult occupier that she did not know of Albert Chen. The Bailiff's

3

FILED: NEW YORK COUNTY CLERK 03/05/2024 04:15 PM    INDEX NO. 653598/2023

NYSCEF DOC. NO. 298    RECEIVED NYSCEF: 03/05/2024

Assistant also spoke with a management officer at the location who was unable to identify Albert Chen.

11.    As memorialized in the November 22, 2023 Affirmation of Non-Service prepared by a Bailiff's Assistant of the High Court of Hong Kong, annexed hereto as Exhibit 3, the service attempt on Defendant Lu through the Hague Convention was unsuccessful. The Bailiff's Assistant who attempted service reported that the premises appeared vacant and that a management officer, who did not know of Lu, confirmed that the premises had been vacant for a year.

12.    As memorialized in the November 28, 2023 Affirmation of Non-Service prepared by a Bailiff's Assistant of the High Court of Hong Kong, annexed hereto as Exhibit 4, the service attempt on Defendant Zheng through the Hague Convention was unsuccessful. An affirmation signed on the same day by the same Bailiff's Assistant, annexed hereto as Exhibit 5, stated that the service attempt at the same address on Defendant Kam, who is in a personal relationship with Zheng and shares two children with her, was unsuccessful. During the first service attempt, the Bailiff's Assistant found the door of the residence was locked and no one answered his calls. He proceeded to leave a message for both Kam and Zheng to contact him before leaving the premises. Neither defendant responded to the message. Approximately one week later, the Bailiff's Assistant made a second attempt at service and, upon arrival at the premise, spoke with the tenant who represented her name is Ms. Wong. After being explained the purpose of the visit, Ms. Wong denied having any knowledge of either Kam or Zheng and, therefore, the Bailiff's Assistant was unable to effect service.

13.    As memorialized in the December 13, 2023 Affirmation of Non-Service prepared by a Bailiff's Assistant of the High Court of Hong Kong, annexed hereto as Exhibit 6, the service

4

FILED: NEW YORK COUNTY CLERK 03/05/2024 04:15 PM    INDEX NO. 653598/2023

NYSCEF DOC. NO. 298    RECEIVED NYSCEF: 03/05/2024

attempt upon Defendant Jacky Cheng was unsuccessful. The Bailiff's Assistant attempted service on November 20, 2023 and found the door locked and no one answered his calls. Before leaving the premises, he left a message for Cheng to contact his office, but Cheng never responded to the message. The bailiff attempted service again on November 28, 2023. A man who represented himself as Mr. Ng answered his call. After the Bailiff's Assistant told Mr. Ng his identity and purpose, Mr. Ng said that Cheng was unknown to him.

14.     As memorialized in the December 13, 2023 Affirmation of Non-Service prepared by a Bailiff's Assistant of the Hong Kong High Court, annexed hereto as Exhibit 7, the service attempt upon Jack Chow was unsuccessful. The Bailiff's Assistant attempted service on November 21, 2023 and met with an occupant who represented herself as Mrs. Chow. She told the Bailiff's Assistant Jack Chow was not in. The Bailiff's Assistant left a message for Chow to contact his office, but he never responded. The Bailiff's Assistant made a second attempt at service on November 30, 2023. A female domestic helper informed him that Chow was not in. If this is Defendant Jack Chow's address, I am continuing to assess whether there are other ways to serve him at this address under the Hague Convention.

15.     On December 7, 2023, following the Court's denial of the initial Motion for Alternative Service, Pomerantz engaged the Shreefer Law Firm, LLC to locate a foreign address for Mark Chen for Hague Convention service. Pomerantz informed me that Mark Chen affirmed he has resided in Xiamen, China since 2021 and, prior to that, resided in Beijing, China.

16.     At the direction of Pomerantz, I retained AsiaOTG Investigation ("AsiaOTG"), an investigative firm headquartered in Guilin, China with detectives operating throughout the country, to locate the requested residential service address for Mark Chen.

5

FILED: NEW YORK COUNTY CLERK 03/05/2024 04:15 PM    INDEX NO. 653598/2023
NYSCEF DOC. NO. 298                                                      RECEIVED NYSCEF: 03/05/2024

17.    On January 10, 2024, I provided Pomerantz with AsiaOTG's report, annexed hereto as Exhibit 8, revealing they were unable to locate any residential addresses that were connected to Mark Chen in Xiamen or elsewhere. The report also states AsiaOTG was unable to identify any information about Mark Chen in Xiamen. While AsiaOTG's investigation found that Mark Chen has been associated with various businesses, service through the Hague Convention at any of these companies would be unsuccessful because they either no longer exist, are not currently active, or public records indicate that Mark Chen is no longer associated with them.

18.    Upon learning that AsiaOTG's investigation did not reveal any viable service addresses for Mark Chen, I commenced service via the Hague Convention upon Mark Chen at a residential address in Beijing, China that Pomerantz obtained from service lists in a related bankruptcy proceeding. There is no reason to believe that service at this address through the Hague Convention will be successful since it is located in Beijing, China and Mark Chen has affirmed that he has not resided there since 2021. However, out of an abundance of caution, Pomerantz directed me to attempt service through the Hague Convention on Mark Chen at this address. The substantial number of materials included in the service package (including the complaint in this action) are in the process of being translated into Chinese, as required by the Hague Convention. I will send this service request via the Hague Convention promptly upon completion of those translations.

19.    I and AsiaOTG have not been able to identify any other possible service addresses for Mark Chen.

Affirmed this 22nd day of February 2024.

Karina Shreefer, Esq.

6

FILED: NEW YORK COUNTY CLERK 03/05/2024 04:15 PM    INDEX NO. 653598/2023

NYSCEF DOC. NO. 298                                         RECEIVED NYSCEF: 03/05/2024

**PRINTING SPECIFICATIONS STATEMENT**

As a member of Pomerantz LLP, counsel to Plaintiffs, I hereby certify that this affirmation is in compliance with Commercial Division Rule 17. The affirmation was prepared using Microsoft Word 365 with Times New Roman typeface and the text of the main body of the affirmation in 12-point font. The affirmation contains 1,553 words as calculated by the processing system

Dated:  February 22, 2024

*/s/ Michael Grunfeld*
Michael Grunfeld