# EXHIBIT C

Case 1:24-cv-03071-PKC   Document 88-3   Filed 10/10/24   Page 2 of 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MW GESTION and MW OPTIMUM,
derivatively on behalf of nominal defendant
GLOBAL CORD BLOOD
CORPORATION,

              Plaintiffs,

      v.

GOLDEN MEDITECH HOLDINGS
LIMITED, TING (TINA) ZHENG, ALBERT
CHEN, YUEN KAM, MARK DA-JIAN
CHEN, JENNIFER J. WENG, KEN LU,
JACK CHOW, JACKY CHENG,
CELLENKOS INC., GOLDEN MEDITECH
STEM CELLS (BVI) COMPANY
LIMITED, GM PRECISION MEDICINE
(BVI) LIMITED, GOLDEN MEDITECH
(BVI) COMPANY LIMITED, EASTON
CAPITAL CORP., and REDWOOD
VALUATION PARTNERS,

              Defendants.

Index No. 653598/2023

Hon. Andrea Masley

Part 48

---

**AFFIRMATION OF MICHAEL GRUNFELD IN SUPPORT OF
SERVICE OF PROCESS PURSUANT TO EX PARTE ORDER**

Michael Grunfeld, an attorney duly admitted to practice law before the Courts of the

State of New York, hereby affirms the following under the penalty of perjury, pursuant to CPLR

2106 and 2217(b):

1.      I am a partner with the law firm of Pomerantz LLP, which is counsel for Plaintiffs

MW Gestion and MW Optimum (collectively "Plaintiffs") in the above-referenced action. I am

familiar with the facts asserted herein based on either personal knowledge or an examination of

the documents attached hereto.

1

Case 1:24-cv-03071-PKC     Document 88-3     Filed 10/10/24     Page 3 of 6

2.      I respectfully submit this affirmation in support of Plaintiffs, through their counsel, having completed service on Defendants Ting (Tina) Zheng ("Zheng"), Albert Chen, Yuen Kam ("Kam"), Mark Da-Jian Chen ("Mark Chen"), Dr. Ken Lu ("Lu"), Jack Chow ("Chow"), and Jacky Cheng ("Cheng"), pursuant to the Court's Ex Parte Order Authorizing Alternative Service Pursuant to CPLR 308(5), dated March 28th, 2024 (the "Ex Parte Order," NYSCEF No. 308), through which the Court granted Plaintiffs' Renewed Motion for Alternative Service (the "Motion," NYSCEF Nos. 294-307) and extended the time for service to May 8, 2024.

3.      The Ex Parte Order stated that Plaintiffs shall serve Defendants Zheng, Albert Chen, and Kam, by service to Golden Meditech Holdings Limited, at the following address where it has already been served in this action: Ocorian Trust (Cayman) Limited, P.O. Box 1350, Windward 3, Regatta Office Park, Grand Cayman KY1-108, Cayman Islands. NYSCEF No. 308 ¶ 4. Plaintiffs, through their counsel, completed this service by having the Summons, Stockholder Derivative Complaint, Request for Judicial Intervention (including addendum), Notice of Electronic Filing, NYSCEF Confirmation Notice, Ex Parte Order, and a cover letter (collectively, the "Service Documents"[1]) served on each of these three Defendants, by personal hand delivery on April 11, 2024, to Golden Meditech Holdings Limited's address described above, where it has already been served in this action. This delivery was arranged by the Shreefer Law Firm, LLC, which specializes in international service of process and has assisted Plaintiffs with their prior efforts to serve the Defendants at issue, as described in the Motion. The affidavits of delivery are attached hereto as Exhibit 1.

---

[1] These are the same documents that were originally served on Defendant Golden Meditech Holdings Limited on August 2, 2023 (*see* NYSCEF No. 16), as well as the Ex Parte Order and the cover letter that is included in Exhibit 1.

2

4.      In addition, Plaintiffs, through their counsel, caused the Service Documents for Defendants Zheng, Albert Chen, and Kam to be mailed to the same address described in the prior paragraph for Golden Meditech Holdings Limited. United States Postal Service Customs Declaration and Dispatch Notes for these packages are attached hereto as Exhibit 2.

5.      The Ex Parte Order also stated that Plaintiffs shall serve Defendants Zheng, Albert Chen, Kam, Mark Chen, Lu, Chow, and Cheng, by email to the following email addresses designated on service lists that the JPLs and Independent Directors filed in the Bankruptcy Action (NYSCEF No. 308 ¶ 6):

a.   Albert Chen – samkykong@goldenmeditech.com;
b.   Mark Chen – mdc39@vip.163.com;
c.   Ken Lu – kenlu008@gmail.com
d.   Jack Chow – sljackchow@gmail.com;
e.   Jacky Cheng – cheng_siu_chuen@yahoo.com.hk;
f.   Ting (Tina) Zheng – tzheng@chinacord.org; and
g.   Yuen Kam – king@gm801.com

6.      On April 4, 2024, Plaintiffs' counsel sent the Service Documents to each of the email addresses listed in the prior paragraph, as shown in Exhibit 3 hereto.[2]

7.      The Ex Parte Order also stated that Plaintiffs shall serve Defendants Zheng, Albert Chen, Kam, Mark Chen, Lu, Chow, and Cheng through publication of notice of this lawsuit once per week for four consecutive weeks in the International Edition of the New York

---

[2] On April 4, 2024, Plaintiffs' counsel received an email stating that the email sent to samkykong@goldenmeditech.com was undeliverable. *See* Exhibit 4 hereto. Service on Albert Chen has nonetheless been completed because Plaintiffs completed service through the two other approved methods, through delivery to Golden Meditech Holdings Limited and by publication in the International Edition of the New York Times. The purpose of having multiple methods of alternative service is so that if one of them does not suffice, the defendant will still be likely to receive notice of the lawsuit through the other methods. *See Tube City IMS, LLC v. Anza Cap. Partners, LLC*, No. 14 CIV. 1783 PAE, 2014 WL 6361746, at *3 (S.D.N.Y. Nov. 14, 2014) (holding service method was "a back-up to[] the other two"). Indeed, while the Ex Parte Order provides for three methods of service on Defendants Zheng, Albert Chen, and Kam, there are only two methods of service on the remaining Defendants at issue and Plaintiffs have completed service on Defendant Albert Chen through two of the approved methods of service.

3

Times. NYSCEF No. 308 ¶ 7. Plaintiffs' counsel has caused the required notice, using the language specified in the Motion (*see* NYSCEF No. 307 at 20), to be published in the International Edition of the New York Times on April 17, 2024, April 23, 2024, April 30, 2024, and May 7, 2024, as shown in Exhibit 5 hereto.

Affirmed this 8th day of May 2024.

_____/s/ Michael Grunfeld_____
Michael Grunfeld

4

## PRINTING SPECIFICATIONS STATEMENT

As a member of Pomerantz LLP, counsel to Plaintiffs, I hereby certify that this affirmation is in compliance with Commercial Division Rule 17. The affirmation was prepared using Microsoft Word 365 with Times New Roman typeface and the text of the main body of the affirmation in 12-point font. The affirmation contains 837 words as calculated by the processing system.

Dated:  May 8, 2024

/s/ Michael Grunfeld
Michael Grunfeld

5