**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: GLOBAL CORD BLOOD CORPORATION SECURITIES LITIGATION | Case No. 1:24-cv-03071-PKC<br><br>Hon. P. Kevin Castel |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 1

    I.       The Court Should Exercise Its Discretion To Authorize Alternative
            Service................................................................................................................. 1

    II.      The Hague Service Convention Does Not Apply To Service Via
            Defendants' U.S. Counsel........................................................................................ 4

    III.    Plaintiffs' Motion Is Correctly Brought Under Rule 4(f)(3) Because
            Defendants Are Located Abroad ............................................................................ 6

CONCLUSION............................................................................................................................. 8

i

# TABLE OF AUTHORITIES

CASES

*1025 W. Addison St. Apartments Owner, LLC v. Grupo Cinemex, S.A. de C.V.*,
  2021 WL 2136073 (N.D. Ill. May 26, 2021) ............................................................... 7

*Convergen Energy LLC v. Brooks*,
  2020 WL 4038353 (S.D.N.Y. July 17, 2020) .............................................................. 4

*Devi v. Rajapaska*,
  2012 WL 309605 (S.D.N.Y. Jan. 31, 2012) ............................................................... 2

*Exch. Comm'n v. Cluff*,
  2018 WL 896027 (S.D.N.Y. Jan. 10, 2018) ............................................................... 3

*Fox Shiver LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns*
  *Identified on Schedule A to the* Complaint,
  2024 WL 230748 (S.D.N.Y. Jan. 22, 2024) ............................................................... 6

*In GLG Life Tech Corp. Sec. Litig.,*
  287 F.R.D. 262 (S.D.N.Y. 2012) ............................................................................... 2

*In re BRF S.A. Sec. Litig.*,
  2019 WL 257971 (S.D.N.Y. Jan. 18, 2019) ............................................................... 1

*In re Fairfield Sentry Ltd.*,
  2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14, 2020) ................................................. 6

*In re Sinohub, Inc. Sec. Litig.*,
  2013 WL 4734902 (S.D.N.Y. Aug. 14, 2013) ............................................................ 3

*In re TK Holdings, Inc.*,
  2021 WL 954827 (Bankr. D. Del. Mar. 8, 2021) ....................................................... 7

*Kelly Toys Holdings, LLC. v. Top Dep't Store*,
  2022 WL 3701216 (S.D.N.Y. Aug. 26, 2022) ............................................................ 6

*Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.*,
  2024 WL 3013759 n.6 (S.D.N.Y. June 13, 2024) .................................................. 7, 8

*Korea Deposit Ins. Corp. v. Jung*,
  59 Misc. 3d 442 (N.Y. Sup. Ct. 2017) ...................................................................... 6

*Levai v. Marlborough Gallery Inc.*,
  2021 WL 8263546 (S.D.N.Y. May 3, 2021) .............................................................. 3

*Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*,
    2024 WL 2317715 (S.D.N.Y. May 22, 2024) ................................................................ 2

*RSM Prod. Corp. v. Fridman*,
    2007 WL 2295907 ........................................................................................................... 8

*S.E.C. v. Unifund SAL*,
    910 F.2d 1028 (2d Cir. 1990) ......................................................................................... 7

*Smart Study Co. v. Acuteye-Us*,
    620 F. Supp. 3d 1382 (S.D.N.Y. 2022) .......................................................................... 6

*Spin Master, Ltd. v. Aomore-US*,
    2024 WL 3030405 (S.D.N.Y. June 17, 2024) ................................................................ 5

*Stream SICAV v. Wang*,
    989 F. Supp. 2d 264 (S.D.N.Y. 2013) ........................................................................ 2, 3

*Uipath, Inc. v. Shanghai Yunkuo Info. Tech. Co.*,
    2023 WL 8600547 (S.D.N.Y. Dec. 12, 2023) ............................................................... 5

*United States v. Koehler Oberkirch GmbH*,
    2024 WL 3887285 (Ct. Int'l Trade Aug. 21, 2024) .................................................... 6, 7

*United States v. Mrvic*,
    652 F. Supp. 3d 409 (S.D.N.Y. 2023) ........................................................................ 7, 8

*Vega v. Hastens Beds, Inc.*,
    342 F.R.D. 61 (S.D.N.Y. 2022) ...................................................................................... 7

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988) .................................................................................................... 4, 5

*Washington State Inv. Bd. v. Odebrecht S.A.*,
    2018 WL 6253877 (S.D.N.Y. Sept. 21, 2018) ............................................................... 7

*Water Splash, Inc. v. Menon*,
    581 U.S. 271 (2017) ........................................................................................................ 5

## RULES

Fed. R. Civ. P. 4 .................................................................................................... *passim*

## OTHER AUTHORITIES

Hague Service Convention,
    20 U.S.T. 361, 1969 WL 97765 ...................................................................................... 4

iii

**PRELIMINARY STATEMENT**

Plaintiffs submit this reply in response to the opposition briefs filed by Defendant Mark Chen (ECF No. 84) ("Chen Opp.") and Defendant Golden Meditech (ECF No. 87) ("Golden Meditech Opp.) to Plaintiffs' motion for alternative service.[1] None of Defendants' arguments change the result of the analysis set forth in Plaintiffs' Opening Brief. Plaintiffs respectfully request that the Court grant their motion for alternative service via Defendants' U.S. counsel.

**ARGUMENT**

**I.    The Court Should Exercise Its Discretion To Authorize Alternative Service**

Defendants Mark Chen and Golden Meditech agree that whether to allow alternative service is within the Court's sound discretion (*see* Chen Opp. at 4; Golden Meditech Opp. at 4), they merely offer unpersuasive reasons why the Court should not exercise its discretion to allow alternative service. Defendants do not dispute that service through the Hague Service Convention takes several months in China, or at least multiple weeks in the Cayman Islands. Defendants also do not dispute that they are in communication with their U.S. counsel about the subject matter of this case and the closely related Derivative Action, or that service on their U.S. counsel would provide actual notice to Defendants. Therefore, because "[e]ach of the Alternative Service Defendants can be served effectively and immediately through their U.S. counsel . . . requiring adherence to Hague Service Convention procedures would serve no purpose." *See* Opening Brief at 12; *see also In re BRF S.A. Sec. Litig.*, 2019 WL 257971, at \*4 (S.D.N.Y. Jan. 18, 2019) (Castel,

---

[1] Capitalized terms used herein have the same meanings as in the Memorandum of Law in Support of Plaintiffs' Motion for Alternative Service (ECF No. 82) ("Opening Brief"). References to the "Spencer Decl." are to the Declaration of Garth Spencer In Support Of Plaintiffs' Motion For Alternative Service (ECF No. 83).

J.) (authorizing alternative service where movant had not pursued letters rogatory because "there is no useful purpose in requiring it to do so merely in order to confirm the existence of delay").[2]

Defendants' attempts to distinguish Plaintiffs' cases are not persuasive. For example, the plaintiffs in *In GLG Life Tech Corp. Sec. Litig.* did not attempt to serve the defendant in China prior to moving for alternative service, the defendant refused to accept service and withheld his address until after the plaintiffs filed their motion, and even then the defendant filed no affidavit or other evidence to "provid[e] any basis for believing that the address is in fact correct." 287 F.R.D. 262, 264 (S.D.N.Y. 2012); *id.* at 267. Similarly here, Plaintiffs sought to avoid the unnecessary delay of attempting service in China, the Defendants have refused Plaintiffs' requests to waive service, two defendants did not provide service addresses until after Plaintiffs filed their pre-motion letter (*see* Spencer Decl. ¶¶3, 4), and none of the Alternative Service Defendants have provided more than an email from counsel to verify their service address. Plaintiffs' other cases are similarly on point. *See, e.g.*, *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, 2024 WL 2317715, at *3 (S.D.N.Y. May 22, 2024) (allowing alternative service without prior attempts to serve in China, despite defendants' belated provision of service addresses); *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (authorizing alternative service without requiring service attempts in China).

The cases cited by Defendants as disallowing alternative service were driven by concerns not present here. Both Mark Chen and Golden Meditech rely on *Devi v. Rajapaska*, but that decision was based on a desire to ensure "actual notice" to the defendant, the President of Sri Lanka, which the court described as "a particularly important consideration given the diplomatic implications of this action." 2012 WL 309605, at *2 (S.D.N.Y. Jan. 31, 2012). No similar concerns

---

[2] All internal quotes and citations are omitted from quotations herein.

are present in the instant action brought against private parties, where there is no dispute that service on their U.S. counsel will provide actual notice to the defendants. Defendants' other authorities are also distinguishable. *See, e.g.*, *Levai v. Marlborough Gallery Inc.*, 2021 WL 8263546, at *5 (S.D.N.Y. May 3, 2021) (finding insufficient evidence that the email address proposed for alternative service was then actively used by defendant); *Sec. & Exch. Comm'n v. Cluff*, 2018 WL 896027, at *5 (S.D.N.Y. Jan. 10, 2018) (similar); *In re Sinohub, Inc. Sec. Litig.*, 2013 WL 4734902, at *3 (S.D.N.Y. Aug. 14, 2013) (allowing alternative service as to defendant with actual notice, while denying motion as to two other defendants based on "the important goal of providing foreign citizens with actual notice").

Defendants argue that Plaintiffs' purported delay in serving them weighs against alternative service, but Plaintiffs have acted diligently. While this action was initiated on April 22, 2024, the original complaint was filed by different plaintiffs and different counsel. The Court appointed Plaintiff Somansino and his counsel to lead the action on July 9, 2024. *See* ECF No. 56. Plaintiffs' counsel promptly requested that the Alternative Service Defendants waive service on July 31, 2024. *See* ECF No. 85-1. Plaintiffs filed the amended complaint (the only complaint filed by Plaintiffs to date) on September 20, 2024. *See* ECF No. 60. Four days later, on September 24, 2024, Plaintiffs filed their pre-motion letter for alternative service. *See* ECF No. 78. It would have been pointless to initiate Hague Service Convention procedures in China that take several months, when Plaintiffs were planning to file their amended complaint and amended summonses. *See* *Stream SICAV*, 989 F. Supp. 2d at 280 (earlier service attempts in China "would have been rendered useless by the need to re-serve amended pleadings").[3]

---

[3] Defendants wrongly assert that service is now untimely under Rule 4(m). Service is timely both because it will be made pursuant to Rule 4(f), and because good cause exists for 90 days elapsing before some defendants have been served. Plaintiffs will fully respond to any arguments regarding

Finally, Mark Chen argues that service on Defendants' U.S. counsel should not be allowed, in order to "encourage foreign individuals and entities to consult with United States counsel about their obligations under United States law." Chen Opp. at 11 (quoting *Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *8 (S.D.N.Y. July 17, 2020)). However, that policy concern is not present here because Defendants' U.S. counsel are representing them in litigation related to alleged violations of U.S. law that have *already occurred*, not providing forward-looking advice on how the Defendants can conduct themselves in a lawful manner. In any event, based on Defendants' alleged theft of hundreds of millions of dollars from a company that is publicly traded in the U.S., compliance with U.S. laws does not appear to have been a significant focus for them.

## II.    The Hague Service Convention Does Not Apply To Service Via Defendants' U.S. Counsel

Defendants argue that they are located in foreign countries that are signatories to the Hague Service Convention, and so therefore the Convention supposedly applies to service on Defendants via their U.S. counsel. *See* Chen Opp. at 11-14; Golden Meditech Opp. at 8-9. This argument is foreclosed by *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707–08 (1988). What matters for purposes of determining the applicability of the Hague Service Convention is not the location of the party to be served, it is whether "there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Service Convention, 20 U.S.T. 361, 1969 WL 97765, at Article I. Where the transmission of documents that completes service is made in the U.S., such as the proposed service here, the Hague Service Convention by its terms does not apply.

Defendants' argument depends on the flawed premise that, because Plaintiffs are moving under Rule 4(f) relating to service on persons in foreign countries, this supposedly means that the

timeliness under Rule 4(m) if and when appropriate.

4

Hague Service Convention must apply. But this argument conflates the *location of the person to be served* under Rule 4(f) (*see infra* Part III), with the question of whether the transmission of documents that completes service takes place domestically or abroad under Article I of the Hague Service Convention. These are independent inquiries. The Alternative Service Defendants are located abroad for purposes of Rule 4(f), and the relevant transmission of documents to the Alternative Service Defendants' U.S. counsel will be completed in the U.S. for purposes of Article I of the Hague Service Convention.

In *Schlunk* the plaintiffs served the defendant German corporation via its subsidiary in Illinois, which service was valid under Illinois law. *See* 486 U.S. at 706. After analyzing the Hague Service Convention the Supreme Court held that "this case does not present an occasion to transmit a judicial document for service abroad within the meaning of Article 1," and that "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications." *Id*. at 707-08. *Schlunk* remains good law. *See Water Splash, Inc. v. Menon*, 581 U.S. 271, 276–77 (2017) (favorably discussing *Schlunk* as stating that the Hague Service Convention "applies only to documents transmitted for service abroad"). Defendants' own cited authority is in accord. *See Uipath, Inc. v. Shanghai Yunkuo Info. Tech. Co.*, 2023 WL 8600547, at *3 (S.D.N.Y. Dec. 12, 2023) ("The convention does not apply to service within the United States, including on a foreign party's counsel in the United States").

Defendants rely on *Spin Master, Ltd. v. Aomore-US*, 2024 WL 3030405 (S.D.N.Y. June 17, 2024) to attempt to distinguish *Schlunk* as not involving alternative service under Rule 4(f)(3), but that distinction is irrelevant. The relevant point from *Schlunk* is that the Hague Service Convention does not apply where the transmission that completes service is within the U.S., which holding applies equally in *Schlunk*'s context of the Illinois long-arm statute and in the present

context of court-ordered alternative service under Rule 4(f)(3). In New York, service on a foreign defendant via email to his U.S. counsel is completed by that email (not any subsequent forwarding from counsel to the defendant), and does not implicate the Hague Service Convention. *See Korea Deposit Ins. Corp. v. Jung*, 59 Misc. 3d 442, 445-47 (N.Y. Sup. Ct. 2017). Therefore, the Hague Service Convention does not apply to the proposed service on the Alternative Service Defendants by email to their U.S. counsel in New York.[4]

### III.    Plaintiffs' Motion Is Correctly Brought Under Rule 4(f)(3) Because Defendants Are Located Abroad

Defendants argue that the Court cannot order service on U.S. counsel under Rule 4(f)(3), relying on a few opinions that have adopted a minority view on this question. *See* Golden Meditech Opp. at 9 (citing *Spin Master*, *Convergen Energy*, and *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022)); Chen Opp. at 12-14 (citing *Spin Master* and *Convergen Energy*). "Courts are split on the issue of whether domestic service on a foreign defendant's U.S. counsel can constitute service 'at a place not within' the U.S. under Rule 4(f)(3), but the majority view service on U.S.-based counsel a permissible method under Rule 4(f)(3)." *In re Fairfield Sentry Ltd.*, 2020 WL 7345988, at *12 (Bankr. S.D.N.Y. Dec. 14, 2020) (collecting cases); *accord United States v. Koehler Oberkirch GmbH*, 2024 WL 3887285, at *6 (Ct. Int'l Trade Aug. 21, 2024);

---

[4] Because the Hague Service Convention does not apply, Mark Chen's argument that China does not permit service under the Convention by email through counsel is irrelevant. *See* Chen Opp. at 14-16; *see also Fox Shiver LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to the Complaint*, 2024 WL 230748, at *2 (S.D.N.Y. Jan. 22, 2024) ("service by email is permissible where the Hague Convention does not apply"); *Kelly Toys Holdings, LLC. v. Top Dep't Store*, 2022 WL 3701216, at *8 (S.D.N.Y. Aug. 26, 2022) ("Because the Hague Convention does not apply, the Court does not have occasion to determine whether service by email to a China-based defendant under Rule 4(f)(3) would have been proper under the Convention").

*Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.*, 2024 WL 3013759, at \*5 n.6 (S.D.N.Y. June 13, 2024); *United States v. Mrvic*, 652 F. Supp. 3d 409, 412 (S.D.N.Y. 2023).

Rule 4(f) bears the heading "Serving an Individual in a Foreign Country," and provides means through which an individual "may be served at a place not within any judicial district of the United States." Fed. R. Civ. P. 4(f). For purposes of Rule 4(f)(3), "the relevant circumstance is where the defendant is, and not the location of the intermediary," such as the defendants' U.S. counsel. *Washington State Inv. Bd. v. Odebrecht S.A.*, 2018 WL 6253877, at \*4 (S.D.N.Y. Sept. 21, 2018); *Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 66 (S.D.N.Y. 2022) (similar); *1025 W. Addison St. Apartments Owner, LLC v. Grupo Cinemex, S.A. de C.V.*, 2021 WL 2136073, at \*7 (N.D. Ill. May 26, 2021) (similar); *In re TK Holdings, Inc.*, 2021 WL 954827, at \*2 (Bankr. D. Del. Mar. 8, 2021) (similar); *c.f. S.E.C. v. Unifund SAL*, 910 F.2d 1028, 1034 (2d Cir. 1990) (service was valid under prior Fed. R. Civ. P. 4(i) regarding service upon parties "in a foreign country" where plaintiff transmitted the papers to foreign defendant's broker in New York).

Defendants and their cited authorities wrongly assume that two distinct inquiries must be answered identically: (i) whether defendants are "served at a place not within any judicial district of the United States" within the meaning of Rule 4(f); and (ii) whether "there is occasion to transmit a judicial or extrajudicial document for service abroad" under Article I of the Hague Service Convention. For purposes of Rule 4(f), "the relevant circumstance is where the defendant is." *Mrvic*, 652 F. Supp. 3d at 413; *Koehler*, 2024 WL 3887285 at \*6 ("service through U.S. counsel is not service <u>on</u> U.S. counsel: the recipient of service is the defendant") (emphasis in original). For purposes of the Hague Service Convention, the relevant consideration is whether the transmission of documents that completes service takes place domestically or abroad. *See Schlunk*, 486, U.S. at 707 ("Whatever internal, private communications take place between the agent and a

7

foreign principal are beyond the concerns of this case"). In contrast to the focus of the Hague Service Convention, "Rule 4(f)(3) does not limit" the means of service under that Rule "to the foreign transmittal of documents." *RSM Prod. Corp. v. Fridman*, 2007 WL 2295907, at \*5; *see id.* at \*3 (discussing *Schlunk*'s focus on transmittal of documents abroad).

Therefore, this Court should adopt the better-reasoned, majority view and find that it can authorize service on the Alternative Service Defendants via their U.S. counsel under Rule 4(f)(3).[5]

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion, and authorize service on the Alternative Service Defendants by email to their U.S. counsel in the Derivative Action.

---

[5] Defendant Mark Chen's argument that service on his counsel in the U.S. "is not permitted because Mr. Chen's U.S. counsel is not authorized to accept service of process," Chen Opp. at 13, is mistaken. Rule 4(e)(2)(C) does not purport to set forth *exclusive* means for service through an agent in the U.S. *See RSM*, 2007 WL 2295907 at \*5. Chen's argument ignores that Rule 4(e)(2)(C) also provides for service through "an agent authorized by appointment *or by law*." (emphasis added). "Court-ordered service on counsel made under Rule 4(f)(3) serves as effective authorization 'by law' for counsel to receive service." *RSM*, 2007 WL 2295907, at \*6. "[T]hat counsel has represented they are not authorized to accept service on Defendant's behalf is not determinative as to whether the Court may permit alternate service on that counsel through Rule 4(f)(3)." *Mrvic*, 652 F. Supp. 3d at 414; *Khan Funds*, 2024 WL 3013759, at \*6 (similar).

8

Dated: October 15, 2024

By: */s/ Garth Spencer*
**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Garth Spencer (GS-7623)
Christopher Fallon (*admitted pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

*Lead Counsel for Lead Plaintiff Alessandro*
*Somansino, Named Plaintiff Mark Lewko,*
*and the Putative Class*

9

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 15, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

On October 15, 2024, I also served true and correct copies of the foregoing document by email to:

| | |
|---|---|
| KOBRE & KIM LLP<br>Daniel J. Saval<br>daniel.saval@kobrekim.com<br>Jay Y. Mandel<br>jay.mandel@kobrekim.com<br><br>*Counsel for Golden Meditech Holdings Limited in the Derivative Action* | JONES DAY<br>Nicholas C.E. Walter<br>ncewalter@jonesday.com<br>Jacob Miller<br>jakemiller@jonesday.com<br><br>*Counsel for Ting (Tina) Zheng and Bing Chuen (Albert) Chen in the Derivative Action* |
| MORRISON & FOERSTER LLP<br>Michael D. Birnbaum<br>mbirnbaum@mofo.com<br><br>*Counsel for Yuen Kam in the Derivative Action* | WHITE & CASE LLP<br>David Hille<br>dhille@whitecase.com<br>Robert E. Tiedemann III<br>rtiedemann@whitecase.com<br><br>*Counsel for Mark Da-Jian Chen in the Derivative Action* |

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 15, 2024, at Wilmington, North Carolina.

*/s/ Garth Spencer*
Garth Spencer