**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>IN RE: GLOBAL CORD BLOOD<br>CORPORATION SECURITIES<br>LITIGATION</td><td>Civil Action No. 24-cv-3071 (PKC)<br><br>Hon. P. Kevin Castel</td></tr>
</table>

## REPLY IN SUPPORT OF DEFENDANTS TING (TINA) ZHENG'S AND BING CHUEN (ALBERT) CHEN'S MOTION TO DISMISS THE AMENDED COMPLAINT

Dated: March 18, 2025

**JONES DAY**

Nidhi (Nina) Yadava
Jacob Miller
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
nyadava@jonesday.com
jakemiller@jonesday.com

*Attorneys for Defendants Ting (Tina) Zheng and Bing Chuen (Albert) Chen*

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ........................................................................................................................ 1

I.      SERVICE ON MS. ZHENG AND ALBERT CHEN WAS UNTIMELY. ........................ 1

      A.      Plaintiffs cannot avail themselves of Rule 4(m)'s foreign-service
exception. ................................................................................................................ 1

      B.      Plaintiffs have not shown good cause for their failure to timely serve .................. 4

      C.      Plaintiffs are not entitled to a discretionary extension of the deadline. ................ 5

            1.      The statute of limitations. ........................................................................ 5

            2.      Actual notice of the claims. ..................................................................... 6

            3.      Defendants' conduct. ............................................................................... 6

            4.      Prejudice to the defendants. .................................................................... 7

            5.      The other factors plaintiffs cite do not change the analysis. ..................... 9

II.     THIS COURT LACKS PERSONAL JURISDICTION. ................................................ 10

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

CASES

*AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P.*,
   197 F.R.D. 104 (S.D.N.Y. 2000) ................................................................................................7

*Aqua Shield, Inc. v. Inter Pool Cover Team*,
   No. 05-cv-4880, 2007 WL 4326793 (E.D.N.Y. Dec. 7, 2007)....................................................2

*Boley v. Kaymark*,
   123 F.3d 756 (3d Cir. 1997)........................................................................................................7

*Convergen Energy LLC v. Brooks*,
   No. 20-cv-3746 (LJL), 2020 WL 4038353 (S.D.N.Y. July 17, 2020)........................................4

*De La Rosa v. New York City 33 Precinct*,
   No. 07-cv-7577 (PKC)(KNF), 2010 WL 1737108 (S.D.N.Y. Apr. 27, 2010) ...........................8

*DEF v. ABC*,
   366 F. App'x 250 (2d Cir. 2010) .................................................................................................4

*Deptula v. Rosen*,
   558 F. Supp. 3d 73 (S.D.N.Y. 2021)...........................................................................................4

*Fantozzi v. City of New York*,
   343 F.R.D. 19 (S.D.N.Y. 2022) ..................................................................................................6

*Frasca v. United States*,
   921 F.2d 450, 453 (2d Cir. 1990)................................................................................................5

*George v. Pro. Disposables Int'l Inc.*,
   221 F. Supp. 3d 428 (S.D.N.Y. 2016).........................................................................................5

*Gleason v. McBride*,
   869 F.2d 688 (2d Cir. 1989).......................................................................................................2

*Hollomon v. City of New York*,
   No. 04-CV-2964 (NG)(JMA), 2006 WL 2135800 (E.D.N.Y. July 31, 2006)...........................7

*In re Bozel S.A.*,
   No. 1:16-cv-3739 (ALC), 2017 WL 3175606 (S.D.N.Y. July 25, 2017) ..................................3

*In re Comverse Tech., Inc. Sec. Litig.*,
    543 F. Supp. 2d 134 (E.D.N.Y. 2008) ...............................................................................9, 10

*Kogan v. Facebook, Inc.*,
    334 F.R.D. 393 (S.D.N.Y. 2020) ...........................................................................................5, 6

*Mentor Ins. Co. (U.K.) v. Brannkasse*,
    996 F.2d 506 (2d Cir. 1993)........................................................................................................2

*Montalbano v. Easco Hand Tools, Inc.*,
    766 F.2d 737 (2d Cir. 1985)........................................................................................................2

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Barney Assocs*,
    130 F.R.D. 291 (S.D.N.Y. 1990) ...............................................................................................7

*S.E.C. v. Gottlieb*,
    88 F. App'x 476 (2d Cir. 2004) ..................................................................................................2

*S.E.C. v. Shehyn*,
    No. 04-cv-02003, 2008 WL 6150322 (S.D.N.Y. Nov. 26, 2008)................................................2

*SEPTA v. Orrstown Fin. Servs. Inc.*,
    12 F.4th 337 (3d Cir. 2021) ........................................................................................................8

*Spin Master, Ltd. v. Aomore-US*,
    No. 23-cv-7099 (DEH), 2024 WL 3030405 (S.D.N.Y. June 17, 2024) .....................................4

*Tastefairy Corp. v. Kumar*,
    No. 19-cv-2953 (NGG), 2019 WL 13220974 (E.D.N.Y. Oct. 31, 2019) ...................................7

*USHA (India), Ltd. v. Honeywell Int'l, Inc.*,
    421 F.3d 129 (2d Cir. 2005)...............................................................................................1, 2, 3

*Wang Yan v. ReWalk Robotics Ltd.*,
    No. CV 17-10169-FDS, 2018 WL 1041541 (D. Mass. Feb. 23, 2018)....................................10

*Zapata v. City of New York*,
    502 F.3d 192 (2d Cir. 2007)................................................................................................5, 6, 7

**STATUTES**

28 U.S.C. § 1658(b) ...........................................................................................................................6

**RULES**

Fed. R. Civ. P. 4 ................................................................................................................ passim

Fed. R. Civ. P. 12(b)(2) ....................................................................................................... 10

**OTHER AUTHORITIES**

1 *Moore's Federal Practice - Civil* § 4.84 (2025) ......................................................... 1–2

**INTRODUCTION**

Plaintiffs' Amended Complaint should be dismissed, for two independent reasons.

*First*, it was not served until after the 90-day deadline in Rule 4(m) had lapsed.  Plaintiffs evidently concede that there was no good cause for their delay, which rules out a mandatory extension under the Rules.  Plaintiffs should not receive a discretionary extension on these facts.

*Second*, the assertion of personal jurisdiction here would not comport with due process, both because the exercise of jurisdiction would not be reasonable under these circumstances, and because the prerequisite of proper service of process is lacking here.

**ARGUMENT**

**I.    SERVICE ON MS. ZHENG AND ALBERT CHEN WAS UNTIMELY.**

Rule 4(m) requires that plaintiffs serve defendants within 90 days after the complaint is filed.  The complaint was filed on April 22, 2024, ECF 1, but not served on Ms. Zheng or Albert Chen until October 23, 2024—184 days later.  ECF 91.  That is too late, and dismissal is therefore warranted.  None of plaintiffs' arguments change this conclusion.

**A.    Plaintiffs cannot avail themselves of Rule 4(m)'s foreign-service exception.**

Plaintiffs argue that service on Ms. Zheng and Albert Chen was not untimely because a different standard applies to service of process in a foreign country.  ECF 136 ("Opp.") 53–56.  Their arguments misstate the rule in the Second Circuit.

The rule is that "[a]lthough Rule 4(m) creates an exception for 'service in a foreign country pursuant to subdivision (f),' which sets forth procedures for such service, *see* Rule 4(f), this exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country."  *USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133–34 (2d Cir. 2005).  Several other Second Circuit opinions hold the same, and courts in this district have often applied this holding.  ECF 121 ("Zheng-Chen Br.") 6–7 (collecting cases); *see also* 1 *Moore's*

*Federal Practice - Civil* § 4.84 (2025) ("The Second Circuit . . . requires dismissal unless the plaintiff attempts foreign service within the 90-day period.").

Plaintiffs contend that Rule 4(m)'s time limit "does not apply to service of process made pursuant to Rule 4(f)" and that "courts have used a 'flexible due diligence standard' in determining whether service of process under Rule 4(f) is timely." Opp. 53.

But plaintiffs' cases involve plaintiffs that *did* attempt service in a foreign country before their time limit lapsed. In *Aqua Shield, Inc. v. Inter Pool Cover Team*, the court authorized the plaintiff to serve its complaint on the foreign defendant just days after the complaint had been filed. No. 05-cv-4880 (CBA), 2007 WL 4326793, at *1 (E.D.N.Y. Dec. 7, 2007). And in *S.E.C. v. Shehyn*, the plaintiff moved for an extension of time for service *before* the time period had lapsed. No. 04-cv-2003 (LAP), 2008 WL 6150322, at *4 (S.D.N.Y. Nov. 26, 2008). *See id.*, ECF No. 6 (July 13, 2004 Motion for Extension of Time to Serve Summons and Complaint).[1]

Plaintiffs also cite the Second Circuit's summary order in *S.E.C. v. Gottlieb*, 88 F. App'x 476, 476–77 (2d Cir. 2004). But the court resolved the service issue on waiver grounds—the defendant waited two years, until just before trial, to raise the timeliness of service. And while there is dicta that service pursuant to Rule 4(f) "appears to be subject to a flexible due-diligence standard," that conflicts with the Second Circuit's holdings in *USHA*; *Mentor Ins. Co. (U.K.) v. Brannkasse*, 996 F.2d 506, 512 (2d Cir. 1993); and *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985). Zheng-Chen Br. 6. Moreover, the sole authority for the dicta is *Gleason v. McBride*, 869 F.2d 688, 691 (2d Cir. 1989), which involved a service issue predating the Federal Rules' time limit on service. *See id.* ("Rule 4(j) was not in effect when the complaint

---

[1] July 13, 2004 is 120 days after March 15, 2004, the date the complaint was filed. The time limit for service that was then in effect was 120 days.

2

in *Gleason I* was filed.  Therefore, the district court properly applied a 'due diligence' standard in evaluating the timeliness of the service of the complaint.").  The dicta should be given no weight.

In sum, these cases are entirely consistent with the proposition advanced by Ms. Zheng and Albert Chen—that the exception for foreign service does not apply where the plaintiff did not attempt to serve the defendant before the deadline lapses.  *See, e.g.*, *In re Bozel S.A.*, No. 1:16-cv-3739 (ALC), 2017 WL 3175606, at *2 (S.D.N.Y. July 25, 2017) (due diligence standard only applies where plaintiff attempts to effect service before time limit lapses).  And here, it is undisputed that plaintiffs made no effort to serve the complaint until July 31, 2024, 100 days after the complaint was filed.  Opp. 56.  That was already outside the 90-day time limit.

Even if the standard were diligence, plaintiffs' argument they acted "diligently" in serving the complaint, Opp. 56–57, misses the key point.  Lead counsel was appointed on July 9, 2024.  Opp. 56.  That was within the 90-day period after the filing of the complaint—indeed, nearly two weeks before it lapsed.  And on July 17, 2024, still within the 90-day window, the plaintiffs sought an adjournment of certain scheduling deadlines.  ECF 57.  But they did not move for an extension of time to serve the defendants.  Nor did they make any effort to obtain service waivers before the deadline lapsed, even though contact information for Ms. Zheng's and Albert Chen's derivative counsel was filed on the state court docket.  ECF 83-9.  Their efforts cannot be called "diligent" when they allowed the deadline to lapse without taking any action.

Plaintiffs also attempt to distinguish the cases cited by Ms. Zheng and Albert Chen on this point by arguing that they did not address whether service pursuant to Rule 4(f)(3) is subject to the time limit in Rule 4(m).  Opp. 55–56.  It is not clear why this would make a difference.  The cases state that Rule 4(m)'s foreign-service "exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country" within the time limit.  *USHA*, 421 F.3d at

3

133–34; *DEF v. ABC*, 366 F. App'x 250, 253 (2d Cir. 2010).  The subsection of Rule 4(f) under which service was attempted *after* the time limit had run does not change this analysis.

Citations to different jurisdictions with different rules (Opp. 55 n.16) have no weight in the face of on-point precedent from the Second Circuit.  And the rule in the Second Circuit makes eminent sense—a plaintiff that makes no effort to effect service on a foreign defendant within the Rule 4(m) period is no differently situated from a plaintiff that makes no effort to do so on a domestic defendant.  In that case, the issue is not the difficulty of service; it is the lack of effort.

Finally, plaintiffs' appeal to Rule 4(m)'s foreign-service exception is inconsistent with their arguments for alternative service. Zheng-Chen Br. 6.  Plaintiffs argue service on U.S. counsel involves "no transmittal for service abroad" for purposes of the Hague Convention, but still counts as service in a foreign country for purposes of Rule 4(m).  Opp. 53–54.  None of their cases (Opp. 54) address the tension between trying to have it one way for the Hague Convention and the other way for Rule 4(m).  In an analogous context, courts have held that "[p]laintiff[s] cannot have it both ways" by asserting that service was "outside of the United States for purposes of invoking Rule 4(f), but inside the United States for purposes of avoiding the requirements of the Hague Convention." *Spin Master, Ltd. v. Aomore-US*, No. 23-cv-7099 (DEH), 2024 WL 3030405, at *9 (S.D.N.Y. June 17, 2024); *see also Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (LJL), 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020) (collecting cases).  The same logic applies here.

**B.**      **Plaintiffs have not shown good cause for their failure to timely serve.**

Under Rule 4(m), "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  This requires showing "that despite diligent attempts, service could not be made due to exceptional circumstances beyond [the plaintiff's] control." *Deptula v. Rosen*, 558 F. Supp. 3d 73, 85 (S.D.N.Y. 2021) (quotation omitted).  Nowhere do plaintiffs argue there was "good cause" for failing to timely serve the

4

complaint.  Plaintiffs cannot meet their burden, *George v. Pro. Disposables Int'l Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016), when they fail to address the issue.  Here, where plaintiffs did not even act with diligence, *supra*, p. 3, they have plainly failed to meet the higher bar of good cause.

### C.      Plaintiffs are not entitled to a discretionary extension of the deadline.

Since plaintiffs cannot avail themselves of the foreign service or good cause exceptions to Rule 4(m), they must seek a discretionary extension of their service deadline in order to avoid dismissal.  Here, the relevant factors counsel against such an extension.  Zheng-Chen Br. 9–13.

### 1.      The statute of limitations.

Plaintiffs emphasize that the statute of limitations would likely bar a refiled action.[2]  Opp. 60–61.  But, as Ms. Zheng and Albert Chen argued in their opening brief, Br. 10–11, courts have held that limited weight should be assigned to this factor where (as here) the plaintiff made no effort to effect formal service, and did not request a deadline extension or ask the defendants for a service waiver.  *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 404–05 (S.D.N.Y. 2020).

Moreover, plaintiffs' counsel are experienced securities lawyers.  ECF 45-4.  They do not contest that they had actual knowledge of the statute of limitations.  Nor do they contest that Ms. Zheng and Albert Chen did nothing to induce its expiration.  Opp. 58 n.17.

Plaintiffs also fail to grapple with *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007).  There, the Second Circuit declined to adopt a "per se rule" that an extension would be justified where statutes of limitations would bar the refiling of an action, explaining that "[i]t is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action."  *Id.*  The *Zapata* Court explained: "[I]n the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the

---

[2] A complaint that is not timely served does not stop the running of the statute of limitations. Zheng-Chen Br. 10 (citing *Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990)).

result of the plaintiff's neglect." *Id.*    As noted, plaintiffs do not even attempt to argue "good cause" exists for the failure to timely serve.  Thus, under *Zapata*, this Court must assign weight to the prejudice to the defendants arising "from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." *Id.*

Here, that prejudice would be substantial.  Securities fraud suits must be brought within "2 years after the discovery of the facts constituting the violation." 28 U.S.C. § 1658(b)(1).  This suit came one year, 11 months, and three weeks after the announcement of the Cellenkos transaction, plaintiffs' first alleged corrective disclosure.  Compl. ¶¶ 79–80.  Granting a discretionary extension would force Ms. Zheng and Albert Chen to defend a suit that would otherwise be time-barred, regarding alleged misstatements and omissions that are years old.

### 2.    Actual notice of the claims.

Plaintiffs again fail to address the authority cited by Ms. Zheng and Albert Chen.  As noted in Zheng-Chen Br. 11–12, actual notice does not necessarily justify an extension of the service deadline, *Fantozzi v. City of New York*, 343 F.R.D. 19, 30 (S.D.N.Y. 2022), and courts have given little weight to this factor where "the plaintiff made no effort to achieve service . . . or plaintiffs failed to present a justifiable excuse for failing to effect service." *Kogan*, 334 F.R.D. at 406 (collecting cases).  That is true here: plaintiffs made no effort to achieve service before the deadline, and have not presented any excuse.

### 3.    Defendants' conduct.

Plaintiffs concede that defendants have not concealed any service defects.  Opp. 58 n.17. They contend this factor is neutral.  *Id.*  However, case law suggests that this factor cuts in favor of defendants.  *See Fantozzi*, 343 F.R.D. at 30 ("Because Defendants did not attempt to conceal the defect in service, the third factor cuts against granting an extension.").

6

### 4.    Prejudice to the defendants.

Plaintiffs contend that an extension of the time to serve the complaint would not prejudice Ms. Zheng or Albert Chen, even though the limitations period would have expired absent a retroactive extension.  Opp. 61–63.  There are several decisions to the contrary, Zheng-Chen Br. 12–13, including the Second Circuit's decision in *Zapata*, 502 F.3d at 198.

By contrast, two of the cases plaintiffs cite have no relevance to this issue.  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Barney Assocs* involved a change to the threshold for diversity jurisdiction, not the statute of limitations.  130 F.R.D. 291, 294 (S.D.N.Y. 1990).  And in *Tastefairy Corp. v. Kumar*, No. 19-cv-2953 (NGG), 2019 WL 13220974, at *6 (E.D.N.Y. Oct. 31, 2019), the court expressly noted that the statute of limitations had *not* run on the plaintiff's claim.

Plaintiffs also cite two pre-*Zapata* cases on the statute of limitations.  Neither is good law. *AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P.* suggests there is a per se rule that defendants cannot be prejudiced if a court extends the service period after the limitations period would otherwise have expired.  197 F.R.D. 104, 111 (S.D.N.Y. 2000).  *AIG* relies on the Third Circuit's decision in *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997), for this point.  But in *Zapata*, the Second Circuit expressly rejected the rule in *Boley*.  502 F.3d at 198 (2d Cir. 2007) (discussing *Boley* and "declin[ing] to adopt such a per se rule on the matter").  And the *Zapata* Court went on to find prejudice where "service was effected almost three months after the limitations period would have run had the complaint never been filed." *Id.* at 199.  So too here.

The same defect applies to plaintiffs' other citation, *Hollomon v. City of New York*, No. 04-CV-2964 (NG)(JMA), 2006 WL 2135800, at *4 (E.D.N.Y. July 31, 2006), which relies on *AIG*. Moreover, *Hollomon* also involved good cause for the delay (the plaintiffs' counsel was suffering from mental illness). *Id.* at *3.  That factor is absent here.

Plaintiffs also argue the prejudice is mitigated because the statute of limitations did not

7

expire until September 2024.  Opp. 62.  First, plaintiffs' own Complaint alleges that "Defendants' scheme and misleading statements and omissions began to come to light" on April 29, 2022. Compl. ¶ 79.  But, in any event, even if the limitations period expired in September rather than April, the point stands—either way, extending the service deadline would force Ms. Zheng and Albert Chen to collect evidence and contest these claims beyond the statute of limitations.

Plaintiffs also argue defendants would not be prejudiced by an extension here because plaintiffs have supposedly alleged "memorable events."  Opp. 62.  But the case plaintiffs cite acknowledges that "defendants may be prejudiced by an extended period of time between when a claim accrues and when it is litigated.  Over time, evidence may be lost and recollections can grow weak.  These are the reasons why limitations periods exist."  *De La Rosa v. New York City 33 Precinct*, No. 07-cv-7577 (PKC)(KNF), 2010 WL 1737108, at *7 (S.D.N.Y. Apr. 27, 2010).  And the events at issue in that case—a shooting during an arrest—are not comparable to allegations that defendants made false or misleading statements and omissions in 2019–2022.  Compl. ¶ 1.

There is also a further source of prejudice here: defendants' substantive right, under the relevant statute of repose, to be free from liability for alleged misstatements and omissions after five years. Zheng-Chen Br. 12–13.  A discretionary extension would effectively extend the statue of repose as to misstatements and omissions that would otherwise be barred.  In response, plaintiffs cite *SEPTA v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337 (3d Cir. 2021), which has nothing to do with discretionary extensions under Rule 4(m).  Opp. 63.  Rather, *SEPTA* stands for the proposition that when "a plaintiff brings an action against the defendant containing the claims at issue within the repose period . . . relation back does not offend the Rules Enabling Act when a plaintiff merely seeks to amend a timely filed complaint."  *Id.* at 352.  To the extent this case is relevant, it affirms the premise of defendants' argument: if plaintiffs' service is validated, plaintiffs will be able to

8

keep omissions and misstatements in the case that would otherwise be barred by the statute of repose.  In addition to being prejudicial, it also abridges defendants' substantive right to be free from liability after five years and thus runs afoul of the Rules Enabling Act.  Zheng-Chen Br. 13.

### 5.      The other factors plaintiffs cite do not change the analysis.

Plaintiffs also list various other factors, which they assert "weigh in favor of a discretionary extension here."  Opp. 63–65.  They do not.

First, plaintiffs contend that they acted diligently to serve the complaint.  Opp. 63.  But, as noted, their efforts cannot be called "diligent" when they allowed the service deadline to lapse without taking any action, such as a motion to extend the time to serve the complaint.  *Supra*, p. 3.

Second, plaintiffs contend that the Amended Complaint would have been timely served if it had been the initial complaint.  Opp. 63.  But, even if true, whether an amended complaint would have been timely served if it were the original complaint is not the rule, and plaintiffs cite no precedent for a post-hoc discretionary extension based on this reasoning.

Third, plaintiffs argue that the Advisory Committee note suggests that the 2015 amendments to Rule 4 should increase the frequency of occasions to extend the time to serve, pointing to the difficulty of serving foreign residents under the Hague Convention.  Opp. 63.  But plaintiffs did *not* move to extend their time to serve this complaint, as the Advisory Committee note recommended.  And though plaintiffs note defendants did not provide service waivers, they fail to mention that plaintiffs did not ask for service waivers until the deadline had already lapsed.  Zheng-Chen Br. 4.  Plaintiffs also point to the difficulty of effecting service under the Hague Convention, Opp. 63, but plaintiffs here made no effort to do so, so this point has no relevance.

Fourth, plaintiffs point to the PSLRA lead plaintiff appointment process.  Opp. 64–65.  Plaintiffs' primary authority is an unpublished report and recommendation (PX J), which was subsequently subject to district court review.  *In re Comverse Tech., Inc. Sec. Litig.*, 543 F. Supp.

2d 134, 145–148 (E.D.N.Y. 2008). Although the district court did grant an extension of time to serve the complaint, it noted that the plaintiff had not been selected as lead plaintiff until *after* the Rule 4(m) period lapsed. *Id.* at 147. As plaintiffs here acknowledge, they were appointed as lead plaintiffs *before* the Rule 4(m) period lapsed. Opp. 64 n.19. *Comverse* is thus distinguishable— all plaintiffs had to do was file a motion to extend the time to serve the complaint. They did not.

Plaintiffs also cite *Wang Yan v. ReWalk Robotics Ltd.*, No. CV 17-10169-FDS, 2018 WL 1041541, at *2–*3 (D. Mass. Feb. 23, 2018), Opp. 65. This is another case where the lead plaintiff was not appointed until after the Rule 4(m) period lapsed. *Id.* at *4. Even then, the plaintiff served the complaint only 74 days after being named lead plaintiff. *Id.* Here, by contrast, service was not effected until 106 days after lead counsel was named. Even on plaintiffs' preferred standard— which, to be clear, is not the law—their service would not have been timely under Rule 4(m).

## II.    THIS COURT LACKS PERSONAL JURISDICTION.

The lack of personal jurisdiction over Ms. Zheng and Albert Chen provides a further ground for dismissal. Zheng-Chen Br. 14–19. First, defective service also warrants dismissal under Rule 12(b)(2). Zheng-Chen Br. 19. Second, the exercise of jurisdiction over Ms. Zheng and Mr. Chen would not be reasonable here. Plaintiffs dispute this, Opp. 45–47, but cannot deny that exercising jurisdiction will create a severe burden for Ms. Zheng and Albert Chen, who live in China. The case would unfold far from where they reside, in a foreign language and legal system. Most of the evidence and witnesses are not located in the U.S. And there are other pending proceedings addressing these allegations, in New York and in foreign jurisdictions. Zheng-Chen Br. 16–19. Certain of plaintiffs' authorities on this point (Opp. 43–44) involve cases brought by the S.E.C., which has a greater interest in enforcing U.S. securities laws than a private plaintiff.

## CONCLUSION

The Court should dismiss this action as to defendants Ms. Zheng and Albert Chen.

Dated: March 18, 2025
New York, New York

**JONES DAY**

By */s/ Nidhi (Nina) Yadava*
Nidhi (Nina) Yadava
Jacob Miller
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
nyadava@jonesday.com
jakemiller@jonesday.com

*Attorneys for Defendants Ting (Tina) Zheng and Bing Chuen (Albert) Chen*