**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re: Global Cord Blood Corporation Securities Litigation* | Case No. 1:24-cv-03071-PKC |

**<u>DECLARATION OF MICHAEL J. BILES IN SUPPORT OF KING & SPALDING LLP'S MOTION TO WITHDRAW AS COUNSEL</u>**

I, MICHAEL J. BILES, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a member of the bar of this Court and a partner at the law firm of King & Spalding LLP ("Movant"), counsel for Defendant Cellenkos, Inc. ("Cellenkos") in this action.  I submit this declaration in support of Movant's Motion to Withdraw as Counsel (the "Motion") pursuant to Local Rule 1.4.

2.      Movant's attorneys Michael J. Biles and John T. Goodwin appeared on behalf of Cellenkos on October 25, 2024.

3.      On April 4, 2025, Craig Stanfield, Cellenkos's outside counsel at Paul Hastings LLP (and former partner at King & Spalding that led the Cellenkos relationship) told me that Cellenkos's CEO, Dr. Simrit Parmer, did not want Movant to continue to represent Cellenkos.

4.      On May 2, 2025, July 10, 2025, and August 8, 2025, Movant informed Cellenkos that it should identify replacement counsel because Movant intends to move to withdraw from this action. Cellenkos has not responded to any of these communications.

5.      This Motion is not brought for any improper purpose, and good faith grounds exist for the relief requested in the Motion. **First**, Cellenkos essentially discharged Movant on April 4, 2025. *See Casper v. Lew Lieberbaum & Co.*, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999) ("While Local Rule 1.4 requires a court order to withdraw, when counsel has been discharged—

and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances."). **Second**, Cellenkos is no longer responding to communications from Movant. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.,* 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (finding client's failure to communicate with counsel to be "sufficient grounds for withdrawal pursuant to Local Civil Rule 1.4").

6.      Furthermore, "the posture of the case" is appropriate for Movant's withdrawal, because "the prosecution of the suit" is not "likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999).

7.      There are no currently-pending deadlines in this case, so Movant's withdrawal will not occasion a request for the extension of any deadlines.

8.      Pursuant to the Court's November 26, 2024 Scheduling Order (ECF No. 113), discovery remains stayed pending the Court's decision on Defendants' motions to dismiss.

9.      There has been no activity on the docket since mid-March 2025, when Cellenkos and its co-defendants filed their reply memoranda in further support of their motions to dismiss the Complaint. Those motions are fully briefed and remain pending before the Court.

10.      Given the posture of the case, Movant's withdrawal will not prejudice Cellenkos. *See Winkfield v. Kirschenbaum & Phillips, P.C.*, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) ("Where discovery has not yet closed and the case is not 'on the verge of trial readiness,' prejudice is unlikely to be found"). Cellenkos will have ample time to identify and retain substitute counsel without any impact on these proceedings.

11.      New York Rule of Professional Conduct 1.16(b)(3) states that "a lawyer *shall* withdraw from the representation of a client when […] the lawyer is discharged." This Rule counsels in favor of Movant's withdrawal.

12.     New York Rule of Professional Conduct 1.16(c) provides that "a lawyer *may* withdraw from representing a client" where "withdrawal can be accomplished without material adverse effect on the interest of the client," *id.* 1.16(c)(1), and "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively," *id.* 1.16(c)(7). This Rule further counsels in favor of Movant's withdrawal.

13.     As explained above, Movant has taken "steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of" Cellenkos, including "giving reasonable notice" to Cellenkos and "allowing time for employment of other counsel." New York Rule of Professional Conduct 1.16(e).

14.     Movant is not asserting a retaining or charging lien against Cellenkos in connection with its contemplated withdrawal as counsel.

15.     Pursuant to Local Rule 1.4, a copy of the Motion will be served upon Cellenkos and all other parties.

Dated: August 12, 2025
Travis County, Texas

*S/Michael J. Biles*
Michael J. Biles