

Garth Spencer
gspencer@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
929-777-1047

September 19, 2025

**VIA ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *In Re: Global Cord Blood Corp. Securities Litigation*, Case No. 1:24-cv-03071-PKC
          Notice of Supplemental Authority

Dear Judge Castel:

Plaintiffs write to inform the Court of the U.S. Supreme Court's recent decision in *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025), a copy of which is filed as an exhibit to this letter. No conference is currently scheduled before the Court.

*Fuld* is relevant to the personal jurisdiction arguments raised in Defendants' pending motions to dismiss, and was decided after those motions were fully briefed. Personal jurisdiction for Plaintiffs' claims under the federal Securities Exchange Act of 1934 is governed by Fifth Amendment due process standards. *S.E.C. v. Unifund SAL*, 910 F.2d 1028, 1033 (2d Cir. 1990). The parties' briefing on personal jurisdiction reflected prior case law analyzing personal jurisdiction under the Fifth Amendment in the same manner as that under the Fourteenth Amendment. *E.g.*, *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) ("the minimum contacts and fairness analysis is the same under the Fifth Amendment and the Fourteenth Amendment").

In *Fuld*, the Supreme Court reasoned that "[b]ecause the State and Federal Governments occupy categorically different sovereign spheres, we decline to import the Fourteenth Amendment minimum contacts standard into the Fifth Amendment. Rather, the Due Process Clause of the Fifth Amendment necessarily permits a more flexible jurisdictional inquiry commensurate with the Federal Government's broader sovereign authority." *Fuld*, 606 U.S. at 16. However, the Supreme Court "[did] not purport to delineate the outer bounds of the Federal Government's power, consistent with due process, to hale foreign defendants into U. S. courts" (*id.* at 18), and noted that "the prospect remains that the Fifth Amendment might entail a similar inquiry [as compared to the Fourteenth Amendment] into the reasonableness of the assertion of jurisdiction in the particular case" (*id.* at 23, internal quote and citation omitted).

District Courts within the Second Circuit analyzing personal jurisdiction for claims arising under the federal securities laws have since noted *Fuld*'s applicability and abrogation of previous Second Circuit authority. *See Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, No. 1:24-CV-00744 (JLR), 2025 WL 2613530, at *11 (S.D.N.Y. Sept. 10, 2025); *Caplan v. Dollinger*, No. 24-CV-7996 (JMF), 2025 WL 1808530, at *6 (S.D.N.Y. June 30, 2025).

The Honorable P. Kevin Castel
September 19, 2025
Page 2

      As Plaintiffs argued in their opposition to Defendants' motions to dismiss, the Court has personal jurisdiction over each Defendant under prior Second Circuit authority. *See* ECF No. 136 at 33-52. Plaintiffs' arguments are only strengthened by *Fuld*'s holding that the Fifth Amendment entails "a more flexible jurisdictional inquiry." 606 U.S. at 16; *see also Baosheng*, 2025 WL 2613530, at *11 ("*Fuld* has broadened the due-process inquiry").

      Plaintiffs' counsel has conferred with counsel for Defendants, and is informed that while they do not agree with the contents of this notice of supplemental authority, they do not oppose the filing of such notice.  Plaintiffs' counsel agrees that Defendant(s) may file a response, if any.

Sincerely,

*/s/ Garth Spencer*

Garth Spencer