**WHITE & CASE**

September 25, 2025

**VIA ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
**T** +1 212 819 8200

**whitecase.com**

**RE: *In re Global Cord Blood Corp. Securities Litigation*, Case No. 1:24-cv-03071-PKC**

Dear Judge Castel:

We represent Defendants Mark Da-Jian Chen and Jennifer Weng, and write in response to Plaintiffs' Notice of Supplemental Authority dated September 18, 2025 (ECF No. 158) (the "Notice"), attaching *Fuld v. Palestine Liberation Organization, et al.*, 606 U.S. 1 (2025) ("*Fuld*").[1]

In *Fuld*, the Supreme Court rejected a constitutional challenge under the Fifth Amendment's Due Process Clause to a provision of an anti-terrorism statute that deemed the specific foreign defendants to have consented to personal jurisdiction in a federal district court if they engaged in certain enumerated activities in the U.S. or accepted particular forms of U.S. assistance. *Fuld*, 606 U.S. at 6-9. The Supreme Court declined to import the Fourteenth Amendment standard of minimum contacts with the forum state into the Fifth Amendment, holding that "the Fifth Amendment necessarily permits a more flexible jurisdictional inquiry" into the defendants' overall U.S. contacts. *Id.* at 16, 23-24. But the Supreme Court likewise declined to "delineate the outer bounds" of the power of parties "to hale foreign defendants into U.S. courts," and recognized that "the Fifth Amendment might entail a similar inquiry into the reasonableness of the assertion of jurisdiction" as the Fourteenth Amendment's minimum contacts standard. *Id.* at 18, 23 (internal quotation and citation omitted). The Supreme Court went on to hold that the anti-terrorism statute at issue did not violate the Fifth Amendment because it reasonably tied personal jurisdiction to enumerated conduct by the defendants involving the U.S., and concerned sensitive foreign policy matters within the prerogative of the political branches. *Id.* at 25.

Contrary to the Notice (p. 2), *Fuld* does not support Plaintiffs' arguments here. Unlike in *Fuld*, no federal statute exists deeming the foreign Defendants to have consented to personal jurisdiction, and Plaintiffs' claims do not concern sensitive foreign policy matters relegated to the political

---

[1] This response is joined by (i) Jones Day as counsel for Defendants Tina Zheng and Bing Chuen (Albert) Chen, (ii) Morrison & Foerster LLP as counsel for Defendant Yuen Kam, and (iii) Kobre & Kim LLP as counsel for Defendant Golden Meditech Holdings Limited.

The Honorable P. Kevin Castel
September 25, 2025

branches. Moreover, Plaintiffs offer nothing to support their claim that a more flexible jurisdictional inquiry than that provided by the Fourteenth Amendment would lead to a different result.  As outlined in Defendants' briefs, Plaintiffs fail to show *any* connection between the foreign Defendants and the United States, not merely the absence of forum contacts in New York. Moreover, as the Supreme Court reiterated in *Fuld*, "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Id.* at 19 (quoting *Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 115 (1987)). Under *any* analysis, therefore, Plaintiffs have not established personal jurisdiction.

Finally, if the Court finds it necessary, Defendants stand ready to further brief the issue.  *See Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, No. 124-CV-00744 (JLR),2025 WL 2613530, at *11 (S.D.N.Y. Sept. 10, 2025) (requiring parties to re-brief personal jurisdiction arguments post-*Fuld*) (cited at Notice, p. 1).

Plaintiffs have consented to Defendants filing this joint reply to the Notice.

Respectfully submitted,

WHITE & CASE LLP


/s/ *David Hille*
David Hille
Ladan F. Stewart
Robert Tiedemann
Susan Grace
1221 Avenue of the Americas
New York, New York 10020
(212) 819-8200
dhille@whitecase.com
ladan.stewart@whitecase.com
rtiedemann@whitecase.com
susan.grace@whitecase.com

*Attorneys for Defendants Mark Da-Jian Chen and Jennifer J. Weng*

cc: All Counsel of Record (via ECF)