UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GLOBAL CORD BLOOD CORPORATION SECURITIES LITIGATION | No. 1:24-cv-03071-PKC<br><br><br>**JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT KAM
## TO THE AMENDED CLASS ACTION COMPLAINT

Defendant Yuen Kam ("Defendant"), by and through his counsel, CA Legal Advisory LLC, hereby submits this Answer to the Amended Class Action Complaint dated September 20, 2024 (ECF No.60), and responds, alleges, and avers as follows, on knowledge as to his own acts and otherwise on information and belief:

## GENERAL STATEMENT

GCBC was, at all relevant times, a publicly traded company with its own board of directors, management, auditors, corporate governance, and public disclosure processes. Defendant Yuen Kam was not an officer or director of GCBC during the Class Period and did not participate in GCBC's day-to-day management, operations, accounting, financial reporting, or public disclosures. Defendant did not make any public statement on behalf of GCBC, and did not prepare, review, approve, or direct any SEC filing, press release, earnings call script, or other public disclosure by GCBC. Defendant further denies that he engaged in any fraudulent, deceptive, or manipulative conduct, or that he acted with scienter, intent to defraud, or recklessness.

Defendant denies that he controlled GCBC, directly or indirectly, during the Class Period. Following the January 2018 sale of Golden Meditech's majority equity interest in GCBC, Blue Ocean held the majority equity position in GCBC and placed its representative, Xu Ping, on GCBC's Board. Xu Ping possessed approval authority over fund disbursements. Defendant

1

therefore denies that any acts or statements of GCBC's officers, directors, employees, or agents during the Class Period are attributable to him. Plaintiffs improperly seek to attribute to Defendant the alleged acts of GCBC, Golden Meditech, Cellenkos, and other individuals and entities.

Following the Court's February 17, 2026 Opinion and Order (ECF No. 163) dismissing certain claims and parties from this action, and except as expressly admitted herein, Defendant denies each and every remaining allegation of the Amended Complaint.

To the extent Defendant admits herein that an SEC filing, press release, earnings-call transcript, court filing, report, ruling, agreement, or other document contains statements as reflected therein, Defendant admits only the existence of such document and that it contains the statements reflected on its face. Defendant does not admit the truth, accuracy, completeness, materiality, or legal effect of any such statement, quotation, excerpt, or characterization, denies any characterization inconsistent with the document's actual contents, and denies that he prepared, reviewed, approved, adopted, endorsed, or was responsible for any such document except as expressly admitted herein.

Subject to and without waiving the foregoing General Statement, Defendant responds to the numbered paragraphs of the Amended Complaint as follows:

1.      Defendant admits that Plaintiffs purport to bring a putative securities class action under the Securities Exchange Act of 1934 and SEC Rule 10b-5 on behalf of purchasers of the securities of GCBC, and admits that Plaintiffs purport to represent a class beginning June 18, 2019 and ending May 9, 2022. Except as so expressly admitted, Defendant denies the allegations in this paragraph.

2.      Defendant admits that GCBC's primary business activity is processing and storing umbilical cord blood for expectant parents in Mainland China for potential use in future medical

treatments. Defendant further admits that GCBC's ordinary shares were listed on the New York Stock Exchange during the Class Period. Defendant respectfully refers the Court to GCBC's public filings with the SEC for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of those documents. Except as so expressly admitted, Defendant denies the allegations in this paragraph.

3.     Defendant denies that Defendant Zheng is or was his spouse and denies that she constitutes an immediate family member of Defendant within the meaning of applicable SEC disclosure rules or regulations. Defendant admits that he has a personal relationship with Defendant Zheng and that they have children together, but denies that any such relationship gave rise to a related-party disclosure obligation attributable to him or established control of GCBC by Defendant. Defendant denies that he controlled GCBC, directly or indirectly, following Golden Meditech's divestment of its prior majority equity interest in GCBC in or about 2018, and denies that he had the power to control or influence GCBC's management, operations, transactions, or public disclosures during the Class Period. Defendant further states that, as reflected in publicly available records, following that transaction, Blue Ocean held the majority equity position and had board representation. Defendant further denies that Albert Chen acted at his direction, under his control, or as his agent during the Class Period, or that any of Albert Chen's alleged acts or statements may be attributed to him. Defendant lacks knowledge or information sufficient to form a belief as to the allegations that Albert Chen used alternative names to conceal his identity and therefore denies them.

4.     Defendant denies that he directed, authorized, approved, caused, or controlled any transfers of funds by GCBC or its subsidiaries during the Class Period to himself or to any entities he controlled, and denies that he engaged in any fraudulent or improper conduct during the Class

Period as alleged. To the extent this paragraph refers to reports, findings, or statements by the JPLs or allegations by Blue Ocean, Defendant respectfully refers the Court to those materials for a complete and accurate statement of their contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that any such reports, findings, or statements arose from foreign proceedings and do not constitute final determinations binding on this Court. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning specific transfers and therefore denies them.

5.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning Cellenkos's revenue, business prospects, or product candidates and therefore denies them. Defendant admits that, as reflected in publicly available materials, Kim Chuan Leong was identified as serving in executive and financial roles at Cellenkos during relevant periods. Defendant further admits only that publicly disclosed transaction documents relating to a proposed GCBC acquisition of Cellenkos contain statements regarding cash and equity consideration as reflected therein, and denies any characterization of those documents inconsistent with their actual contents. Defendant denies that he devised any sham transaction, participated in any fraudulent scheme, or engaged in any fraud or theft during the Class Period. Defendant further denies that he directed, structured, negotiated, authorized, or controlled GCBC's decision to enter into the Cellenkos transaction, or any transaction alleged to be wrongful or improper during the Class Period. Defendant denies that he had authority over or control of GCBC's transactions, acquisitions, licensing arrangements, stock issuances, or corporate decisions during the Class Period. Defendant further denies that the acts of GCBC, Golden Meditech, Cellenkos, or any other entity may be attributed to him by reason of ownership, position, or affiliation.

6.  Defendant admits that proceedings in the Cayman Islands Grand Court were instituted and that filings and rulings were issued concerning a bank statement referenced in this paragraph. Defendant respectfully refers the Court to those filings and rulings for a complete and accurate statement of their contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that any such rulings were issued in a foreign proceeding and are not binding in this action and are not final adjudications of the matters referenced therein. Defendant denies any involvement in the preparation, submission, or use of any such allegedly fabricated or forged document and denies that he directed, authorized, approved, or participated in any such alleged conduct. Defendant further denies that he had contemporaneous knowledge of any such alleged conduct during the Class Period.

7.  Paragraph 7 contains a graphic to which no responsive pleading is required. Defendant lacks knowledge or information sufficient to form a belief that the Cellenkos transaction was intended to conceal any theft of GCBC funds and therefore denies that allegation. Defendant further denies that he secretly controlled GCBC during the Class Period, and denies that he directed, authorized, or knowingly participated in any transaction alleged to be wrongful or part of any fraudulent scheme during the Class Period.

8.  Defendant admits that Blue Ocean initiated proceedings in the Cayman Islands relating to the proposed Cellenkos transaction and that additional proceedings were instituted in the Cayman Islands, the British Virgin Islands, and Hong Kong, as reflected in publicly available filings and rulings. Defendant respectfully refers the Court to those filings and rulings for a complete and accurate statement of their contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that any such filings or rulings were issued in foreign proceedings and are not binding in this action and do not constitute

final adjudications of the matters referenced therein. Defendant denies that any such litigation revealed control by Defendant over GCBC during the Class Period, his participation in any fraudulent conduct, or repeated false testimony or reliance on forged, backdated, or falsified corporate records by Defendant. Defendant otherwise denies the allegations in this paragraph.

9. Defendant admits that GCBC announced the proposed Cellenkos transaction on or about April 29, 2022, as reflected in publicly available filings and statements, and respectfully refers the Court to those materials for a complete and accurate statement of their contents. Defendant further admits that Blue Ocean filed a winding-up petition in the Cayman Islands Grand Court on or about May 5, 2022. To the extent this paragraph refers to trading prices of GCBC securities, those prices are a matter of public record. Defendant denies that any stock-price movement was caused by any conduct attributable to him during the Class Period, and otherwise denies the allegations in this paragraph.

10. Defendant denies that Plaintiffs or any purported class members suffered damages as a result of any conduct by Defendant.

11. Defendant admits only that Plaintiffs purport to assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, and otherwise denies the allegations in this paragraph.

12. Defendant admits that this Court has subject matter jurisdiction over claims arising under the federal securities laws. Defendant reasserts and preserves his objections to the exercise of personal jurisdiction over him and reserves all rights with respect thereto. Defendant acknowledges that this Court has previously ruled on the issues of personal jurisdiction and venue in this matter. To the extent a further response is deemed required, Defendant denies the remaining allegations in this paragraph.

13. Defendant reasserts and preserves his objection to venue and reserves all rights with respect thereto. Defendant acknowledges that this Court has previously ruled on the issues of personal jurisdiction and venue in this matter. To the extent a further response is deemed required, Defendant denies the remaining allegations in this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief as to GCBC's specific use of the means and instrumentalities of interstate commerce and therefore denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff Alessandro Somansino's transactions or alleged damages and therefore denies them. Defendant further denies that any alleged damages were caused by any act or omission of Defendant.

16. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff Mark Lewko's transactions, reliance, or alleged damages and therefore denies them. Defendant further denies that any alleged damages were caused by any act or omission of Defendant.

17. Defendant admits that GCBC is incorporated in the Cayman Islands, that during the Class Period GCBC maintained its principal executive offices at 48th Floor, Bank of China Tower, 1 Garden Road, Central, Hong Kong S.A.R., that its ordinary shares were listed and traded on the NYSE under the ticker symbol "CO," and that its primary business activity is processing and storing umbilical cord blood for expectant parents in Mainland China for potential use in future medical treatments.

18. Defendant admits that Golden Meditech is incorporated in the Cayman Islands, that during the Class Period it maintained its principal executive offices at 48th Floor, Bank of

China Tower, 1 Garden Road, Central, Hong Kong S.A.R., and that it is a healthcare industry conglomerate in Mainland China that operated businesses including hospital management, medical insurance services, genetic testing, and medical device sales. Defendant further admits that, prior to the Class Period, Golden Meditech held a majority equity interest in GCBC. Defendant denies the allegation that Golden Meditech was the "controlling shareholder" of GCBC to the extent that phrase is used in a legal, conclusory, or otherwise inaccurate sense.

20. Defendant admits that Cellenkos, Inc. is incorporated in Delaware and, during the Class Period, maintained its principal executive offices at 5416 Chaucer Drive, Houston, Texas, and described itself as a clinical-stage biotechnology company seeking to develop drug product candidates to treat autoimmune diseases and inflammatory disorders. Defendant admits that Golden Meditech was a significant shareholder of Cellenkos during the Class Period, but denies the characterization that Golden Meditech was a "controlling shareholder."

20. Defendant does not object to the use of the defined term "Corporate Defendants" for purposes of this litigation.

21. Defendant admits that he is the founder of Golden Meditech and that he previously served in senior leadership roles at Golden Meditech, including as Chairman and Chief Executive Officer during certain periods prior to May 2019. Defendant denies that he was Chairman or Chief Executive Officer of Golden Meditech throughout the Class Period as alleged, and denies that he controlled GCBC, directly or indirectly, during the Class Period. Defendant further states that he resigned as Chairman in 2019; that after Golden Meditech's privatization and delisting an Independent Committee was established to address relevant matters; that he later resumed service only as a director, not as Chairman or Chief Executive Officer; that during 2022 he ceased or substantially curtailed director duties in connection with those conflict matters; and that he has

8

since stopped his duties at Golden Meditech. Defendant denies that Defendant Zheng is or was his spouse. Defendant admits that he has a personal relationship with Defendant Zheng and that they have children together. Defendant denies that any such relationship gave rise to control over GCBC or any duty on his part to disclose such relationship to investors. Defendant admits that he resided in Mainland China during relevant periods. Defendant denies any allegation that he secretly controlled GCBC during the Class Period or that he concealed his personal relationship with Defendant Zheng in violation of any duty to investors.

22.     Defendant admits that Defendant Zheng served as Chief Executive Officer and Chairperson of GCBC during the Class Period and that she previously served as a director of Golden Meditech. Defendant denies that Defendant Zheng is or was his spouse. Defendant admits that he has a personal relationship with Defendant Zheng and that they have children together. Defendant admits that Defendant Zheng resided in Mainland China during relevant periods. Defendant denies that he concealed any relationship in violation of any duty to investors or that he exercised control over GCBC by virtue of any personal relationship.

23.     Defendant admits that Defendant Albert Chen served as Chief Financial Officer and a director of GCBC during the Class Period and that he previously served as corporate finance vice president of Golden Meditech. Defendant lacks knowledge or information sufficient to form a belief as to the allegations that Defendant Chen concealed his identity when working for Golden Meditech or as to his residence and therefore denies them. Defendant denies any allegation that Mr. Chen acted at his direction, under his control, or as his agent in connection with any alleged wrongful conduct, scheme, or fraud described in the Amended Complaint.

24.     Defendant Mark Da-Jian Chen has been dismissed from this action pursuant to the Court's February 17, 2026 Opinion and Order (ECF No. 163), and accordingly no response

9

is required to the allegations in this paragraph. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

25.    Defendant Jennifer Weng has been dismissed from this action pursuant to the Court's February 17, 2026 Opinion and Order (ECF No. 163), and accordingly no response is required to the allegations in this paragraph. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

26.    Defendant does not object to the use of the defined term "Individual Defendants" for purposes of this litigation.

27.    Defendant does not object to the use of the defined term "Defendants" for purposes of this litigation.

28.    Defendant admits that he founded Golden Meditech, that Golden Meditech was listed on the Hong Kong Stock Exchange during the period alleged, and that he served as Chairman and Chief Executive Officer of Golden Meditech during certain periods prior to May 2019. Defendant further admits that he resigned in 2019 following the Hong Kong Stock Exchange disciplinary action referenced in the Amended Complaint. Defendant admits that, during periods prior to May 2019 when he served as Chairman and Chief Executive Officer of Golden Meditech, he exercised control over Golden Meditech and certain of its subsidiaries. Defendant denies that he exercised control over Golden Meditech during the Class Period merely by reason of founding status, share ownership, affiliation, or the allegations pleaded, and denies that any such alleged control establishes control over GCBC during the Class Period. Defendant further states that, after Golden Meditech's privatization and delisting, an Independent Committee was established to address relevant matters. Defendant otherwise denies the allegations in this paragraph.

10

29.     Defendant admits that Defendant Zheng served as an executive director of Golden Meditech and that Kim Chuan Leong worked for Golden Meditech and held finance-related positions during relevant periods. Defendant admits that Defendant Albert Chen served in a corporate finance role at Golden Meditech for a period of time. Defendant denies the allegations concerning the nature, scope, or characterization of these individuals' responsibilities or alleged continued involvement as asserted in the Amended Complaint. Defendant further denies that any such individuals acted as his agents or that their acts may be attributed to him personally.

30.     Defendant admits that the Hong Kong Stock Exchange Listing Committee issued a disciplinary decision relating to Golden Meditech and certain individuals as referenced in this paragraph. Defendant respectfully refers the Court to that decision for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant denies that the decision establishes liability, scienter, or any other element of Plaintiffs' claims against Defendant in this action.

31.     Defendant admits that the Hong Kong Stock Exchange Listing Committee issued a decision relating to Golden Meditech as referenced in this paragraph. Defendant respectfully refers the Court to that decision for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant denies that the decision has any bearing on any liability, scienter, or other element of Plaintiffs' claims against Defendant in this action.

32.     Defendant admits that the Hong Kong Stock Exchange Listing Committee issued a decision relating to Golden Meditech as referenced in this paragraph. Defendant denies any characterization of that decision inconsistent with its actual contents and denies that the decision

has any bearing on any liability, scienter, or other element of Plaintiffs' claims against Defendant in this action.

33.     Defendant admits that certain individuals, including Defendant, resigned from positions at Golden Meditech during the period referenced, and that Golden Meditech issued a press release dated May 24, 2019, regarding those matters. Defendant further admits that he remained a shareholder of Golden Meditech. Defendant otherwise denies the allegations in this paragraph.

34.     Defendant admits that Golden Meditech was privatized and de-listed from the Hong Kong Stock Exchange in or about 2020. Defendant denies the characterization that "various companies affiliated with him" launched or controlled the privatization proposal in the manner alleged, and denies any implication that any such affiliated companies or the privatization transaction establish his control over GCBC during the Class Period or any other element of Plaintiffs' claims. Defendant otherwise denies the allegations in this paragraph.

35.     Defendant admits that, following Golden Meditech's privatization and de-listing from the Hong Kong Stock Exchange, he resumed service at Golden Meditech only as a director, not as Chairman or Chief Executive Officer. Defendant further states that an Independent Committee was established to address relevant matters and that he later ceased or substantially curtailed such duties. Defendant denies the remaining allegations in this paragraph.

36.     Defendant admits that the business that later became GCBC began operating in or about 2003 and that Golden Meditech acquired cord blood banking companies during that period. Defendant denies that Defendant Zheng was solely or continuously "in charge of" the Company's cord blood bank operations in the manner alleged, and otherwise denies the allegations in this paragraph.

12

37.     Defendant admits that the business that later became GCBC continued as a majority-owned subsidiary of Golden Meditech until in or about 2009, when it went public through a business combination with Pantheon China Acquisition Corp., and that following that business combination the company was named China Cord Blood Corporation, incorporated in the Cayman Islands, and publicly traded on the NYSE under the ticker symbol "CO." Defendant otherwise denies the allegations in this paragraph.

38.     Defendant admits that the individuals identified in this paragraph served in the corporate positions referenced during relevant periods. Defendant admits that Golden Meditech held a majority equity interest in GCBC during certain periods as reflected in public filings, but denies that such ownership alone establishes "control" within the meaning of Section 20(a) of the Exchange Act. Defendant otherwise denies the allegations in this paragraph.

39.     Defendant admits that, as reflected in publicly available records, on or about January 31, 2018, Nanjing Ying Peng Hui Kang Medical Industry Investment Partnership (limited partnership) and its subsidiary Blue Ocean Structure Investment Company Ltd purchased Golden Meditech's approximately 65% equity interest in GCBC. Defendant denies that he retained control of GCBC following that transaction. Defendant further states that Blue Ocean thereafter held the majority equity position in GCBC and had representation on the Board. Defendant otherwise denies the allegations in this paragraph.

40.     Defendant admits that, as reflected in publicly available records, GCBC thereafter changed its name to Global Cord Blood Corporation, Defendant resigned from his position as Chairman of the Board, and certain other individuals identified in this paragraph continued in GCBC management or board roles during relevant periods. Defendant denies that any such facts

13

establish that he controlled GCBC during the Class Period, directly or indirectly, or that the acts, statements, or disclosures of GCBC during the Class Period are attributable to him.

41.     Defendant denies that he controlled GCBC following the sale of Golden Meditech's majority equity interest. Defendant further states that Blue Ocean held the majority equity position and had board representation following that transaction. Defendant denies that Defendant Zheng is or was his spouse. Defendant admits that he has a personal relationship with Defendant Zheng and that they have children together. Defendant denies that any personal relationship gave rise to control over GCBC or any duty on his part to disclose to investors. Defendant further lacks knowledge or information sufficient to form a belief as to the nature, scope, or duration of any role Defendant Albert Chen may have held at Golden Meditech during the Class Period and therefore denies the allegations in this paragraph to that extent. Defendant denies that any past or present association between Defendant Albert Chen and Golden Meditech gave Defendant influence or control over Defendant Chen, GCBC, or any of its management, operations, or public disclosures during the Class Period, or gave rise to any disclosure obligation on Defendant's part. Defendant further denies that any such alleged association constituted a material omission attributable to him.

42.     Defendant respectfully refers the Court to GCBC's public filings referenced in this paragraph for a complete and accurate statement of their contents. Defendant admits only that those filings contain statements as reflected therein regarding GCBC's business operations, including cord blood banking activities in the Beijing, Guangdong, and Zhejiang regions, and regarding GCBC's financial performance and regulatory environment. Defendant denies any characterization of those filings inconsistent with their actual contents and denies the remaining allegations in this paragraph.

14

43.    Defendant respectfully refers the Court to GCBC's annual reports filed with the SEC referenced in this paragraph for a complete and accurate statement of their contents. Defendant admits only that those reports contain tables and figures as reflected therein, including figures regarding cash and cash equivalents, total assets, total liabilities, revenues, operating income, net income, and cash flows. Defendant denies any characterization of those reports inconsistent with their actual contents and otherwise denies the allegations in this paragraph.

44.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning the views, motives, or requests of shareholders or analysts concerning GCBC's cash balances, dividends, or stock buybacks, and therefore denies them.

45.    Defendant admits that, as reflected in publicly available materials, GCBC held an earnings call on or about June 19, 2019. Defendant respectfully refers the Court to the transcript or other public record of that call for a complete and accurate statement of its contents. Defendant further admits only that statements were made during that call as reflected in the transcript or other public record of that call. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the contents of such statements and therefore denies them. Defendant denies any characterization of those statements inconsistent with the transcript or other public record and otherwise denies the allegations in this paragraph.

46.    Defendant admits that, as reflected in publicly available materials, GCBC held an earnings call on or about August 28, 2019. Defendant respectfully refers the Court to the transcript or other public record of that call for a complete and accurate statement of its contents. Defendant further admits only that statements were made during that call as reflected in the transcript or other public record of that call. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the contents of such statements and therefore denies them.

Defendant denies any characterization of those statements inconsistent with the transcript or other public record and otherwise denies the allegations in this paragraph.

47.     Defendant admits that, as reflected in publicly available materials, GCBC held an earnings call on or about November 27, 2019. Defendant respectfully refers the Court to the transcript or other public record of that call for a complete and accurate statement of its contents. Defendant further admits only that statements were made during that call as reflected in the transcript or other public record of that call. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the contents of such statements and therefore denies them. Defendant denies any characterization of those statements inconsistent with the transcript or other public record and otherwise denies the allegations in this paragraph.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning GCBC's dividend policy, cash management, or decisions regarding distributions to shareholders and therefore denies them.

49.     Defendant denies the allegations and characterizations in this paragraph.

50.     Defendant denies the allegations and characterizations in this paragraph.

51.     Defendant states that Plaintiffs fail to identify the source of the statements they purport to reference and characterize in this paragraph. To the extent Plaintiffs purport to reference the Declaration of Tara Sadeghi (Case No. 4:22-mc-01161, ECF No. 5-2) and the Supplemental Declaration of Tara Sadeghi (Case No. 4:22-mc-01161, ECF No. 11-2), Defendant respectfully refers the Court to those documents for a complete and accurate statement of their contents. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies them.

52.     Defendant denies the allegations and characterizations in this paragraph.

16

53.    Defendant respectfully refers the Court to the Cellenkos website and Golden Meditech annual report referenced in this paragraph for a complete and accurate statement of their contents. Defendant admits only that those materials contain statements as reflected therein regarding ownership and relationships with Cellenkos. Defendant denies any characterization of those statements inconsistent with their actual contents and denies that such statements establish control by Defendant or Golden Meditech over Cellenkos.

54.    Defendant denies that he caused GCBC or any of its subsidiaries to make undisclosed transfers of funds and denies that any such transfers, to the extent they occurred, were made at his direction. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning the specific alleged transfers, amounts, or recipients described in this paragraph and therefore denies them.

55.    Defendant admits that Blue Ocean filed an amended winding-up petition as referenced in this paragraph. Defendant respectfully refers the Court to that petition for a complete and accurate statement of its contents, without conceding the accuracy of the assertions attributed to Blue Ocean or the characterizations set forth therein. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning GCBC's financial records, transactions, or payments described therein and therefore denies them. Defendant denies that any such payments, to the extent they occurred, were made at his direction, with his authorization, or with his knowledge, and denies that any such alleged payments establish wrongdoing by Defendant. Defendant further states that such petition was filed or issued in a foreign proceeding and does not constitute a final determination binding on this Court.

56.    Defendant admits that a declaration by Margot MacInnis was filed as referenced in this paragraph. Defendant respectfully refers the Court to that declaration for a complete and

accurate statement of its contents, without conceding the accuracy of the assertions attributed to the declarant or the characterizations set forth therein. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning GCBC's financial condition, records, or alleged irregularities and therefore denies them. Defendant denies that he engaged in any fraud or forgery or that any such alleged conduct may be attributed to him.

57.    Defendant admits that the JPLs issued a First Report as referenced in this paragraph. Defendant respectfully refers the Court to that report for a complete and accurate statement of its contents, without conceding the accuracy of the assertions attributed to the JPLs or the characterizations set forth therein. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning GCBC's financial records, transactions, or reported amounts and therefore denies them. Defendant denies that any such matters may be attributed to him or that he had any involvement in the conduct alleged. Defendant further states that such report was filed or issued in a foreign proceeding and does not constitute a final determination binding on this Court.

58.    Defendant admits that the JPLs issued a First Report as referenced in this paragraph. Defendant respectfully refers the Court to that report for a complete and accurate statement of its contents, without conceding the accuracy of the assertions attributed to the JPLs or the characterizations set forth therein. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning GCBC's cash balances or financial condition and therefore denies them. Defendant denies that any such matters may be attributed to him. Defendant further states that such report was filed or issued in a foreign proceeding and does not constitute a final determination binding on this Court.

59.     Defendant admits that the JPLs issued a First Report as referenced in this paragraph. Defendant respectfully refers the Court to that report for a complete and accurate statement of its contents, without conceding the accuracy of the assertions attributed to the JPLs or the characterizations set forth therein. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning the conduct of GCBC personnel and therefore denies them. Defendant denies that he participated in or directed any alleged effort to impede the JPLs or that any such conduct may be attributed to him. Defendant further states that such report was filed or issued in a foreign proceeding and does not constitute a final determination binding on this Court.

60.     Defendant admits that the JPLs issued a Third Report as referenced in this paragraph. Defendant respectfully refers the Court to that report for a complete and accurate statement of its contents, without conceding the accuracy of the assertions attributed to the JPLs or the characterizations set forth therein. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning transactions or payments involving GCBC or its subsidiaries and therefore denies them. Defendant denies that he directed, authorized, or participated in any such alleged transactions or that any such conduct may be attributed to him. Defendant further states that such report was filed or issued in a foreign proceeding and does not constitute a final determination binding on this Court.

61.     Defendant admits that the JPLs issued a Ninth Report as referenced in this paragraph. Defendant respectfully refers the Court to that report for a complete and accurate statement of its contents, without conceding the accuracy of the assertions attributed to the JPLs or the characterizations set forth therein. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning GCBC's assets or financial condition and therefore

19

denies them. Defendant denies that any alleged conduct of GCBC personnel or others may be attributed to him. Defendant further states that such report was filed or issued in a foreign proceeding and does not constitute a final determination binding on this Court.

62.     Defendant denies that the proposed Cellenkos transaction was an integral part of any scheme by Defendant to steal GCBC's assets or to conceal any alleged theft. Defendant further denies that he devised, directed, caused, or controlled GCBC's decision to enter into the proposed transaction. Defendant otherwise denies the allegations in this paragraph.

63.     Defendant admits that, as reflected in publicly available SEC filings, GCBC filed a Form 6-K on or about April 29, 2022 announcing the proposed Cellenkos transaction and referring to the SPAs and the Framework Agreement. Defendant further admits only that, as reflected in publicly available materials, he executed the Framework Agreement on behalf of GMPM. Defendant denies that the Form 6-K, the SPAs, the Framework Agreement, or his execution of the Framework Agreement on behalf of GMPM establishes that he directed, caused, structured, negotiated, or controlled GCBC's decision to enter into the proposed transaction, that he controlled GCBC during the Class Period, or that he engaged in any wrongdoing. Defendant otherwise denies the allegations in this paragraph.

64.     Defendant admits that documents were attached to the Form 6-K referenced in this paragraph, including documents relating to the proposed Cellenkos transaction. Defendant denies any characterization of those documents inconsistent with their actual contents. Defendant further denies that he prepared, approved for filing, or was responsible for those documents or the disclosures contained therein.

65.     Defendant admits that transaction documents existed relating to the proposed Cellenkos transaction and that such documents identify parties, signatories, and consideration.

Defendant specifically denies that "O NA" was a pseudonym used by Defendant's sister, denies that O Na is Defendant's sister, and denies that any blood relationship existed between them. Defendant further states that "O Na" refers to Wang Na, using a rendering of her real name, and that any familial form of address between them reflected social or cultural convention rather than any blood relationship. Defendant denies that he directed, structured, or controlled the transaction or that any acts of GCBC, Cellenkos, Golden Meditech, or any other entity may be attributed to him.

66.    Defendant admits that documents relating to Cellenkos Holdings L.P. and Cellenkos GP Limited exist as referenced in this paragraph. Defendant denies that any such documents establish control by Defendant or that the acts of any entity may be attributed to him.

67.    Defendant admits that a Framework Agreement existed between GCBC and GMPM as referenced in this paragraph. Defendant further admits that the Agreement states on its face that it was signed on behalf of GCBC by Defendant Zheng and on behalf of GMPM by Defendant. Defendant denies that the existence of the Agreement, or his execution of it on behalf of GMPM, establishes that he directed or controlled GCBC's decision to enter into the Agreement, that he controlled GCBC during the Class Period, or that the Agreement reflects any wrongdoing by Defendant. Defendant otherwise denies the allegations in this paragraph to the extent they are inconsistent with the actual contents of the Agreement.

68.    Defendant denies that the proposed Cellenkos transaction would have restored control of GCBC to him or Golden Meditech and denies that he controlled GCBC directly or indirectly, formally or informally, during the Class Period.

69.    Defendant admits that Blue Ocean filed proceedings in the Cayman Islands relating to the proposed Cellenkos transaction and that the Cayman Court entered orders

concerning that transaction. Defendant respectfully refers the Court to those proceedings and orders for a complete and accurate statement of their contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that any such proceedings or orders were issued in a foreign proceeding and are not binding in this action and are not final adjudications of the matters referenced therein. Defendant denies that those proceedings or orders establish wrongdoing by Defendant.

70.    Defendant admits that Blue Ocean's amended winding-up petition contained allegations concerning a bank statement as referenced in this paragraph. Defendant respectfully refers the Court to that petition for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the petition was filed in a foreign proceeding and does not constitute a final determination binding on this Court. Defendant denies that he prepared, submitted, authorized, or had contemporaneous knowledge of any allegedly forged bank statement.

71.    Defendant admits that the Cayman Grand Court issued an *Ex Tempore* Ruling referenced in this paragraph. Defendant respectfully refers the Court to that ruling for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the ruling was issued in a foreign proceeding and is not binding in this action and is not a final adjudication of the matters referenced therein. Defendant denies that he prepared, submitted, authorized, or had contemporaneous knowledge of any allegedly false bank statement, and denies that the ruling establishes wrongdoing by Defendant.

72.    Defendant respectfully refers the Court to the Cayman Grand Court's *Ex Tempore* Ruling for a complete and accurate statement of its contents, without conceding the accuracy of

22

the statements or characterizations set forth therein. Defendant further denies that he prepared, submitted, authorized, or had contemporaneous knowledge of any allegedly false bank statement, and denies that the ruling establishes wrongdoing by Defendant.

73.    Defendant respectfully refers the Court to the Cayman Grand Court's *Ex Tempore* Ruling for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant denies that any statements attributed to other individuals therein may be attributed to him.

74.    Defendant respectfully refers the Court to the Cayman Grand Court's *Ex Tempore* Ruling for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant denies that any findings described therein establish wrongdoing by Defendant, and denies that any findings concerning the conduct of other individuals may be attributed to him. Defendant otherwise denies the allegations in this paragraph.

75.    Defendant respectfully refers the Court to the Cayman Grand Court's *Ex Tempore* Ruling for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant denies that any alleged conduct, inaction, or silence of other individuals described therein may be attributed to him.

76.    Defendant respectfully refers the Court to the Cayman Grand Court's *Ex Tempore* Ruling for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the ruling was issued in a foreign proceeding and is not binding in this action and is not a final adjudication of the matters referenced therein. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning GCBC's financial records, bank balances, or transactions

23

and therefore denies them. Defendant denies that he misused any company assets or that any such conduct may be attributed to him.

77.    Defendant admits that the Cayman Grand Court issued a judgment dated August 14, 2023, as referenced in this paragraph. Defendant respectfully refers the Court to that judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the judgment was issued in a foreign proceeding and is not binding in this action and is not a final adjudication of the matters referenced therein. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning the conduct of the Litigation Steering Committee, the circumstances surrounding the bank statement, or related discovery matters and therefore denies them. Defendant denies that any alleged acts or statements of the Litigation Steering Committee, Albert Chen, or other individuals may be attributed to him.

78.    Defendant admits only that publicly available materials relating to the Cayman litigation contain allegations and rulings as reflected therein concerning the authenticity of a bank statement and the proposed Cellenkos transaction. Defendant denies any characterization of those materials inconsistent with their actual contents. Defendant denies that he engaged in any scheme to misappropriate funds from GCBC, denies that he directed, authorized, approved, caused, structured, negotiated, or controlled any payment or transaction for any improper purpose, and denies that any alleged sham payment or sham transaction may be attributed to him. Defendant otherwise denies the allegations in this paragraph.

79.    Defendant admits that GCBC publicly announced the proposed Cellenkos transaction on or about April 29, 2022. Defendant denies that any alleged scheme, misleading statement, or omission by Defendant was thereby revealed.

24

80.    Defendant admits that GCBC's stock price declined following the April 29, 2022 announcement. Defendant denies that any alleged stock price decline, investor losses, or damages were caused by any act or omission of Defendant.

81.    Defendant admits that Blue Ocean filed a winding-up petition in the Cayman Islands on or about May 5, 2022. Defendant respectfully refers the Court to that petition for a complete and accurate statement of its contents, without conceding the accuracy of the allegations or characterizations set forth therein. Defendant denies that he proposed, agreed to serve as, or acted as GCBC's representative in any meeting with Blue Ocean or otherwise, and otherwise denies the allegations in this paragraph.

82.    Defendant admits that GCBC's stock price declined on or about May 5, 2022. Defendant denies that any alleged stock price decline, investor losses, or damages were caused by any act or omission of Defendant.

83.    Defendant admits that the Cayman Islands Grand Court appointed JPLs in proceedings relating to GCBC and that the JPLs issued reports and public statements. Defendant further states that such materials arose from foreign proceedings and do not constitute final determinations binding in this action. Defendant denies that such materials establish fraud by Defendant, establish that Defendant controlled GCBC or any other Defendant during the Class Period, or establish that any alleged undisclosed related-party payments or other conduct of GCBC or its personnel may be attributed to him. Defendant otherwise denies the allegations in this paragraph.

84.    Defendant admits that the JPLs issued a First Report. Defendant respectfully refers the Court to the First Report for a complete and accurate statement of its contents, without conceding the accuracy of the assertions attributed to the JPLs or the characterizations set forth

therein. Defendant further states that the First Report is not a final adjudication of any issue in this action. Defendant denies that Defendant Zheng is or was his spouse, admits that Defendant and Defendant Zheng have children together, and denies that any assertions concerning Albert Chen or Golden Meditech establish control of GCBC by Defendant or wrongdoing by Defendant.

85.    Defendant admits that the JPLs issued a First Report. Defendant respectfully refers the Court to the First Report for a complete and accurate statement of its contents, without conceding the accuracy of the assertions attributed to the JPLs or the characterizations set forth therein. Defendant further states that the First Report was filed or issued in a foreign proceeding and does not constitute a final determination binding on this Court. Defendant denies that any alleged acts or omissions of Albert Chen or other individuals described therein may be attributed to him or establish wrongdoing by Defendant.

86.    Defendant admits that the JPLs issued a Third Report. Defendant respectfully refers the Court to the Third Report for a complete and accurate statement of its contents, without conceding the accuracy of the assertions attributed to the JPLs or the characterizations set forth therein. Defendant further states that the Third Report was filed or issued in a foreign proceeding and does not constitute a final determination binding on this Court. Defendant denies that any alleged acts or omissions of Albert Chen or other individuals described therein may be attributed to him or establish wrongdoing by Defendant.

87.    Defendant admits that the JPLs issued a Third Report. Defendant respectfully refers the Court to the Third Report for a complete and accurate statement of its contents, without conceding the accuracy of the assertions attributed to the JPLs or the characterizations set forth therein. Defendant further states that the Third Report was filed or issued in a foreign proceeding and does not constitute a final determination binding on this Court. Defendant admits that he

owned Golden Meditech group interests and, during periods prior to May 2019 when he served as Chairman and Chief Executive Officer of Golden Meditech, exercised control over Golden Meditech and certain of its group companies. Defendant denies that such ownership, prior roles, control, or personal relationships establish that he controlled GCBC during the Class Period, exercised control over the other Defendants, or engaged in any wrongdoing.

88.     Defendant admits that litigation was commenced in the Cayman Islands Grand Court concerning GCBC and that filings and rulings were issued in that litigation. Defendant further states that such filings and rulings arose from foreign proceedings and do not constitute final determinations binding in this action. Defendant denies that such proceedings establish misappropriation, fraud by Defendant, forgery by Defendant, or control by Defendant over GCBC or any other Defendant.

89.     Defendant admits that Blue Ocean filed a Writ of Summons as referenced in this paragraph. Defendant denies that Defendant Zheng is or was his spouse. Defendant admits that he has a personal relationship with Defendant Zheng and that they have children together. Defendant denies that any personal relationship established control of GCBC by Defendant or wrongdoing by Defendant.

90.     Defendant admits that the Cayman Islands Grand Court issued a judgment dated July 29, 2022. Defendant does not admit the accuracy of the statements or characterizations attributed to that judgment and respectfully refers the Court to the judgment itself for a complete and accurate statement of its contents. Defendant further states that the judgment was issued in a foreign proceeding and is not final. Defendant denies that any statement attributed to Albert Chen or any alleged payment by GCBC may be attributed to him.

91.     Defendant admits that the Cayman Islands Grand Court issued a judgment dated July 29, 2022. Defendant does not admit the accuracy of the statements or characterizations attributed to that judgment and respectfully refers the Court to the judgment itself for a complete and accurate statement of its contents. Defendant further states that the judgment was issued in a foreign proceeding and is not final. Defendant denies that any alleged conduct of other individuals may be attributed to him.

92.     Defendant admits that the Cayman Islands Grand Court issued a judgment dated July 29, 2022. Defendant does not admit the accuracy of the statements or characterizations attributed to that judgment and respectfully refers the Court to the judgment itself for a complete and accurate statement of its contents. Defendant further states that the judgment was issued in a foreign proceeding and is not final. Defendant denies that any alleged connections described therein establish wrongdoing by Defendant or responsibility by Defendant for the transaction described.

93.     Defendant admits that the Cayman Islands Grand Court issued a judgment dated July 29, 2022. Defendant does not admit the accuracy of the statements or characterizations attributed to that judgment and respectfully refers the Court to the judgment itself for a complete and accurate statement of its contents. Defendant further states that the judgment was issued in a foreign proceeding and is not final. Defendant denies that any alleged deficiencies in GCBC's corporate records, shareholder register, or compliance with Cayman corporate formalities were attributable to him or establish wrongdoing by Defendant.

94.     Defendant admits that the Cayman Islands Grand Court issued a judgment dated July 29, 2022. Defendant does not admit the accuracy of the statements or characterizations attributed to that judgment and respectfully refers the Court to the judgment itself for a complete

and accurate statement of its contents. Defendant further states that the judgment was issued in a foreign proceeding and is not final. Defendant denies that any such statements establish wrongdoing by Defendant or establish that he directed, caused, or controlled GCBC's decision to enter into the transaction referenced. Defendant otherwise denies the allegations in this paragraph.

95.     Defendant admits that Blue Ocean filed an amended winding-up petition in the Cayman Islands proceeding. Defendant respectfully refers the Court to that petition for a complete and accurate statement of its contents, without conceding the accuracy of the allegations or characterizations set forth therein. Defendant further states that the petition was filed in a foreign proceeding and does not constitute a final adjudication or binding determination in this action. Defendant denies that any alleged conduct of Albert Chen may be attributed to him or establishes wrongdoing by Defendant.

96.     Defendant admits that Blue Ocean filed an amended winding-up petition in the Cayman Islands proceeding. Defendant respectfully refers the Court to that petition for a complete and accurate statement of its contents, without conceding the accuracy of the allegations or characterizations set forth therein. Defendant further states that the petition was filed in a foreign proceeding and does not constitute a final adjudication or binding determination in this action. Defendant specifically denies that Na Wang or "O Na" is Defendant's sister and denies that any blood relationship existed between them. Defendant further denies that "O Na" was a pseudonym and states that "O Na" refers to Wang Na, using a rendering of her real name. Defendant denies that the allegations regarding Vyserion, Na Wang, ownership, address history, or family relationship establish wrongdoing by Defendant or control of GCBC by Defendant.

97.     Defendant admits that Blue Ocean filed an amended winding-up petition in the Cayman Islands proceeding. Defendant respectfully refers the Court to that petition for a complete and accurate statement of its contents, without conceding the accuracy of the allegations or characterizations set forth therein. Defendant further states that the petition was filed in a foreign proceeding and does not constitute a final adjudication or binding determination in this action. Defendant denies that any alleged ownership or control interest in Cellenkos established control of GCBC by Defendant or wrongdoing by Defendant.

98.     Defendant admits that Blue Ocean filed an amended winding-up petition in the Cayman Islands proceeding. Defendant respectfully refers the Court to that petition for a complete and accurate statement of its contents, without conceding the accuracy of the allegations or characterizations set forth therein. Defendant further states that the petition was filed in a foreign proceeding and does not constitute a final adjudication or binding determination in this action. Defendant denies that the valuation referenced establishes wrongdoing by Defendant or that he was responsible for that valuation or for GCBC's decision to enter into the transaction described.

99.     Defendant admits that Blue Ocean filed an amended winding-up petition in the Cayman Islands proceeding. Defendant respectfully refers the Court to that petition for a complete and accurate statement of its contents, without conceding the accuracy of the allegations or characterizations set forth therein. Defendant further states that the petition was filed in a foreign proceeding and does not constitute a final adjudication or binding determination in this action. Defendant denies that he directed, authorized, approved, or was responsible for any impropriety in connection with the board process described.

100.    Defendant admits that Blue Ocean filed an amended winding-up petition in the Cayman Islands proceeding. Defendant respectfully refers the Court to that petition for a complete and accurate statement of its contents, without conceding the accuracy of the allegations or characterizations set forth therein. Defendant further states that the petition was filed in a foreign proceeding and does not constitute a final adjudication or binding determination in this action. Defendant denies that any alleged conduct of Albert Chen may be attributed to him or establishes control of GCBC by Defendant.

101.    Defendant admits that Blue Ocean filed an amended winding-up petition in the Cayman Islands proceeding. Defendant respectfully refers the Court to that petition for a complete and accurate statement of its contents, without conceding the accuracy of the allegations or characterizations set forth therein. Defendant further states that the petition was filed in a foreign proceeding and does not constitute a final adjudication or binding determination in this action. Defendant admits that GCBC and Golden Meditech shared an address in Hong Kong. Defendant denies that any shared address, office facilities, telephone numbers, or personnel established that GCBC operated as his alter ego, that the corporate form of any entity should be disregarded, or that he controlled GCBC during the Class Period.

102.    Defendant admits that Blue Ocean filed an amended winding-up petition in the Cayman Islands proceeding. Defendant respectfully refers the Court to that petition for a complete and accurate statement of its contents, without conceding the accuracy of the allegations or characterizations set forth therein. Defendant further states that the petition was filed in a foreign proceeding and does not constitute a final adjudication or binding determination in this action. Defendant denies that he directed, caused, or controlled any alleged funding commitment

by GCBC to Cellenkos, and denies that any such alleged commitment establishes wrongdoing by Defendant. Defendant otherwise denies the allegations in this paragraph.

103.    Defendant admits that Blue Ocean filed an amended winding-up petition in the Cayman Islands proceeding. Defendant respectfully refers the Court to that petition for a complete and accurate statement of its contents, without conceding the accuracy of the allegations or characterizations set forth therein. Defendant further states that the petition was filed in a foreign proceeding and does not constitute a final adjudication or binding determination in this action. Defendant denies that any alleged acts of other individuals at the June 16, 2022, meeting may be attributed to him.

104.    Defendant admits that the Cayman Court issued the Reasons for Decision referenced in this paragraph. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the Reasons for Decision were issued in a foreign proceeding and are not binding in this action. Defendant denies that he supported any delay tactics in furtherance of any improper purpose or that any conduct was undertaken in service of his commercial interests as alleged.

105.    Defendant admits that the Cayman Court issued the Reasons for Decision referenced in this paragraph. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the Reasons for Decision were issued in a foreign proceeding and are not binding in this action. Defendant denies that he directed, authorized, approved, or controlled any of the conduct referenced and denies that any alleged acts or omissions of former management or other individuals may be attributed to him.

106.    Defendant admits that the Cayman Court issued the Reasons for Decision referenced in this paragraph. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the Reasons for Decision were issued in a foreign proceeding and are not binding in this action. Defendant denies that any alleged acts, omissions, or deficiencies of the Litigation Steering Committee or other individuals may be attributed to him.

107.    Defendant admits that the Cayman Court issued the Reasons for Decision referenced in this paragraph. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the Reasons for Decision were issued in a foreign proceeding and are not binding in this action. Defendant denies that he instructed Albert Chen, or any other person, to provide misleading evidence, and denies that any alleged statements or conduct of Albert Chen may be attributed to him. Defendant otherwise denies the allegations in this paragraph.

108.    Defendant admits that the Cayman Court issued the Reasons for Decision referenced in this paragraph. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the Reasons for Decision were issued in a foreign proceeding and are not binding in this action. Defendant denies that Albert Chen was acting under his instructions or that GCBC was under shadow management by Defendant.

109.     Defendant admits that the Cayman Court issued the Reasons for Decision referenced in this paragraph. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the Reasons for Decision were issued in a foreign proceeding and are not binding in this action. Defendant denies that any alleged actions, positions, or objectives of the Litigation Steering Committee may be attributed to him.

110.     Defendant admits that proceedings were instituted in the British Virgin Islands High Court of Justice and that a judgment dated July 31, 2023, was issued. Defendant respectfully refers the Court to that judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further notes that the referenced judgment was issued in a foreign proceeding, is not binding in this action, was appealed, and that the BVI Court of Appeal later held that the matter should proceed to trial. Defendant denies any forgery by Defendant, denies that he exercised control over the other Defendants as alleged, and otherwise denies the allegations in this paragraph.

111.     Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding, is not binding in this action, was appealed, and that the BVI Court of Appeal later held that the matter should proceed to trial. Defendant denies that any alleged use of aliases by Albert Chen establishes wrongdoing by Defendant or control by Defendant over GCBC or any other Defendant.

112.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding, is not binding in this action, was appealed, and that the BVI Court of Appeal later held that the matter should proceed to trial. Defendant denies that any alleged signature irregularities, expert opinions, or findings described therein establish wrongdoing by Defendant.

113.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding, is not binding in this action, was appealed, and that the BVI Court of Appeal later held that the matter should proceed to trial. Defendant denies any forgery by Defendant and denies that any findings described therein establish control of any other Defendant by Defendant.

114.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding, is not binding in this action, was appealed, and that the BVI Court of Appeal later held that the matter should proceed to trial. Defendant denies that his explanation or evidence was false or implausible as alleged.

115.    Defendant admits that proceedings were instituted in the High Court of the Hong Kong Special Administrative Region and that a judgment dated February 8, 2024, was issued. Defendant respectfully refers the Court to that judgment for a complete and accurate statement

of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the judgment was issued in a foreign proceeding and is not binding in this action. Defendant denies that any findings, characterizations, or allegations in that judgment establish that any documents were improperly backdated by Defendant, establish that he exercised control over the other Defendants as alleged, or establish wrongdoing by Defendant. Defendant further denies that any alleged acts or omissions of other individuals described in this paragraph may be attributed to him.

116.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding and is not binding in this action. Defendant admits that he was the founder and majority shareholder of Golden Meditech and that Golden Meditech previously held a controlling interest in GCBC until January 2018, prior to the Class Period. Defendant further admits that he has children with Defendant Zheng. Defendant denies any implication that he exercised control over GCBC or the other Defendants during the Class Period. Defendant further states that, following the January 2018 transaction, Blue Ocean held the majority equity position and had board representation.

117.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding and is not binding in this action. Defendant denies that any findings or characterizations described therein establish wrongdoing by Defendant or may be attributed to him.

118.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding and is not binding in this action. Defendant denies that any findings, characterizations, or inferences described therein establish wrongdoing by Defendant or may be attributed to him.

119.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding and is not binding in this action. Defendant denies that any findings or allegations described therein establish wrongdoing by Defendant or may be attributed to him.

120.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding and is not binding in this action. Defendant denies that any findings or allegations described therein establish wrongdoing by Defendant or may be attributed to him.

121.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding and is not binding in this action. Defendant denies that any findings, characterizations, or allegations in that judgment establish that any documents were improperly backdated by Defendant, establish wrongdoing by Defendant, or may be attributed to him.

122.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding and is not binding in this action. Defendant denies that he participated in, directed, authorized, approved, or had contemporaneous knowledge of any alleged misappropriation of GCBC assets.

123.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding and is not binding in this action. Defendant denies that he instructed any person to breach fiduciary duties or to execute any improper documents and denies that he exercised control over the other Defendants.

124.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding and is not binding in this action. Defendant denies that the entities or individuals referenced were his nominees.

125.    Defendant respectfully refers the Court to the referenced judgment for a complete and accurate statement of its contents, without conceding the accuracy of the statements or characterizations set forth therein. Defendant further states that the referenced judgment was issued in a foreign proceeding and is not binding in this action. Defendant denies that he procured any person to sign any improper documents and denies that he had contemporaneous knowledge of any alleged backdating, lack of authority, or breach of fiduciary duty.

126. Defendant admits that he had ownership and management interests in Golden Meditech. Defendant denies that GCBC, Cellenkos, or any other entity operated as his alter ego and denies that he controlled GCBC's management, operations, accounting, disclosures, or transactions. Defendant further denies that he engaged in, directed, authorized, or had knowledge of any of the alleged misconduct described in this paragraph, including any alleged forgery, backdating, falsification of records, diversion of funds, non-arm's-length transactions, failure to observe corporate formalities, or misuse of corporate property.

127. Defendant denies the allegations as to him in this paragraph, including any allegation that he made, approved, disseminated, or was responsible for any materially false or misleading statement or omission during the Class Period.

128. Defendant admits that public SEC filings reflect that GCBC issued a press release and filed a Form 6-K on or about June 18, 2019, containing fiscal year 2019 financial results, and that the filing indicates it was signed by Albert Chen. Defendant respectfully refers the Court to those public filings for a complete and accurate statement of their contents. Defendant denies that he prepared, reviewed, approved, or was responsible for that filing or any related public disclosure.

129. Defendant respectfully refers the Court to the Form 6-K and press release referenced in the preceding paragraph for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of those documents. Defendant further denies that he prepared, reviewed, approved, or was responsible for the financial statements or related public disclosures referenced in this paragraph.

130. Defendant admits that GCBC held a conference call with investors on or about June 19, 2019, as referenced in the Amended Complaint. Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them. Defendant further denies that he made, approved, directed, or was responsible for any statements alleged in connection with that call, and denies that any such statements may be attributed to him.

131.    Defendant denies the allegations in this paragraph as to him, including that any statement was materially false or misleading or that he knew of, recklessly disregarded, or participated in any alleged misappropriation of GCBC funds.

132.    Defendant admits that public SEC filings reflect that GCBC filed a Form 20-F for fiscal year 2019 on or about July 23, 2019, and that the filing indicates it was signed by Defendant Zheng. Defendant respectfully refers the Court to that filing for a complete and accurate statement of its contents. Defendant denies that he prepared, reviewed, approved, signed, or was responsible for that filing.

133.    Defendant respectfully refers the Court to GCBC's SEC Form 20-F filed on July 23, 2019 for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of that filing. Defendant further denies that he prepared, reviewed, approved, signed, or was responsible for that filing or the statements therein. Except as so expressly admitted, Defendant denies the allegations in this paragraph.

134.    Defendant denies the allegations in this paragraph as to him, including any allegation that he misappropriated funds, knew of any alleged misappropriation, or was responsible for GCBC's financial statements or reported cash balances.

135.    Defendant respectfully refers the Court to GCBC's SEC Form 20-F filed on July 23, 2019 for a complete and accurate statement of its contents. Defendant denies any allegations

inconsistent with, contrary to, or not supported by the entirety of that filing. Defendant further denies that he prepared, reviewed, approved, signed, or was responsible for that filing or the statements therein.

136.    Defendant respectfully refers the Court to GCBC's SEC Form 20-F filed on July 23, 2019 for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of that filing. Defendant further denies that he prepared, reviewed, approved, signed, or was responsible for the related-party disclosures or tables referenced in this paragraph.

137.    Defendant denies the allegations in this paragraph as to him, including any allegation that he knew or recklessly disregarded any alleged facts, was responsible for GCBC's related-party disclosures, or that any alleged conduct of others may be attributed to him. Defendant specifically denies that Defendant Zheng is or was his spouse and denies that she constitutes an immediate family member of Defendant within the meaning of applicable SEC disclosure rules or regulations. Defendant admits that he has a personal relationship with Defendant Zheng and that they have children together, but denies that any such relationship gave rise to a related-party disclosure obligation attributable to him or established control of GCBC by Defendant.

138.    Defendant respectfully refers the Court to GCBC's SEC Form 20-F filed on July 23, 2019, including the Sarbanes-Oxley certifications attached thereto, for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of those documents. Defendant further denies that he signed, prepared, reviewed, approved, or was responsible for those certifications.

139.    Defendant denies the allegations in this paragraph as to him, including that he made any false or misleading statement or omission, knew of any alleged misstatement or omission, or was responsible for the contents of the Form 20-F or GCBC's financial condition.

140.    Defendant admits that public SEC filings reflect that GCBC filed a Form 20-F for fiscal year 2020 on or about July 29, 2020, and that the filing indicates it was signed by Defendant Zheng. Defendant respectfully refers the Court to that filing for a complete and accurate statement of its contents. Defendant denies that he prepared, reviewed, approved, signed, or was responsible for that filing.

141.    Defendant respectfully refers the Court to GCBC's SEC Form 20-F filed on July 29, 2020 for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of that filing. Defendant further denies that he prepared, reviewed, approved, signed, or was responsible for the statements referenced in this paragraph.

142.    Defendant denies the allegations in this paragraph as to him, including any allegation that he misappropriated funds, knew of any alleged misappropriation, or that he made, prepared, approved, or was responsible for any statement identified in the preceding paragraphs.

143.    Defendant respectfully refers the Court to GCBC's SEC Form 20-F filed on July 29, 2020 for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of that filing. Defendant further denies that he prepared, reviewed, approved, signed, or was responsible for the related-party disclosures referenced in this paragraph.

144.    Defendant respectfully refers the Court to GCBC's SEC Form 20-F filed on July 29, 2020 for a complete and accurate statement of its contents. Defendant denies any allegations

inconsistent with, contrary to, or not supported by the entirety of that filing. Defendant further denies that he prepared, reviewed, approved, signed, or was responsible for the related-party table or disclosures referenced in this paragraph.

145. Defendant denies the allegations in this paragraph as to him, including any allegation that Defendant Zheng is or was his spouse, that she constituted an immediate family member of Defendant within the meaning of applicable SEC disclosure rules or regulations, that he knew or recklessly disregarded any alleged facts, that he was responsible for GCBC's related-party disclosures, or that any alleged conduct of others may be attributed to him.

146. Defendant respectfully refers the Court to GCBC's SEC Form 20-F filed on July 29, 2020, including the Sarbanes-Oxley certifications attached thereto, for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of those documents. Defendant further denies that he signed, prepared, reviewed, approved, or was responsible for those certifications.

147. Defendant denies the allegations in this paragraph as to him, including that he made any false or misleading statement or omission, knew of any alleged falsity or omission, or was responsible for GCBC's financial statements.

148. Defendant admits that public SEC filings reflect that GCBC filed a Form 20-F for fiscal year 2021 on or about July 29, 2021 and that the filing indicates it was signed by Defendant Zheng. Defendant respectfully refers the Court to that filing for a complete and accurate statement of its contents. Defendant denies that he prepared, reviewed, approved, signed, or was responsible for that filing.

149. Defendant respectfully refers the Court to GCBC's SEC Form 20-F filed on July 29, 2021 for a complete and accurate statement of its contents. Defendant denies any allegations

inconsistent with, contrary to, or not supported by the entirety of that filing. Defendant further denies that he prepared, reviewed, approved, signed, or was responsible for the statements referenced in this paragraph.

150. Defendant denies the allegations in this paragraph as to him, including any allegation that he misappropriated funds, knew of any alleged misappropriation, or that he made, prepared, approved, or was responsible for any statement identified in the preceding paragraphs.

151. Defendant respectfully refers the Court to GCBC's SEC Form 20-F filed on July 29, 2021 for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of that filing. Defendant further denies that he prepared, reviewed, approved, signed, or was responsible for the related-party disclosures referenced in this paragraph.

152. Defendant denies the allegations in this paragraph as to him, including any allegation that Defendant Zheng is or was his spouse, that she constituted an immediate family member of Defendant within the meaning of applicable SEC disclosure rules or regulations, that he was responsible for GCBC's related-party disclosures, that he knew of any alleged falsity or omission, or that he engaged in any wrongdoing.

153. Defendant respectfully refers the Court to GCBC's SEC Form 20-F filed on July 29, 2021, including the Sarbanes-Oxley certifications attached thereto, for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of those documents. Defendant further denies that he signed, prepared, reviewed, approved, or was responsible for those certifications.

154. Defendant denies the allegations in this paragraph as to him, including that he made any false or misleading statement or omission or knew of any alleged falsity or omission.

155.   Defendant admits that public SEC filings reflect that GCBC filed a Form 6-K on or about February 28, 2022 containing financial results for the quarter ended December 31, 2021, and that the filing indicates it was signed by Defendant Albert Chen. Defendant respectfully refers the Court to that filing and the press release attached thereto for a complete and accurate statement of their contents. Defendant denies that he prepared, reviewed, approved, signed, or was responsible for that filing, the attached press release, or the related public disclosures.

156.   Defendant respectfully refers the Court to GCBC's SEC Form 6-K filed on February 28, 2022 and the press release attached thereto for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of those documents. Defendant further denies that he prepared, reviewed, approved, signed, or was responsible for the financial statements or figures referenced in this paragraph.

157.   Defendant denies the allegations in this paragraph as to him, including any allegation that he directed, caused, approved, knew of, or recklessly disregarded any alleged misappropriation of GCBC's cash, or that GCBC's reported financial condition was false or misleading due to any act or omission by him.

158.   Defendant admits that public SEC filings reflect that GCBC published a press release on or about April 29, 2022, and filed a Form 6-K attaching that press release and related exhibits, and that the filing indicates it was signed by Defendant Albert Chen. Defendant respectfully refers the Court to that filing and the attached press release for a complete and accurate statement of their contents. Defendant denies that he prepared, reviewed, approved, signed, or was responsible for that filing, the press release, or any related public disclosure.

159. Defendant respectfully refers the Court to GCBC's SEC Form 6-K filed on April 29, 2022 for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of that filing. Defendant further denies that he prepared, reviewed, approved, signed, or was responsible for the statements referenced in this paragraph.

160. Defendant respectfully refers the Court to the press release attached to GCBC's SEC Form 6-K filed on April 29, 2022 for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of that document. Defendant further denies that he prepared, reviewed, approved, or was responsible for the statements referenced in this paragraph.

161. Defendant respectfully refers the Court to the press release attached to GCBC's SEC Form 6-K filed on April 29, 2022 for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with, contrary to, or not supported by the entirety of that document. Defendant further denies that he prepared, reviewed, approved, or was responsible for the statements referenced in this paragraph.

162. Defendant denies the allegations in this paragraph as to him, including any allegation that he misappropriated funds, participated in any scheme to conceal wrongdoing, or made any false or misleading statement or omission.

163. Defendant denies the allegations in this paragraph as to him, including any allegation that he acted with scienter, knowingly issued any materially false or misleading statement, knowingly participated in or acquiesced in the issuance or dissemination of any such statement, or violated the federal securities laws. As to the knowledge, intent, or state of mind of

any other individual, officer, or entity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

164.    Defendant denies the allegations in this paragraph as to him, including any allegation that he received information reflecting any alleged scheme, controlled GCBC, received, reviewed, modified, or approved any allegedly misleading statements, had access to confidential proprietary information as alleged, or participated in any fraud. As to the knowledge, intent, or conduct of any other individual, officer, or entity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

165.    Defendant denies that this action may properly be maintained as a class action, denies that Plaintiffs satisfy the requirements of Rule 23, and denies the allegations in this paragraph.

166.    Defendant admits that GCBC shares were publicly traded on the NYSE during the relevant period but otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and therefore denies them.

167.    Defendant denies that Plaintiffs' claims are typical of the claims of any proposed class and otherwise denies the allegations in this paragraph.

168.    Defendant denies that Plaintiffs will fairly and adequately protect the interests of any proposed class and otherwise denies the allegations in this paragraph.

169.    Defendant denies that this action may properly be maintained as a class action, denies that common questions of law or fact predominate, and denies that he violated any federal securities laws, employed any scheme to defraud investors, or made any materially false or misleading statement.

170.    Defendant denies that this action may properly be maintained as a class action and denies that a class action is a superior method for adjudication of the claims alleged.

171.    Defendant denies the allegations in this paragraph as to him and denies that any act or omission by him directly or proximately caused any loss, damages, or injury to Plaintiffs or any member of the alleged Class.

172.    Defendant denies the allegations in this paragraph as to him, including any allegation that GCBC stock traded at artificially inflated prices due to any conduct by him or that any alleged stock price decline was caused by any act or omission by him.

173.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding market efficiency and therefore denies them. Defendant further denies the allegations in this paragraph as to him, including any allegation that GCBC shares traded at artificially inflated prices due to any conduct by him, that he engaged in any scheme, made any materially false or misleading statement, or that Plaintiffs relied on any act or omission by him.

174.    Defendant admits that GCBC shares were listed and traded on the NYSE and that GCBC made public filings and communications, but otherwise lacks knowledge or information sufficient to form a belief as to the allegations regarding market efficiency and therefore denies them.

175.    Defendant denies that any presumption of reliance applies as to him and denies the allegations in this paragraph.

176.    Defendant denies that the *Affiliated Ute* presumption of reliance applies as to him, denies that he omitted any material information he had a duty to disclose, and denies the allegations in this paragraph.

48

177. Defendant denies the allegations in this paragraph as to him, including any allegation that any statement attributable to him was materially false or misleading or made with actual knowledge of falsity.

178. Defendant repeats and re-alleges his responses to the preceding paragraphs as if fully set forth herein.

179. Defendant denies the allegations in this paragraph as to him, including that he employed any device, scheme, or artifice to defraud, engaged in any act, practice, or course of business that operated as a fraud or deceit, or violated Section 10(b) of the Exchange Act or Rule 10b-5(a) or (c).

180. Defendant denies the allegations in this paragraph as to him and denies that any act or omission by him caused any loss, damages, or injury to Plaintiffs or any member of the alleged Class.

181. Defendant repeats and re-alleges his responses to the preceding paragraphs as if fully set forth herein.

182. Defendant is not named in this claim and therefore no response is required; to the extent a response is deemed required, Defendant denies the allegations in this paragraph.

183. Defendant is not named in this claim and therefore no response is required; to the extent a response is deemed required, Defendant denies the allegations in this paragraph.

184. Defendant repeats and re-alleges his responses to the preceding paragraphs as if fully set forth herein.

185. Defendant denies the allegations in this paragraph, including any allegation that he was a controlling person of GCBC within the meaning of Section 20(a) of the Exchange Act.

186.    Defendant admits that he held positions at Golden Meditech during certain periods prior to May 2019. Defendant denies that he is liable under Section 20(a) of the Exchange Act, denies that he controlled Golden Meditech throughout the Class Period as alleged, denies that he induced any violation of the federal securities laws, denies that he acted in bad faith, and otherwise denies the allegations in this paragraph.

187.    Defendant admits that Golden Meditech had an ownership interest in Cellenkos. Defendant denies that he is liable as a controlling person of Cellenkos within the meaning of Section 20(a) of the Exchange Act, denies that he induced any violation of the federal securities laws, denies that he acted in bad faith, and denies the allegations in this paragraph.

188.    Defendant denies the allegations in this paragraph, including any allegation that he directly or indirectly induced any act constituting any violation of Section 10(b) of the Exchange Act or Rule 10b-5, or that he failed to act in good faith.

189.    Defendant denies the allegations in this paragraph and denies that any act or omission by him caused any loss, damages, or injury to Plaintiffs or any member of the alleged Class.

## AFFIRMATIVE AND OTHER DEFENSES

Except as otherwise expressly stated herein, Defendant denies each and every allegation of wrongdoing contained in the Amended Complaint, including, without limitation, any allegations contained in tables of contents, headings, subheadings, footnotes, charts, graphics, and appendices, and specifically denies liability to Plaintiffs and the putative class, or that Plaintiffs or the putative class have suffered any legally cognizable damages for which Defendant is responsible.

Defendant offers the following affirmative and other defenses in response to the allegations set forth in the Amended Complaint. Defendant expressly reserves the right to supplement, amend,

or withdraw any or all of the following defenses, as warranted by discovery or other investigation or as justice may require. The statement of any defense does not assume the burden of proof on any issue as to which applicable law places the burden on Plaintiffs. To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive of another defense asserted herein or to be asserted in the future, such defenses are asserted in the alternative to one another.

## **SPECIFIC DEFENSES**

1.     The Amended Complaint fails to state a claim upon which relief can be granted against Defendant.

2.     Plaintiffs cannot establish that Defendant acted with scienter, intent to defraud, or recklessness.

3.     The Amended Complaint fails to satisfy the heightened pleading requirements of the PSLRA because it does not allege with particularity facts giving rise to a strong inference of scienter as to Defendant and improperly relies on group pleading.

4.     Plaintiffs cannot establish a strong inference of scienter as to Defendant because Plaintiffs fail to allege particularized facts showing that Defendant had any motive or opportunity to commit the alleged fraud. Defendant had no financial incentive to inflate or manipulate the market price of GCBC securities and received no personal financial benefit from the conduct alleged in the Amended Complaint.

5.     Plaintiffs cannot establish any actionable misstatement or omission attributable to Defendant, or any basis to hold Defendant liable for any statement, omission, or disclosure made by GCBC or any other person.

51

6. Plaintiffs cannot establish that any statement or omission attributable to Defendant, or for which Plaintiffs seek to hold Defendant liable, was material within the meaning of the federal securities laws.

7. Defendant owed no duty to Plaintiffs to disclose information concerning GCBC, its financial condition, its public filings, or its transactions.

8. Plaintiffs' related-party theory fails as a matter of fact and law. Neither Defendant Zheng nor Na Wang (referred to by Plaintiffs as "O Na") is an immediate or close family member of Defendant within applicable disclosure rules or regulations, and no related-party disclosure obligation attributable to Defendant arose from either alleged relationship.

9. Plaintiffs improperly seek to attribute to Defendant the conduct of GCBC, Golden Meditech, Cellenkos, and various officers, directors, employees, and affiliates without sufficient factual or legal basis.

10. Defendant did not direct, cause, or control the transactions Plaintiffs allege were wrongful, improper, or part of any fraudulent scheme.

11. Defendant is not liable as a control person under Section 20(a) of the Exchange Act because he did not possess or exercise the power to direct the management, policies, or operations of GCBC during the Class Period.

12. Defendant did not have access to GCBC's internal books, records, financial statements, or other non-public information during the relevant period and, accordingly, could not have known of, participated in, or directed any alleged misstatement, omission, or fraudulent transaction attributed to GCBC or its officers and directors.

13. Plaintiffs cannot establish a primary violation of Section 10(b) or Rule 10b-5 attributable to Defendant.

14.     Plaintiffs cannot establish actual reliance as against Defendant.

15.     To the extent Plaintiffs invoke any presumption of reliance, including the presumption recognized in *Basic Inc. v. Levinson*, such presumption is rebutted as to Defendant because no alleged statement, omission, or conduct attributable to Defendant, or for which Plaintiffs seek to hold Defendant liable, had any price impact on GCBC securities.

16.     Plaintiffs' proposed Class Period is overbroad because it includes periods during which no alleged misstatement or omission attributable to Defendant was made and during which no alleged corrective disclosure caused any price movement in GCBC securities.

17.     Plaintiffs and any proposed class members who did not purchase GCBC securities during the Class Period, or who sold their securities before any alleged corrective disclosure, lack standing to assert claims against Defendant.

18.     Plaintiffs cannot satisfy the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

19.     To the extent Plaintiffs allege concealment or market distortion, the information at issue was, in whole or in part, publicly available through filings, litigation proceedings, court rulings, and other disclosures, and was incorporated into the market price of GCBC securities.

20.     Plaintiffs cannot establish that any alleged economic loss or decline in GCBC's share price was caused by any act or omission of Defendant.

21.     Any decline in the market price of GCBC securities and any losses suffered by Plaintiffs or any proposed class member were caused in whole or in part by intervening, superseding, or independent causes, including but not limited to broader market forces, macroeconomic conditions, industry-specific factors, regulatory developments, and the independent conduct of third parties, none of which is attributable to Defendant.

22.    The Amended Complaint relies on allegations, findings, reports, rulings, and characterizations arising from proceedings in the Cayman Islands, Hong Kong, and other foreign jurisdictions. Those proceedings involved different parties, legal standards, and procedural contexts, including issues of corporate governance and insolvency, and are not determinative of any element of Plaintiffs' claims in this action. To the extent Plaintiffs seek to rely on such proceedings for issue preclusion or similar purposes, such reliance is improper because those proceedings do not have binding preclusive effect in this action.

23.    The allegations in the Amended Complaint arise primarily from disputes concerning corporate governance, control, insolvency proceedings, and related litigation in foreign jurisdictions, rather than from any actionable misstatement, omission, or deceptive act by Defendant, or any conduct for which Plaintiffs may properly hold Defendant liable, within the meaning of the federal securities laws.

24.    To the extent the claims asserted in the Amended Complaint overlap with issues being addressed in proceedings in foreign jurisdictions, including proceedings in the Cayman Islands and Hong Kong relating to GCBC's corporate governance, insolvency, and control, principles of international comity warrant that this Court exercise restraint.

25.    Plaintiffs and any proposed class members assumed the risks that were disclosed in GCBC's public filings and other public disclosures, and any losses they suffered resulted from the materialization of those disclosed risks rather than from any conduct attributable to Defendant.

26.    To the extent Plaintiffs' claims are based on alleged forward-looking statements, such claims are barred in whole or in part by the PSLRA safe harbor.

27.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation and repose.

28.     Defendant preserves all defenses based on lack of personal jurisdiction and improper venue.

29.     Defendant preserves all defenses based on insufficient service of process.

30.     This action may be subject to dismissal or stay under the doctrine of *forum non conveniens*.

31.     To the extent Plaintiffs' alleged losses are premised on the misappropriation, diversion, depletion, or misuse of GCBC's assets, the alleged injury is derivative of harm, if any, suffered by GCBC itself.

32.     Plaintiffs' alter ego allegations fail as a matter of law.

33.     To the extent Plaintiffs or any member of the alleged Class suffered any damages, they failed to take reasonable steps to mitigate those damages.

34.     To the extent liability is established against Defendant, any recovery is limited by the proportionate-liability, apportionment, and contribution provisions applicable under the federal securities laws, including the PSLRA.

35.     Plaintiffs' claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, unclean hands, and *in pari delicto*.

36.     To the extent any liability is established against Defendant, he is entitled to contribution and indemnification from co-defendants and any other persons whose conduct caused or contributed to the alleged harm.

37.     Any claim for pre-judgment interest fails because Plaintiffs' alleged damages, if any, were not ascertainable when this action was filed.

38.	To the extent any liability is established against Defendant, any damages are subject to the limitations and caps imposed by the Securities Exchange Act of 1934 and the PSLRA.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant Yuen Kam respectfully requests that the Court enter judgment in his favor and against Plaintiffs as follows:

A. Dismissing the Amended Complaint with prejudice as against him;

B. Denying all relief sought against him in the Amended Complaint;

C. Awarding him his costs and disbursements incurred in connection with this action, to the extent permitted by law; and

D. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant Yuen Kam hereby demands a trial by jury on all issues so triable.

Dated: April 17, 2026

By: /s/ Francis J. Caruso
Francis J. Caruso (*Pro Hac Vice)*
CA LEGAL ADVISORY LLC
9110 N. Loop 1604, Suite 104
San Antonio, Texas 78229
(512) 566-2637
frank@calegaladvisory.com

Philip K. Thomas
CA LEGAL ADVISORY LLC
9110 N. Loop 1604, Suite 104
San Antonio, Texas 78229
(973) 975-5628
philip@calegaladvisory.com

*Counsel for Defendant Yuen Kam*

cc: Counsel of Record (via ECF)