**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: GLOBAL CORD BLOOD CORPORATION SECURITIES LITIGATION | Case No.  1:24-cv-03071-PKC |

**DEFENDANT GOLDEN MEDITECH HOLDINGS LIMITED'S ANSWER TO**
**PLAINTIFFS' AMENDED COMPLAINT**

Defendant Golden Meditech Holdings Limited ("Golden Meditech") asserts the following answers and affirmative and other defenses (the "Answer") to Plaintiffs' Amended Class Action Complaint (ECF No. 60, the "Amended Complaint"), dated September 20, 2024, upon knowledge with respect to itself and its own acts and upon information and belief with respect to all other matters. Except as hereinafter expressly admitted, qualified, or otherwise answered, Golden Meditech denies each and every allegation and assertion set forth in the Amended Complaint. Golden Meditech denies that headings, subheadings, and footnotes in the Amended Complaint are allegations to which a response is required. To the extent a response is required, Golden Meditech denies all allegations in the headings, subheadings, and footnotes in the Amended Complaint, except as hereinafter expressly admitted, qualified, or otherwise answered. Golden Meditech also specifically incorporates into each response a denial of all allegations concerning its purported participation in the alleged scheme described in the Amended Complaint. Golden Meditech therefore intends to respond only as to allegations directed at Golden Meditech individually, and where Golden Meditech responds to allegations that concern "Defendants" and not Golden Meditech individually, Golden Meditech denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants except as hereinafter expressly admitted, qualified, or otherwise answered. Golden Meditech also notes that the Amended Complaint makes reference to legal proceedings in various jurisdictions that do not involve Golden Meditech. For the avoidance of doubt, Golden Meditech is not a party to any of those proceedings and denies knowledge and information sufficient to form a belief as to the truth of allegations related to, or made in, those proceedings unless Golden Meditech expressly states otherwise.

Except as otherwise defined herein, the defined terms in the Amended Complaint are incorporated herein by reference. Golden Meditech uses such terms for convenience and expressly

1

does not concede that any such definitions are proper, nor does it adopt any characterizations implicit in them. Golden Meditech reserves the right to amend or supplement its Answer as may be necessary.

Each Paragraph below corresponds to the same-numbered Paragraph in the Amended Complaint. Golden Meditech further responds to the specific allegations in the Amended Complaint as follows:

## **ANSWER**

1. Paragraph 1 is a characterization of the action to which no response is required. To the extent a response is required, Golden Meditech denies the allegations in Paragraph 1, except admits that Plaintiffs purport to bring a federal securities action on behalf of a class and denies that Plaintiffs can meet the elements of the underlying claims or class requirements.

2. Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.

3. Golden Meditech admits that it is a company doing business in Mainland China. Golden Meditech denies the remainder of the allegations in Paragraph 3, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 that are related to persons or entities other than Golden Meditech.

4. Golden Meditech denies the allegations in Paragraph 4, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 that are related to persons or entities other than Golden Meditech.

5.      Golden Meditech admits that it currently holds an indirect interest in Cellenkos. Golden Meditech denies the remainder of the allegations in Paragraph 5, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 that are related to persons or entities other than Golden Meditech.

6.      Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6.  To the extent Paragraph 6 refers to Cayman Islands Grand Court documents, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents.

7.      Golden Meditech denies the allegations in Paragraph 7, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 that are related to persons or entities other than Golden Meditech.

8.      Golden Meditech denies the allegations in Paragraph 8, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 that are related to persons or entities other than Golden Meditech.

9.      Golden Meditech denies the allegations in Paragraph 9, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 that are related to persons or entities other than Golden Meditech.  To the extent Paragraph 9 refers to the Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.

10.     Golden Meditech neither admits nor denies the allegations in Paragraph 10 to the extent they purport to state conclusions of law to which no response is required.  To the extent that a response is required, Golden Meditech denies that Plaintiffs or other purported class members have suffered a legally cognizable harm that is the responsibility of Golden Meditech.

3

11.    Golden Meditech neither admits nor denies the allegations in Paragraph 11 to the extent they purport to state conclusions of law to which no response is required, except admits that Plaintiffs purported to bring claims under the federal securities laws and denies that they can meet the requirements of those claims.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 11.

12.    Golden Meditech neither admits nor denies the allegations in Paragraph 12 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 12.

13.    Golden Meditech neither admits nor denies the allegations in Paragraph 13 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 13, except to the extent Paragraph 13 refers to the Stock Purchase Agreements used in the Cellenkos transaction, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents.

14.    Golden Meditech neither admits nor denies the allegations in Paragraph 14 to the extent they purport to state conclusions of law to which no response is required.  To the extent the allegations in Paragraph 14 purport to assert facts about Golden Meditech or its conduct, Golden Meditech denies the allegations in Paragraph 14.

15.     Golden Meditech neither admits nor denies the allegations in Paragraph 15 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 15, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 that are related to persons or entities other than Golden Meditech.  To the extent Paragraph 15 refers to a certification filed by Alessandro Somansino, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.

16.     Golden Meditech neither admits nor denies the allegations in Paragraph 16 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 16, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 that are related to persons or entities other than Golden Meditech.  To the extent Paragraph 16 refers to a certification filed by Mark Lewko, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.

17.     Golden Meditech admits the allegations in the first sentence of Paragraph 17 and admits that at various times GCBC's shares were listed and traded on the NYSE under the ticker symbol "CO."  For the remainder of the allegations in Paragraph 17, Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

5

18.    Golden Meditech denies the allegations in Paragraph 18, except admits that Golden Meditech (a) is incorporated in the Cayman Islands, (b) maintained its executive offices at 48th Floor, Bank of China Tower, 1 Garden Road, Central, Hong Kong S.A.R. during the Class Period, (c) is a company doing business in Mainland China, (d) operates various businesses, including hospital management, medical insurance services, genetic testing, and medical device sales, and (e) was an indirect corporate parent of GCBC prior to the Class Period.

19.    Golden Meditech admits the allegations in the first sentence of Paragraph 19, admits that Cellenkos, Inc. is a Clinical-Stage Biotechnology Company that is developing Allogeneic, Tissue-Targeted, Immune T-Regulatory Cell Therapies to Treat Autoimmune Diseases & Inflammatory Disorders, and denies the allegations in the last sentence of Paragraph 19. For the remainder of the allegations in Paragraph 19, Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

20.    Because Paragraph 20 does not purport to state any factual allegations, no response is required. To the extent that a response is required, Golden Meditech denies the allegations in Paragraph 20.

21.    Golden Meditech admits that Yuen Kam is the founder of Golden Meditech. Golden Meditech denies the remainder of the allegations in Paragraph 21, except Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 that are related to persons or entities other than Golden Meditech.

22.    Golden Meditech admits that Tina Zheng served as a director of Golden Meditech. Golden Meditech denies the remainder of the allegations in Paragraph 22, except Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 that are related to persons or entities other than Golden Meditech.

23.     Golden Meditech admits that Albert Chen served as corporate finance vice president of Golden Meditech.  Golden Meditech denies the remainder of the allegations in Paragraph 23, except Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 that are related to persons or entities other than Golden Meditech.

24.     Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24.

25.     Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25.

26.     Because Paragraph 26 does not purport to state any factual allegations, no response is required.  To the extent that a response is required, Golden Meditech denies the allegations in Paragraph 26.

27.     Because Paragraph 27 does not purport to state any factual allegations, no response is required.  To the extent that a response is required, Golden Meditech denies the allegations in Paragraph 27.

28.     Golden Meditech denies the allegations in the second and fourth sentences of Paragraph 28, except admits that Yuen Kam served as Golden Meditech's chairman and CEO before May 2019.  Golden Meditech otherwise admits the allegations in Paragraph 28.

29.     Golden Meditech denies the allegations in Paragraph 29, except admits that Tina Zheng was an executive director and a non-executive director of Golden Meditech at various times, admits that Albert Chen served as corporate finance vice president of Golden Meditech at various times, and admits that Kim Chuan Leong has served as Deputy Chief Financial Officer and executive director of Golden Meditech at various times.

30.     To the extent Paragraph 30 refers to a document or other statement from the Listing Committee of the Hong Kong Stock Exchange, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.  Golden Meditech admits the allegations in the second sentence of Paragraph 30, and otherwise denies the allegations in Paragraph 30.

31.     To the extent Paragraph 31 refers to a document or other statement from the Listing Committee of the Hong Kong Stock Exchange, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 31.

32.     To the extent Paragraph 32 refers to a document or other statement from the Listing Committee of the Hong Kong Stock Exchange, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 32.

33.     Golden Meditech denies the allegations in Paragraph 33, except that to the extent Paragraph 33 refers to a May 24, 2019 press release, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.

34.     Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 that are related to persons or entities other than Golden Meditech, except admits that in 2020 Golden Meditech filed announcements proposing the privatization of Golden Meditech and respectfully refers the Court to those documents for a complete and accurate statement of their contents, and admits that Golden Meditech is no longer listed on the Hong Kong Stock Exchange.  Golden Meditech otherwise denies the allegations in Paragraph 34.

35.    Golden Meditech denies the allegations in Paragraph 35, except admits that Yuen Kam served as a director of Golden Meditech at various times after October 2020 and is currently a director.

36.    Golden Meditech denies the allegations in Paragraph 36, except admits that the company that later became GCBC began operating in the early 2000's when Golden Meditech began to acquire cord blood banking companies, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 that are related to persons or entities other than Golden Meditech.

37.    Golden Meditech denies the allegations in the first sentence of Paragraph 37, except admits that Golden Meditech held a majority stake in GCBC, and admits the allegations in the second sentence of Paragraph 37.

38.    Golden Meditech denies the allegations in Paragraph 38, except admits that Tina Zheng served as GCBC's Chairperson of the Board from June 2009 through October 2012, that Yuen Kam was appointed as GCBC's Chairman in November 2012, that Albert Chen served as GCBC's CFO at various times, that Mark Chen and Jennifer Weng served as GCBC's directors at various times, and that it indirectly held an interest in GCBC of between approximately 40% and 65% until early 2018.

39.    Golden Meditech denies the allegations in Paragraph 39.

40.    Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40.

41.    Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41, except denies that "Defendant Albert Chen still worked for Kam's company Golden Meditech."

9

42. To the extent Paragraph 42 refers to financial results published by GCBC and other GCBC public filings, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42.

43. To the extent Paragraph 43 refers to GCBC's annual reports filed with the SEC on Form 20-F, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43.

44. Golden Meditech denies the allegations in Paragraph 44, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 that are related to persons or entities other than Golden Meditech.

45. To the extent Paragraph 45 refers to statements during a GCBC Q4 2019 earnings call, Golden Meditech respectfully refers the Court to those statements for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45.

46. To the extent Paragraph 46 refers to statements during a GCBC Q1 2020 earnings call, Golden Meditech respectfully refers the Court to those statements for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46.

47. To the extent Paragraph 47 refers to statements during a GCBC Q2 2020 earnings call, Golden Meditech respectfully refers the Court to those statements for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47.

48.    Golden Meditech denies the allegations in Paragraph 48, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 that are related to persons or entities other than Golden Meditech.

49.    Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49.

50.    Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50.

51.    To the extent Paragraph 51 refers to filings in the Southern District of Texas, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51.

52.    To the extent Paragraph 52 refers to Cellenkos's annual franchise tax reports, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52.

53.    To the extent Paragraph 53 refers to Cellenkos's website and Golden Meditech's annual report dated June 30, 2020, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents, admits that Golden Meditech's annual report dated June 30, 2020 contains the language cited in the second sentence of Paragraph 53 but avers that it is taken out of context, and otherwise denies the allegations in Paragraph 53, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 that are related to persons or entities other than Golden Meditech.

54.    Golden Meditech denies the allegations in Paragraph 54.

11

55.    To the extent Paragraph 55 refers to an Amended Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 55, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 that relate to persons or entities other than Golden Meditech.

56.    Golden Meditech denies the allegations in the first sentence of Paragraph 56.  To the extent Paragraph 56 refers to a declaration by Margot MacInnis, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56.

57.    Golden Meditech denies the allegations in the first sentence of Paragraph 57.  To the extent Paragraph 57 refers to a First Report to Court dated October 20, 2022, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 57, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 that are related to persons or entities other than Golden Meditech.

58.    To the extent Paragraph 58 refers to the JPLs' report, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58.

59.     To the extent Paragraph 59 refers to a First Report, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59.

60.     To the extent Paragraph 60 refers to a Third Report to the Cayman Grand Court dated March 1, 2023, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, except denies that any transactions it was involved in were "suspicious" or were in any way improper.  Golden Meditech otherwise denies the allegations in Paragraph 60, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 that are related to persons or entities other than Golden Meditech.

61.     To the extent Paragraph 61 refers to a Ninth Report to the Cayman Grand Court dated September 2, 2024, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61.

62.     Golden Meditech denies the allegations in Paragraph 62.

63.     To the extent Paragraph 63 refers to an SEC Form 6-K dated April 29, 2022, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63.

64.     To the extent Paragraph 64 refers to documents attached to an SEC Form 6-K dated April 29, 2022, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise admits that the description in the press release is an accurate summary of certain aspects of the transaction, but denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 that relate to persons or entities other than Golden Meditech.

65.     To the extent Paragraph 65 refers to certain SPAs, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents. Golden Meditech otherwise denies the allegations in Paragraph 65, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 that are related to persons or entities other than Golden Meditech.

66.     Golden Meditech denies the allegations in Paragraph 66, except to the extent Paragraph 66 refers to the Certificate of Limited Partnership of Cellenkos Holdings L.P., Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 that are related to persons or entities other than Golden Meditech.

67.     To the extent Paragraph 67 refers to a Framework Agreement, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents. Golden Meditech denies the remainder of the allegations in Paragraph 67, except admits the allegations in the second sentence of Paragraph 67 and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 that are related to persons or entities other than Golden Meditech.

14

68.     Golden Meditech denies the allegations in Paragraph 68, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 that are related to persons or entities other than Golden Meditech.

69.     Golden Meditech denies the allegations in Paragraph 69, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 that are related to persons or entities other than Golden Meditech.  To the extent Paragraph refers to a Winding Up Petition and an order from the Cayman Grand Court, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents.

70.     To the extent Paragraph 70 refers to an Amended Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 70, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 that are related to persons or entities other than Golden Meditech.

71.     To the extent Paragraph 71 refers to an Ex Tempore Ruling issued by the Cayman Court on September 22, 2022, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71.

72.     To the extent Paragraph 72 refers to an Ex Tempore Ruling, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72.

15

73. To the extent Paragraph 73 refers to an Ex Tempore Ruling, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73.

74. To the extent Paragraph 74 refers to an Ex Tempore Ruling, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74.

75. To the extent Paragraph 75 refers to an Ex Tempore Ruling, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75.

76. To the extent Paragraph 76 refers to an Ex Tempore Ruling, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76.

77. To the extent Paragraph 77 refers to a Judgment of the Cayman Grand Court dated August 14, 2023, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77.

78. To the extent Paragraph 78 refers to documents filed in the "Cayman litigation," Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents.  Golden Meditech otherwise denies the allegations in Paragraph 78.

79.    Golden Meditech denies the allegations in Paragraph 79, except Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 that are related to persons or entities other than Golden Meditech.

80.    Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80, except respectfully refers the Court to public share price information.

81.    Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81, except that to the extent Paragraph 81 refers to a Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.

82.    Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82, except respectfully refers the court to public share price information.

83.    Golden Meditech denies the allegations in Paragraph 83, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 that are related to persons or entities other than Golden Meditech, and to the extent Paragraph 83 refers to Cayman Islands Grand Court filings, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents.

84.    To the extent Paragraph 84 refers to a First Report to the Cayman court dated October 20, 2022, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 84, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 that are related to persons or entities other than Golden Meditech.

85.     To the extent Paragraph 85 refers to a First Report, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85.

86.     To the extent Paragraph 86 refers to a Third Report to the Cayman court dated March 1, 2023, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86.

87.     To the extent Paragraph 87 refers to a Third Report, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 87.

88.     Golden Meditech denies the allegations in Paragraph 88, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 that are related to persons or entities other than Golden Meditech, and to the extent Paragraph 88 refers to Cayman Islands Grand Court filings, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents.

89.     To the extent Paragraph 89 refers to a Writ of Summons, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89.

90.     To the extent Paragraph 90 refers to a Judgment dated July 29, 2022, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90.

91.     To the extent Paragraph 91 refers to a Judgment dated July 29, 2022, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91.

92.     To the extent Paragraph 92 refers to a Judgment dated July 29, 2022, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92.

93.     To the extent Paragraph 93 refers to a Judgment dated July 29, 2022, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93.

94.     To the extent Paragraph 94 refers to a Judgment dated July 29, 2022, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94.

95.     To the extent Paragraph 95 refers to an Amended Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 95.

96.    To the extent Paragraph 96 refers to an Amended Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96.

97.    To the extent Paragraph 97 refers to an Amended Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.  Golden Meditech otherwise denies the allegations in Paragraph 97, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 that are related to persons or entities other than Golden Meditech.

98.    To the extent Paragraph 98 refers to an Amended Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98.

99.    To the extent Paragraph 99 refers to an Amended Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99.

100.    To the extent Paragraph 100 refers to an Amended Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 100.

101.    To the extent Paragraph 101 refers to an Amended Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.  Golden Meditech otherwise denies the allegations in Paragraph 101, except that Golden Meditech admits that it had executive offices at 48F, Bank of China Tower, 1 Garden Road at the time of the Amended Winding Up Petition.

102.    To the extent Paragraph 102 refers to an Amended Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102.

103.    To the extent Paragraph 103 refers to an Amended Winding Up Petition, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103.

104.    To the extent Paragraph 104 refers to a Reasons For Decision, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104.

105.    To the extent Paragraph 105 refers to a Reasons For Decision, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105.

106.    To the extent Paragraph 106 refers to a Reasons For Decision, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 106.

107.    To the extent Paragraph 107 refers to a Reasons For Decision, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107.

108.    To the extent Paragraph 108 refers to a Reasons For Decision, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108.

109.    To the extent Paragraph 109 refers to a Reasons For Decision, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109.

110.    To the extent Paragraph 110 refers to British Virgin Islands High Court of Justice, Commercial Division filings, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents.  Golden Meditech admits that the British Virgin Islands proceeding referenced in Paragraph 110 was brought, but denies the substance of the claims made in those proceedings.  Moreover, Golden Meditech notes that the Judgment referenced in Paragraph 110 was reversed by the BVI Court of Appeal.  Golden Meditech otherwise denies the allegations in Paragraph 110, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110 that are related to persons or entities other than Golden Meditech.

111.    To the extent Paragraph 111 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.  Moreover, Golden Meditech notes that the Judgment referenced in Paragraph 111 was reversed by the BVI Court of Appeal.  Golden Meditech otherwise denies the allegations in Paragraph 111, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111 that are related to persons or entities other than Golden Meditech.

112.    To the extent Paragraph 112 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.  Moreover, Golden Meditech notes that the Judgment referenced in Paragraph 112 was reversed by the BVI Court of Appeal.  Golden Meditech otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112.

23

113.    To the extent Paragraph 113 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.  Moreover, Golden Meditech notes that the Judgment referenced in Paragraph 113 was reversed by the BVI Court of Appeal.  Golden Meditech otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113.

114.    Golden Meditech denies that it "put forward" any "evidence or arguments" in the referenced proceeding, because Golden Meditech is not a party to that proceeding.  As to the remainder of the allegations in Paragraph 114, to the extent Paragraph 114 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.  Moreover, Golden Meditech notes that the Judgment referenced in Paragraph 114 was reversed by the BVI Court of Appeal.  Golden Meditech otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114.

115.    Golden Meditech, which is not a party to the actions referenced in Paragraph 115, denies the allegations in Paragraph 115, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 that relate to persons or entities other than Golden Meditech.  To the extent Paragraph 115 refers to High Court Of The Hong Kong Special Administrative Region filings, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents.

24

116.   To the extent Paragraph 116 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 116, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 that are related to persons or entities other than Golden Meditech, and admits that Yuen Kam was the founder, chairman of the board, and an executive director of Golden Meditech.

117.   To the extent Paragraph 117 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117.

118.   To the extent Paragraph 118 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 118, except admits that Tina Zheng served as a director of Golden Meditech and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118 that relate to persons or entities other than Golden Meditech.

119.   To the extent Paragraph 119 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119.

120.    To the extent Paragraph 120 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120.

121.    To the extent Paragraph 121 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121.

122.    To the extent Paragraph 122 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122.

123.    To the extent Paragraph 123 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123.

124.    To the extent Paragraph 124 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124.

125. To the extent Paragraph 125 refers to a Judgment, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125.

126. Golden Meditech neither admits nor denies the allegations in Paragraph 126 to the extent they purport to state conclusions of law to which no response is required. To the extent a response is required, Golden Meditech denies the allegations in Paragraph 126, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126 that are related to persons or entities other than Golden Meditech.

127. Golden Meditech denies the allegations in Paragraph 127, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127 that are related to persons or entities other than Golden Meditech.

128. Because the first sentence of Paragraph 128 does not purport to state any factual allegations, no response is required. As to the remainder of the allegations in Paragraph 128, Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128, except to the extent Paragraph 128 refers to a press release and Form 6-K dated June 18, 2019, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents.

129. To the extent Paragraph 129 refers to a press release and Form 6-K dated June 18, 2019, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129.

130.    To the extent Paragraph 130 refers to statements during a June 19, 2019 conference call, Golden Meditech refers the Court to those statements for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130.

131.    Golden Meditech neither admits nor denies the allegations in Paragraph 131 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 131, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 131 that are related to persons or entities other than Golden Meditech.

132.    To the extent Paragraph 132 refers to a Form 20-F filed on July 23, 2019, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132.

133.    To the extent Paragraph 133 refers to a Form 20-F, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133.

134.    Golden Meditech neither admits nor denies the allegations in Paragraph 134 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 134, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134 that are related to persons or entities other than Golden Meditech.

135.    To the extent Paragraph 135 refers to a Form 20-F, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.  Golden Meditech otherwise denies the allegations in Paragraph 135, except admits that Golden Meditech's indirect interest in GCBC was transferred to Blue Ocean in 2018, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 135 that are related to persons or entities other than Golden Meditech.

136.    To the extent Paragraph 136 refers to a Form 20-F, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136.

137.    Golden Meditech neither admits nor denies the allegations in Paragraph 137 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 137, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 137 that are related to persons or entities other than Golden Meditech.

138.    To the extent Paragraph 138 refers to a Form 20-F and certain exhibits, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138.

139.    Golden Meditech neither admits nor denies the allegations in Paragraph 139 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 139, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139 that are related to persons or entities other than Golden Meditech.

140.    To the extent Paragraph 140 refers to a Form 20-F filed on July 29, 2020, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140.

141.    To the extent Paragraph 141 refers to a Form 20-F, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 141.

142.    Golden Meditech neither admits nor denies the allegations in Paragraph 142 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 142, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142 that are related to persons or entities other than Golden Meditech.

143.    To the extent Paragraph 143 refers to a Form 20-F, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents.  Golden Meditech otherwise denies the allegations in Paragraph 143, except admits that Golden Meditech's indirect interest in GCBC was transferred to Blue Ocean in 2018, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143 that are related to persons or entities other than Golden Meditech.

144.    To the extent Paragraph 144 refers to a Form 20-F, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144.

145.    Golden Meditech neither admits nor denies the allegations in Paragraph 145 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 145, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 145 that are related to persons or entities other than Golden Meditech.

146.    To the extent Paragraph 146 refers to a Form 20-F and certain exhibits, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146.

147.    Golden Meditech neither admits nor denies the allegations in Paragraph 147 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 147, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 147 that are related to persons or entities other than Golden Meditech.

148.    To the extent Paragraph 148 refers to a Form 20-F filed on July 29, 2021, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148.

149.    To the extent Paragraph 149 refers to a Form 20-F, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149.

150.    Golden Meditech neither admits nor denies the allegations in Paragraph 150 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 150, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 150 that are related to persons or entities other than Golden Meditech.

151.    To the extent Paragraph 151 refers to a Form 20-F, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 151.

152.    Golden Meditech neither admits nor denies the allegations in Paragraph 152 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 152, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152 that are related to persons or entities other than Golden Meditech.

153.    To the extent Paragraph 153 refers to a Form 20-F and certain exhibits, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 153.

154.    Golden Meditech neither admits nor denies the allegations in Paragraph 154 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 154, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 154 that are related to persons or entities other than Golden Meditech.

155.    To the extent Paragraph 155 refers to a press release and Form 6-K dated February 28, 2022, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 155.

156.    To the extent Paragraph 156 refers to a Form 6-K and press release, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their content, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156.

157.    Golden Meditech neither admits nor denies the allegations in Paragraph 157 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 157, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 157 that are related to persons or entities other than Golden Meditech.

158.    To the extent Paragraph 158 refers to a press release and Form 6-K dated April 29, 2022, Golden Meditech respectfully refers the Court to those documents for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158.

159.    To the extent Paragraph 159 refers to a Form 6-K, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 159.

160.    To the extent Paragraph 160 refers to a press release, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160.

161.    To the extent Paragraph 161 refers to a press release, Golden Meditech respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161.

162.    Golden Meditech neither admits nor denies the allegations in Paragraph 162 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 162, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 that are related to persons or entities other than Golden Meditech.

163.    Golden Meditech neither admits nor denies the allegations in Paragraph 163 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 163, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 that are related to persons or entities other than Golden Meditech.

164.    Golden Meditech neither admits nor denies the allegations in Paragraph 164 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 164, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164 that are related to persons or entities other than Golden Meditech.

165.    Paragraph 165 is a characterization of the action to which no response is required. To the extent a response is required, Golden Meditech denies the allegations in Paragraph 165.

166.    Golden Meditech neither admits nor denies the allegations in Paragraph 166 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166.

167.    Golden Meditech neither admits nor denies the allegations in Paragraph 167 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167.

168.    Golden Meditech neither admits nor denies the allegations in Paragraph 168 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 168.

169.    Golden Meditech neither admits nor denies the allegations in Paragraph 169 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 169, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 that relate to persons or entities other than Golden Meditech.

170.    Golden Meditech neither admits nor denies the allegations in Paragraph 170 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in Paragraph 170, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 170 that relate to persons or entities other than Golden Meditech.

171.    Golden Meditech neither admits nor denies the allegations in Paragraph 171 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in paragraph 171.

172.    Golden Meditech neither admits nor denies the allegations in Paragraph 172 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in paragraph 172, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 172 that are related to persons or entities other than Golden Meditech.

173.    Golden Meditech neither admits nor denies the allegations in Paragraph 173 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in paragraph 173, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 173 that are related to persons or entities other than Golden Meditech.

174.    Golden Meditech neither admits nor denies the allegations in Paragraph 174 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in paragraph 174, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174 that are related to persons or entities other than Golden Meditech.

175.    Golden Meditech neither admits nor denies the allegations in Paragraph 175 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in paragraph 175, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175 that are related to persons or entities other than Golden Meditech.

176.    Golden Meditech neither admits nor denies the allegations in Paragraph 176 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in paragraph 176, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 176 that are related to persons or entities other than Golden Meditech.

177.    Golden Meditech neither admits nor denies the allegations in Paragraph 177 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in paragraph 177, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177 that are related to persons or entities other than Golden Meditech.

178.    Golden Meditech responds to Paragraph 178 by incorporating its responses to the preceding paragraphs.

179.    Golden Meditech neither admits nor denies the allegations in Paragraph 179 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in paragraph 179, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 179 that are related to persons or entities other than Golden Meditech.

180.    Golden Meditech neither admits nor denies the allegations in Paragraph 180 to the extent they purport to state conclusions of law to which no response is required.  To the extent a response is required, Golden Meditech denies the allegations in paragraph 180, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 180 that are related to persons or entities other than Golden Meditech.

181.    Golden Meditech responds to Paragraph 181 by incorporating its responses to the preceding paragraphs.  Golden Meditech neither admits nor denies the allegations in Paragraph 181 because they relate to a claim not asserted against Golden Meditech.

182.    Golden Meditech neither admits nor denies the allegations in Paragraph 182 because they relate to a claim not asserted against Golden Meditech, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 182.

183.    Golden Meditech neither admits nor denies the allegations in Paragraph 183 because they relate to a claim not asserted against Golden Meditech, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183.

184.    Golden Meditech responds to Paragraph 184 by incorporating its responses to the preceding paragraphs.

185.    Golden Meditech neither admits nor denies the allegations in Paragraph 185 because they relate to a claim the Court has dismissed to the extent the claim is asserted against Golden Meditech, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 185 that are related to persons or entities other than Golden Meditech.

186.    Golden Meditech neither admits nor denies the allegations in Paragraph 186 because they relate to a claim the Court has dismissed to the extent the claim is asserted against Golden Meditech, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 186 that are related to persons or entities other than Golden Meditech.

187.    Golden Meditech neither admits nor denies the allegations in Paragraph 187 because they relate to a claim the Court has dismissed to the extent the claim is asserted against Golden Meditech, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 187 that are related to persons or entities other than Golden Meditech.

188.    Golden Meditech neither admits nor denies the allegations in Paragraph 188 because they relate to a claim the Court has dismissed to the extent the claim is asserted against Golden Meditech, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 188 that are related to persons or entities other than Golden Meditech.

189.    Golden Meditech neither admits nor denies the allegations in Paragraph 189 because they relate to a claim the Court has dismissed to the extent the claim is asserted against Golden Meditech, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 189 that are related to persons or entities other than Golden Meditech.

## PRAYER FOR RELIEF

Golden Meditech denies the Prayer for Relief or that Plaintiffs are entitled to any relief.

## JURY TRIAL DEMAND

Golden Meditech admits that Plaintiffs demand a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Golden Meditech asserts the following defenses, incorporates by reference the affirmative and other defenses of any other defendant in this case to the extent applicable to it, and reserves the right to assert other defenses or claims when and if they become appropriate and/or available in this Action, and hereby reserves all rights to amend and/or supplement any and all defenses set forth herein.  Golden Meditech does not assume the burden to prove any element of any of these defenses where the law does not so require.

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

If the Plaintiffs or other purported class members sustained any damages alleged in the Amended Complaint, such damages were as a result of the culpable conduct of others, including but not limited to, Blue Ocean or persons or entities affiliated with it.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole, or in part, because Golden Meditech did not make any statements that were false or misleading when made, including, among other reasons, for the reasons stated in Defendants' motions to dismiss, for example ECF Nos. 126, 128, and 131.

### FOURTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, because any alleged misrepresentations or omissions were not material as a matter of law.

**FIFTH DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because Golden Meditech did not omit or fail to state any material facts that were necessary in order to make any statement made by the Defendants not false or misleading.

**SIXTH DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because Golden Meditech had no duty to disclose any allegedly omitted information.

**SEVENTH DEFENSE**

The Amended Complaint fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), including, among other reasons, for the reasons stated in Defendants' motions to dismiss, for example ECF Nos. 126, 128, and 131.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because certain statements challenged by the Amended Complaint were matters of opinion that, at the time those statements were made, were genuinely believed by the speaker, did not contain embedded statements of untrue facts, nor did they omit to state a material fact necessary to make the statements therein not misleading.

**NINTH DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because the statements complained of were, at the time of their utterance, made in good faith and upon reliance on what the speakers believed was true at the time such statements were uttered.

**TENTH DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because certain statements challenged by the Amended Complaint are puffery on which no reasonable investor would have relied.

**ELEVENTH DEFENSE**

Golden Meditech is not liable because certain alleged misstatements were forward-looking statements, were identified as such, and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements. Accordingly, such alleged misstatements are non-actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5(c)(1)(A), and the bespeaks caution doctrine.

**TWELFTH DEFENSE**

Golden Meditech is not liable because certain alleged misstatements are not actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78(u)-5(c)(1)(B), because: (a) the statements were forward-looking and the person making the statement did not have actual knowledge that the statements were false or misleading, or (b) the statements were made or approved by an executive officer of a Defendant who did not have actual knowledge that the statements were false or misleading.

43

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because Plaintiffs have not adequately alleged that Golden Meditech possessed the requisite scienter at the time each alleged false or misleading statement or omission was made, including, among other reasons, for the reasons stated in Defendants' motions to dismiss, for example ECF Nos. 126, 128, and 131, and including because Golden Meditech did not intentionally or recklessly make any misleading statement or misleading, actionable omission.  At all times, and with respect to all matters contained herein, Golden Meditech acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the Amended Complaint.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because the Court lacks personal jurisdiction over Golden Meditech, including, among other reasons, for the reasons stated in Golden Meditech's motion to dismiss, at ECF No. 126.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because Golden Meditech disclosed certain information that Plaintiffs allege was omitted.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because the substance of the information that Plaintiff alleges to have been misrepresented or omitted was in fact disclosed in public filings, or was publicly available or widely known to the investing community and/or otherwise known to Plaintiffs.

44

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, because Plaintiffs and other purported class members did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the Amended Complaint.

## EIGHTEENTH DEFENSE

Golden Meditech is not liable because it did not breach any duties owed to Plaintiffs or other purported class members.

## NINETEENTH DEFENSE

Golden Meditech is not liable because it did not engage in acts, practices, or a course of business that operated as a fraud or deceit upon Plaintiffs or other purported class members in connection with Plaintiffs' or other purported class members' purchases of securities.

## TWENTIETH DEFENSE

Golden Meditech is not liable for any alleged false or misleading statements or omissions of material fact that were made by others, because Golden Meditech did not make those statements.

## TWENTY-FIRST DEFENSE

Golden Meditech is not liable because Plaintiffs and other purported class members knew or should have known of the allegedly omitted or misstated information.

## TWENTY-SECOND DEFENSE

Golden Meditech is not liable because the Amended Complaint fails to adequately plead loss causation, and, in fact, Plaintiffs cannot prove loss causation, including, among other reasons, for the reasons stated in Defendants' motions to dismiss, for example ECF Nos. 126, 128, and 131.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole, or in part, because Plaintiffs have not alleged injuries that were proximately caused by any alleged misrepresentation or omission.

## TWENTY-FOURTH DEFENSE

Golden Meditech is not liable because the alleged misrepresentations and omissions in the Amended Complaint did not affect the market price of GCBC securities.

## TWENTY-FIFTH DEFENSE

Golden Meditech is not liable because any decline in value of the securities of which Plaintiffs complain was caused by external market factors.

## TWENTY-SIXTH DEFENSE

The damages for which Plaintiffs claim Golden Meditech is responsible arise from a decline in share price that was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by Golden Meditech and were otherwise caused or contributed to by (a) persons or entities for whom Golden Meditech is not responsible and for whom Golden Meditech is not liable or (b) factors other than any alleged misrepresentations or omissions for which the Defendants are alleged to be responsible.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, because the injuries Plaintiffs or other purported class members sustained, if any, were caused by the actions or inactions of parties other than Golden Meditech, actions or inactions by parties outside the control of Golden Meditech, or economic events that were, likewise, outside the control of Golden Meditech. These actions, inactions, and events were intervening or superseding causes of Plaintiffs' and other purported class members' alleged damages.

46

## TWENTY-EIGHTH DEFENSE

Plaintiffs lack standing to assert some or all of their claims, including to the extent that Plaintiffs did not own shares in GCBC during the purported Class Period, or sold shares prior to any alleged corrective disclosure.

## TWENTY-NINTH DEFENSE

This case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## THIRTIETH DEFENSE

Golden Meditech is entitled to recover contribution and/or indemnification from others for any liability it incurs and reserves the right to do so at the appropriate time.

## THIRTY-FIRST DEFENSE

Plaintiffs and other purported class members have not suffered any loss, damage, or injury as a result of the conduct alleged in the Amended Complaint.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the principles of waiver and/or estoppel and by the doctrine of unclean hands, *in pari delicto*, and/or other related equitable doctrines.

## THIRTY-THIRD DEFENSE

Any claim by Plaintiffs for pre-judgment interest should be dismissed because the amount of damages (if any) was not readily ascertainable at the time Plaintiffs' lawsuit was commenced.

## THIRTY-FOURTH DEFENSE

The purported claims against Golden Meditech and the allegations upon which they are based are improperly vague, ambiguous, and confusing.  Defendants reserve the right to request a more definite statement.

47

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, because Golden Meditech did not make any statements that were false or misleading when made, including, among other reasons, for the reasons stated in Defendants' motions to dismiss, for example ECF Nos. 126, 128, and 131.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, because the claimed injury and damages were not actually or proximately caused by Golden Meditech, including, among other reasons, for the reasons stated in Defendants' motions to dismiss, for example ECF Nos. 126, 128 and 131.

## THIRTY-SEVENTH DEFENSE

Because the claimed injury and damages flow from consequences which Plaintiffs and other purported class members could have reasonably avoided, Plaintiffs' claims are barred in whole, or in part, by their failure to mitigate.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the applicable statute of limitations, including, among other reasons, for the reasons stated in Defendants' motions to dismiss, for example ECF Nos. 121, 126, and 133.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, for insufficient service of process and failure to timely serve, including, among other reasons, for the reasons stated in Defendants' motions to dismiss, for example ECF Nos. 121, 126, and 133.

## FORTIETH DEFENSE

Plaintiffs' claims are barred in whole, or in part, because Defendants reasonably relied on professionals, third-party advisors, and legal counsel in preparing and presenting the statements at issue.

## FORTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole, or in part, to the extent any Plaintiff had actual or constructive knowledge of the alleged misstatements or omissions, or the purported scheme.

## FORTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole, or in part, because the alleged conduct of Golden Meditech did not impact the price of GCBC's stock, including but not limited to because it did not trade on an efficient market.

## FORTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole, or in part, because Plaintiffs assumed the risks disclosed in GCBC's public statements, and any losses were caused by materialization of some or all of those risks.

## FORTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, to the extent that the damages Plaintiffs seek are in excess of those permitted by relevant law.

## FORTY-FIFTH DEFENSE

Any liability of Golden Meditech must be reduced or eliminated under the doctrines of comparative responsibility, contribution, setoff, and/or indemnity.

**FORTY-SIXTH DEFENSE**

Plaintiffs' claims rely in part on allegations in foreign proceedings, to which Golden Meditech is not a party and which are non-final, non-binding, and have no preclusive effect in this action.

## PRAYER FOR RELIEF

Golden Meditech therefore prays that the Court (a) dismiss the action with prejudice; (b) deny Plaintiffs the relief sought in the Amended Complaint; (c) order that Plaintiffs take nothing and that judgment be entered in favor of Golden Meditech and against Plaintiffs with respect to all causes of action in the Complaint; (d) award Golden Meditech costs and expenses incurred as a result of having to defend this action; and (e) grant Golden Meditech such other relief as the Court may deem just and proper.

## JURY DEMAND

Golden Meditech demands a trial by jury on all issues so triable in this action.

Dated: April 17, 2026  
New York, New York

KOBRE & KIM LLP

By: */s/ Steven W. Perlstein*  
Jay Y. Mandel  
Steven W. Perlstein  
Robin J. Baik (admitted *pro hac vice*)  
800 Third Avenue  
New York, NY 10022  
Tel: (212) 488-1200  
jay.mandel@kobrekim.com  
steven.perlstein@kobrekim.com  
robin.baik@kobrekim.com

*Attorneys for Defendant*  
*Golden Meditech Holdings Limited*

51